Frank E. Scherkenbach (CA #142549/scherkenbach@fr.com)
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, Massachusetts 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Howard G. Pollack (CA #162897/pollack@fr.com)
Michael R. Headley (CA #230339/headley@fr.com)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, California 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Plaintiff
POWER INTEGRATIONS, INC.

ORIGINAL FILED

NOV - 4 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

EMC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CV 09 5235

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation, | Case No. |
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | **DEMAND FOR JURY TRIAL** |
| FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation, and SYSTEM GENERAL CORPORATION, a Taiwanese corporation, | |
| Defendants. | |

Plaintiff Power Integrations, Inc. hereby alleges as follows:

## THE PARTIES

1. Power Integrations, Inc. ("Power Integrations") is incorporated under the laws of the state of Delaware, and has a regular and established place of business at 5245 Hellyer Avenue, San Jose, California 95138.

2. Upon information and belief, defendant Fairchild Semiconductor International, Inc. is incorporated under the laws of the state of Delaware, with its headquarters located at 82 Running Hill Road, South Portland, Maine, 04106.

3. Upon information and belief, defendant Fairchild Semiconductor Corporation is incorporated under the laws of the state of Delaware, with its headquarters located at 82 Running Hill Road, South Portland, Maine, 04106.

4. Upon information and belief, defendant System General Corporation (hereinafter "SG") is incorporated under the laws of Taiwan, with its headquarters located at 5F, No. 9, Alley 6, Lane 45 Bao Shing Road, Shin Dian, Taipei, Taiwan. Upon information and belief, SG is a wholly owned subsidiary of Fairchild Semiconductor Corporation.

5. Defendant Fairchild Semiconductor International, Inc., defendant Fairchild Semiconductor Corporation, and defendant SG will hereinafter be collectively referred to as "Defendants."

## JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, Title 35 U.S.C. § 1 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. Upon information and belief, this Court has personal jurisdiction over Defendants because Defendants have purposely availed themselves of the privilege of conducting activities within this State and judicial District.

8. Upon information and belief, venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400 because the Defendants are subject to personal jurisdiction in this judicial District.

## GENERAL ALLEGATIONS

9. Power Integrations' products include its TOPSwitch®, TinySwitch®, LinkSwitch®, and DPA-Switch families of power conversion integrated circuit devices, which are used in power supplies for electronic devices such as cellular telephones, LCD monitors, and computers. These products are sold throughout the United States, including California.

10. Defendants manufacture power supply controller integrated circuit devices (e.g., devices intended for use in power conversion applications such as LCD monitor power supplies, off-line power supplies or battery chargers for portable electronics), and directly, and through their affiliates, make, use, import, sell, and offer to sell the same throughout the United States, including California. Defendants also support and encourage others to import, use, offer for sale, and sell throughout the United States, including California, products incorporating Defendants' integrated circuit devices.

## FIRST CAUSE OF ACTION

## INFRINGEMENT OF U.S. PATENT NO. 6,351,398

11. The allegations of paragraphs 1-10 are incorporated for this First Cause of Action as though fully set forth herein.

12. Power Integrations is now, and has been since its issuance, the assignee and sole owner of all right, title, and interest in United States Patent No. 6,351,398, entitled "Method and Apparatus Providing a Multi-Function Terminal for a Power Supply Controller" ("the '398 patent"), which was duly and legally issued on February 26, 2002. A true and correct copy of the '398 patent is attached hereto as Exhibit A.

13. On June 28, 2004, Power Integrations filed a complaint for patent infringement against SG in this District because SG was infringing several Power Integrations patents, including the '398 patent. Thereafter, Power Integrations filed a similar complaint for patent infringement with the U.S. International Trade Commission ("ITC") in an effort to obtain expedited relief to prevent continued infringement through importation of the infringing products into the United States. The District Court case was stayed pending the proceedings in the ITC. The ITC instituted an investigation, and a hearing was held before an Administrative Law Judge ("ALJ"), who found

3

all asserted claims of the '398 patent to be valid and infringed and recommended an exclusion order against the infringing SG products. On August 11, 2006, the ITC issued an exclusion order against the infringing SG chips. SG appealed the ITC decision, but the Federal Circuit affirmed the ITC's findings in all respects.

14. After the findings that SG infringed the '398 patent and that the '398 patent was valid in the ITC trial and the issuance of the exclusion order, Fairchild purchased SG. Prior to its purchase of SG, Fairchild was itself also found to have infringed certain other of Power Integrations' patents in a proceeding in the U.S. District Court for the District of Delaware. Like the ITC and the Federal Circuit, the Delaware Jury and Court both rejected Fairchild's challenges to the validity of these other Power Integrations patents as well.

15. Since the acquisition of SG, SG has operated as a wholly-owned subsidiary of Fairchild, and Defendants have continued to sell SG chips and to introduce new chips based on the SG architecture.

16. During the parties' prior litigation, SG initiated multiple challenges to the validity of the '398 patent via filing two separate requests for *ex parte* reexamination before the United States Patent and Trademark Office ("USPTO"), raising a number of allegations of invalidity. On July 28, 2009, the USPTO issued Reexamination Certificate No. 6,351,398 C1, confirming the patentability of claims 1-23 of the '398 patent. A true and correct copy of the '398 Reexamination Certificate is attached hereto as Exhibit B.

17. After the USPTO confirmed the validity of claims in all of the patents previously asserted against SG, Power Integrations contacted Defendants regarding their continued infringement in a letter dated August 10, 2009. Despite the USPTO's confirmation of the validity of the '398 patent and Power Integrations' prior success in proving infringement and validity in the ITC proceeding and on appeal, Defendants have refused to agree to stop infringing Power Integrations' patents.

18. Defendants have been and are now infringing, inducing infringement, and contributing to the infringement of the '398 patent in this District and elsewhere by making, using, selling, offering to sell, and/or importing devices, including power supply controller integrated

4

x

circuit devices, covered by one or more claims of the '398 patent, and/or contributing to or inducing the same by third-parties, all to the injury of Power Integrations. In particular, Defendants' power supply controller products that include what Defendants characterize as providing "Constant Output Power Limit" functionality by sensing line voltage variations through sensing current at an input pin of the controller infringe Power Integrations' '398 patent.

19. Defendants' acts of infringement have injured and damaged Power Integrations.

20. Defendants' acts of infringement have been, and continue to be, willful so as to warrant the enhancement of damages awarded as a result of their infringement. In particular, despite Power Integrations' prior notice of infringement as early as 2004, despite the prior determinations of infringement and validity by the ITC and the subsequent affirmance of those determinations by the Court of Appeals for the Federal Circuit, despite the '398 patent emerging from reexamination, and despite Power Integrations' renewed notice to Defendants of their infringement, Defendants have failed to commit to ceasing all infringement of the '398 patent.

21. Defendants' infringement has caused irreparable injury to Power Integrations and will continue to cause irreparable injury until Defendants are enjoined from further infringement by this Court.

## SECOND CAUSE OF ACTION

**INFRINGEMENT OF U.S. PATENT NO. 6,538,908**

22. The allegations of paragraphs 1-10 are incorporated for this Second Cause of Action as though fully set forth herein.

23. Power Integrations is now, and has been since its issuance, the assignee and sole owner of all right, title, and interest in United States Patent No. 6,538,908, entitled "Method and Apparatus Providing a Multi-Function Terminal for a Power Supply Controller" ("the '908 patent"), which was duly and legally issued on March 25, 2003. A true and correct copy of the '908 patent is attached hereto as Exhibit C.

24. On June 28, 2004, Power Integrations filed a complaint for patent infringement against SG in this District because SG was infringing several Power Integrations patents, including the '908 patent. Thereafter, Power Integrations filed a similar complaint for patent infringement

with the U.S. International Trade Commission ("ITC") in an effort to obtain expedited relief to prevent continued infringement through importation of the infringing products into the United States. The District Court case was stayed pending the proceedings in the ITC. The ITC instituted an investigation, and a hearing was held before an Administrative Law Judge ("ALJ"), who found all asserted claims of the '908 patent to be valid and infringed and recommended an exclusion order against the infringing SG products. On August 11, 2006, the ITC issued an exclusion order against the infringing SG chips. SG appealed the ITC decision, but the Federal Circuit affirmed the ITC's findings in all respects.

25. After the findings that SG infringed the '908 patent and that the '908 patent was valid in the ITC trial and the issuance of the exclusion order, Fairchild purchased SG. Prior to its purchase of SG, Fairchild was itself also found to have infringed certain other of Power Integrations patents in a proceeding in the U.S. District Court for the District of Delaware. Like the ITC and the Federal Circuit, the Delaware Jury and Court both rejected Fairchild's challenges to the validity of these other Power Integrations patents as well.

26. Since the acquisition of SG, SG has operated as a wholly-owned subsidiary of Fairchild, and Defendants have continued to sell SG chips and to introduce new chips based on the SG architecture.

27. During the parties' prior litigation, SG initiated multiple challenges to the validity of the '908 patent via filing two separate requests for *ex parte* reexamination before the USPTO, raising a number of allegations of invalidity. On April 14, 2009, the USPTO issued Reexamination Certificate No. 6,538,908 C1, confirming the patentability of claims 1-10 and 19-34 of the '908. A true and correct copy of the '908 Reexamination Certificate is attached hereto as Exhibit D.

28. After the USPTO confirmed the validity of claims in all of the patents previously asserted against SG, Power Integrations contacted Defendants regarding their continued infringement in a letter dated August 10, 2009. Despite the USPTO's confirmation of the validity of the '908 patent and Power Integrations' prior success in proving infringement and validity in the ITC proceeding and on appeal, Defendants have refused to agree to stop infringing Power Integrations' patents.

29. Defendants have been and are now infringing, inducing infringement, and contributing to the infringement of the '908 patent in this District and elsewhere by making, using, selling, offering to sell devices, and/or importing devices, including power supply controller integrated circuit devices, covered by one or more claims of the '908 patent, and/or contributing to or inducing the same by third-parties, all to the injury of Power Integrations. In particular, Defendants' power supply controller products that include what Defendants characterize as providing "Constant Output Power Limit" functionality by sensing line voltage variations through sensing current at an input pin of the controller (for example, the "$V_{IN}$ pin"), and further providing additional functions from that same pin, infringe Power Integrations' '908 patent.

30. Defendants' acts of infringement have injured and damaged Power Integrations.

31. Defendants' acts of infringement have been, and continue to be, willful so as to warrant the enhancement of damages awarded as a result of their infringement. In particular, despite Power Integrations' prior notice of infringement as early as 2004, despite the prior determinations of infringement and validity by the ITC and the subsequent affirmance of those determinations by the Court of Appeals for the Federal Circuit, despite the '908 patent emerging from reexamination, and despite Power Integrations' renewed notice to Defendants of their infringement, Defendants have failed to commit to ceasing all infringement of the '908 patent.

32. Defendants' infringement has caused irreparable injury to Power Integrations and will continue to cause irreparable injury until Defendants are enjoined from further infringement by this Court.

## THIRD CAUSE OF ACTION

## INFRINGEMENT OF U.S. PATENT NO. 6,212,079

33. The allegations of paragraphs 1-10 are incorporated for this Third Cause of Action as though fully set forth herein.

34. Power Integrations is now, and has been since its issuance, the assignee and sole owner of all right, title, and interest in United States Patent No. 6,212,079, entitled "Method and Apparatus for Improving Efficiency in a Switching Regulator at Light Loads" ("the '079 patent"),

7

which was duly and legally issued on April 3, 2001. A true and correct copy of the '079 patent is attached hereto as Exhibit E.

35. On June 28, 2004, Power Integrations filed a complaint for patent infringement against SG in this District because SG was infringing several Power Integrations patents, including the '079 patent. Thereafter, Power Integrations filed a similar complaint for patent infringement with the U.S. International Trade Commission ("ITC") in an effort to obtain expedited relief to prevent continued infringement through importation of the infringing products into the United States. The District Court case was stayed pending the proceedings in the ITC. Though Power Integrations had initially asserted the '079 patent in the ITC, it voluntarily narrowed its assertion of patents and claims in such a way that it proceeded to a hearing on the '398 and '908 patents, as discussed above. The ITC hearing was held before an Administrative Law Judge ("ALJ"), and the ALJ found all remaining asserted claims valid and infringed, and recommended an exclusion order against the infringing SG products. On August 11, 2006, the ITC issued an exclusion order against the infringing SG chips. SG appealed the ITC decision, but the Federal Circuit affirmed the ITC's findings in all respects. Thereafter, with the exclusion order in place, the parties voluntarily agreed to dismiss the District Court case, but their agreement explicitly recognized that Power Integrations could re-file the complaint again.

36. After the ITC trial and the issuance of the exclusion order, Fairchild purchased SG. Prior to its purchase of SG, Fairchild was itself also found to have infringed certain other of Power Integrations patents in a proceeding in the U.S. District Court for the District of Delaware. Like the ITC and the Federal Circuit, the Delaware Jury and Court both rejected Fairchild's challenges to the validity of these other Power Integrations patents as well.

37. Since the acquisition of SG, SG has operated as a wholly-owned subsidiary of Fairchild, and Defendants have continued to sell SG chips and to introduce new chips based on the SG architecture.

38. During the parties' prior litigation, SG initiated multiple challenges to the validity of the '079 patent via filing two separate requests for *ex parte* reexamination before the USPTO, raising a number of allegations of invalidity. On May 5, 2009, the USPTO issued Reexamination

8

1 Certificate No. 6,212,079 C1, confirming the patentability of many of the claims of the '079 patent
2 over SG's challenges. A true and correct copy of the '079 Reexamination Certificate is attached
3 hereto as Exhibit F.

4     39. After the USPTO confirmed the validity of claims in all of the patents previously
5 asserted against SG, Power Integrations contacted Defendants regarding their continued
6 infringement in a letter dated August 10, 2009. Despite the USPTO's confirmation of the validity
7 of the '079 patent, Defendants have refused to agree to stop infringing the '079 patent.

8     40. Defendants have been and are now infringing, inducing infringement, and
9 contributing to the infringement of the '079 patent in this District and elsewhere by making, using,
10 selling, offering to sell, and/or importing devices, including power supply controller integrated
11 circuit devices, covered by one or more claims of the reexamined '079 patent, and/or contributing to
12 or inducing the same by third-parties, all to the injury of Power Integrations. In particular,
13 Defendants' power supply controller products that include what Defendants characterize as "Green-
14 Mode" functionality, or other substantially similar functionality, infringe Power Integrations' '079
15 patent.

16     41. Defendants' acts of infringement have injured and damaged Power Integrations.

17     42. Defendants' acts of infringement have been, and continue to be, willful so as to
18 warrant the enhancement of damages awarded as a result of their infringement. In particular,
19 despite Power Integrations' prior notice of the infringement as early as 2004, despite the '079 patent
20 emerging from reexamination, and despite Power Integrations' renewed notice to Defendants of
21 their infringement, Defendants have continued to infringe the '079 patent and have failed to commit
22 to ceasing all infringement of the '079 patent.

23     43. Defendants' infringement has caused irreparable injury to Power Integrations and
24 will continue to cause irreparable injury until Defendants are enjoined from further infringement by
25 this Court.

26 <center>**PRAYER FOR RELIEF**</center>

27 WHEREFORE, Plaintiff requests the following relief:

28     (a) judgment that Defendants infringe the '398 patent and that the patent is valid;

(b) judgment that Defendants infringe the '908 patent and that the patent is valid;

(c) judgment that Defendants infringe the '079 patent and that the patent is valid;

(d) a permanent injunction preventing Defendants and their officers, directors, agents, servants, employees, attorneys, licensees, successors, assigns, and customers, and those in active concert or participation with any of them, from making, using, offering to sell, or selling in the United States or importing into the United States any devices that infringe any claim of the '398, '908, or '079 patents, or contributing to or inducing the same by others;

(e) judgment against Defendants for money damages sufficient to compensate Power Integrations for Defendants' infringement of the '398, '908, and '079 patents in an amount to be determined at trial;

(f) that such money judgment be trebled as a result of the willful nature of Defendants' infringement;

(g) an accounting for infringing sales not presented at trial and an award by the Court of additional damages for any such infringing sales;

(h) costs and reasonable attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285; and

(i) such other and further relief as the Court finds just and proper.

A JURY TRIAL IS DEMANDED BY PLAINTIFF.

Dated: November 4, 2009

FISH & RICHARDSON P.C.

By: _____
Howard G. Pollack

Attorneys for Plaintiff
POWER INTEGRATIONS, INC.

50681883.doc