G. HOPKINS GUY, III (SBN 124811)
hopguy@orrick.com
VICKIE L. FEEMAN (SBN 177487)
vfeeman@orrick.com
BAS DE BLANK (SBN 191487)
basdeblank@orrick.com
BRIAN H. VANDERZANDEN (SBN 233134)
bvanderzanden@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone:      (650) 614-7400
Facsimile:       (650) 614-7401

Attorneys for Defendants
FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC.,
FAIRCHILD SEMICONDUCTOR CORPORATION AND
SYSTEM GENERAL CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware Corporation, and SYSTEM GENERAL CORPORATION, a Taiwanese corporation,<br><br>Defendants. | Case No.  C-09-5235 JW (PVT)<br><br>**DEFENDANTS FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., FAIRCHILD SEMICONDUCTOR CORPORATION AND SYSTEM GENERAL CORPORATION'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT** |

Defendants Fairchild Semiconductor International, Inc., Fairchild Semiconductor Corporation, and System General Corporation (collectively "Defendants") answer the Complaint of Plaintiff Power Integrations, Inc. ("PI") as follows:

Defendants deny each and every allegation contained in the Complaint, except as hereinafter specifically admitted or explained. To the extent that the headings, or any other non-numbered statements in PI's Complaint contain any allegations, Defendants deny each and every allegation therein.

## THE PARTIES

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Paragraph 5 does not contain any factual allegations.

## JURISDICTION AND VENUE

6. In response to paragraph 6 of the Complaint, Defendants deny that they have infringed or now infringe any valid claims of the patents asserted against Defendants in the Complaint. Defendants admit that the Complaint purports to state a cause of action under the patent laws of the United States, Title 35 U.S.C. § 1 *et seq.* Defendants admit that the Complaint purports to state a cause of action over which this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. In response to paragraph 7 of the Complaint, Defendants do not dispute that this Court has personal jurisdiction over Defendants.

8. In response to paragraph 8 of the Complaint, Defendants admit, for the purpose of this action only, that venue is proper in this judicial district.

## GENERAL ALLEGATIONS

9. In response to paragraph 9 of the Complaint, Defendants lack sufficient knowledge or information to admit or deny the allegations set forth therein and therefore deny each and every allegation contained in paragraph 9.

10. In response to paragraph 10 of the Complaint, Defendants admit to manufacturing, offering to sell and selling certain integrated circuit devices in the United States. Defendants further admit that they import de minimus quantities of power supply controller integrated circuit devices into the United States. Defendants lack sufficient information to determine whether any of these devices are accused. Defendants deny any and all remaining allegations of paragraph 10.

## FIRST CAUSE OF ACTION

## INFRINGEMENT OF U.S. PATENT NO. 6,351,398

11. In response to paragraph 11 of the Complaint, Defendants reallege their answers as set forth in paragraphs 1-10 above as though fully set forth in this paragraph.

12. In response to paragraph 12 of the Complaint, Defendants admit that the title page of United States Patent No. 6,351,398 ("the '398 patent") states on its face that the patent was issued on February 26, 2002. Defendants admit that on its face the '398 patent is entitled "Method and Apparatus Providing a Multi-Function Terminal for a Power Supply Controller." Defendants admit that on its face the '398 patent lists "Power Integrations, Inc." as the assignee. Defendants admit that a copy of the '398 patent was attached to PI's Complaint as Exhibit A. Defendants deny any and all remaining allegations of paragraph 12.

13. In response to paragraph 13 of the Complaint, Defendants admit that PI filed a complaint for patent infringement against System General Corporation ("SG") in this District on June 28, 2004, asserting the '398 patent. Defendants admit that PI filed a complaint for patent infringement with the U.S. International Trade Commission ("ITC"), and that the District Court case was stayed pending the proceedings in the ITC. Defendants admit that the ITC instituted an investigation, that a hearing was held before the ALJ, and that the ALJ found the claims asserted at the hearing to be valid and infringed and recommended an exclusion order against a limited number of SG products. Defendants admit that on August 11, 2006, the ITC issued an exclusion order against that limited number of SG products. Defendants admit that SG appealed the ITC decision and that the Federal Circuit affirmed the ITC's findings. Defendants deny any and all remaining allegations of paragraph 13.

14. In response to paragraph 14 of the Complaint, Defendants admit that Fairchild purchased SG. Defendants admit that in a jury proceeding in the U.S. District Court for the District of Delaware, Fairchild was found to have infringed certain other of PI's patents, and that the Delaware Jury rejected Fairchild's challenges to the validity of these other patents. Defendants deny any and all remaining allegations of paragraph 14.

15. Admitted.

16. Admitted.

17. In response to paragraph 17 of the Complaint, Defendants admit that Defendants received a letter from PI dated August 10, 2009. Defendants deny any and all remaining allegations of paragraph 17.

18. In response to paragraph 18 of the Complaint, Defendants deny any and all allegations contained therein.

19. In response to paragraph 19 of the Complaint, Defendants deny any and all allegations contained therein.

20. In response to paragraph 20 of the Complaint, Defendants deny any and all allegations contained therein.

21. In response to paragraph 21 of the Complaint, Defendants deny any and all allegations contained therein.

## SECOND CAUSE OF ACTION

## INFRINGEMENT OF U.S. PATENT NO. 6,538,908

22. In response to paragraph 22 of the Complaint, Defendants reallege their answers as set forth in paragraphs 1-10 above as though fully set forth in this paragraph.

23. In response to paragraph 23 of the Complaint, Defendants admit that the title page of United States Patent No. 6,538,908 ("the '908 patent") states on its face that the patent was issued on March 25, 2003. Defendants admit that on its face the '908 patent is entitled "Method and Apparatus Providing a Multi-Function Terminal for a Power Supply Controller." Defendants admit that on its face the '908 patent lists "Power Integrations, Inc." as the assignee. Defendants

admit that a copy of the '908 patent was attached to PI's Complaint as Exhibit C. Defendants deny any and all remaining allegations of paragraph 23.

24. In response to paragraph 24 of the Complaint, Defendants admit that PI filed a complaint for patent infringement against SG in this District on June 28, 2004, asserting the '908 patent. Defendants admit that PI filed a complaint for patent infringement with the ITC, and that the District Court case was stayed pending the proceedings in the ITC. Defendants admit that the ITC instituted an investigation, that a hearing was held before the ALJ, and that the ALJ found the claims asserted at the hearing to be valid and infringed and recommended an exclusion order against a limited number of SG products. Defendants admit that on August 11, 2006, the ITC issued an exclusion order against a limited number of SG products. Defendants admit that SG appealed the ITC decision and that the Federal Circuit affirmed the ITC's findings. Defendants deny any and all remaining allegations of paragraph 24.

25. In response to paragraph 25 of the Complaint, Defendants admit that Fairchild purchased SG. Defendants admit that in a jury proceeding in the U.S. District Court for the District of Delaware, Fairchild was found to have infringed certain other of PI's patents, and that the Delaware Jury rejected Fairchild's challenges to the validity of these other patents. Defendants deny any and all remaining allegations of paragraph 25.

26. Admitted.

27. Admitted.

28. In response to paragraph 28 of the Complaint, Defendants admit that Defendants received a letter from PI dated August 10, 2009. Defendants deny any and all remaining allegations of paragraph 28.

29. In response to paragraph 29 of the Complaint, Defendants deny any and all allegations contained therein.

30. In response to paragraph 30 of the Complaint, Defendants deny any and all allegations contained therein.

31. In response to paragraph 31 of the Complaint, Defendants deny any and all allegations contained therein.

1    32.   In response to paragraph 32 of the Complaint, Defendants deny any and all allegations contained therein.

### THIRD CAUSE OF ACTION

### INFRINGEMENT OF U.S. PATENT NO. 6,212,079

33.   In response to paragraph 33 of the Complaint, Defendants reallege their answers as set forth in paragraphs 1-10 above as though fully set forth in this paragraph.

34.   In response to paragraph 34 of the Complaint, Defendants admit that the title page of United States Patent No. 6,212,079 ("the '079 patent") states on its face that the patent was issued on April 3, 2001. Defendants admit that on its face the '079 patent is entitled "Method and Apparatus for Improving Efficiency in a Switching Regulator at Light Loads." Defendants admit that on its face the '079 patent lists "Power Integrations, Inc." as the assignee. Defendants admit that a copy of the '079 patent was attached to PI's original Complaint as Exhibit E. Defendants deny any and all remaining allegations of paragraph 34.

35.   In response to paragraph 35 of the Complaint, Defendants admit that PI filed a complaint for patent infringement against SG in this District on June 28, 2004, asserting the '079 patent. Defendants admit that PI filed a complaint for patent infringement with the ITC, and that the District Court case was stayed pending the proceedings in the ITC. Defendants admit that the ITC hearing did not involve issues pertaining to the '079 patent. Defendants admit that the ITC instituted an investigation, that a hearing was held before the ALJ, and that the ALJ found the claims asserted at the hearing, which did not include claims of the '079 patent, to be valid and infringed and recommended an exclusion order against a limited number of SG products. Defendants admit that on August 11, 2006, the ITC issued an exclusion order against a limited number of SG products, however that order was not based on any claims of the '079 patent. Defendants admit that SG appealed the ITC decision and that the Federal Circuit affirmed the ITC's findings. Defendants admit that the parties agreed to dismiss the District Court case, and that the agreement required PI to re-file in this District. Defendants deny any and all remaining allegations of paragraph 35.

36. In response to paragraph 36 of the Complaint, Defendants admit that Fairchild purchased SG. Defendants admit that in a jury proceeding in the U.S. District Court for the District of Delaware, Fairchild was found to have infringed certain other of PI's patents, and that the Delaware Jury rejected Fairchild's challenges to the validity of these other patents. Defendants deny any and all remaining allegations of paragraph 36.

37. Admitted.

38. Admitted.

39. In response to paragraph 39 of the Complaint, Defendants admit that Defendants received a letter from PI dated August 10, 2009. Defendants deny any and all remaining allegations of paragraph 39.

40. In response to paragraph 40 of the Complaint, Defendants deny any and all allegations contained therein.

41. In response to paragraph 41 of the Complaint, Defendants deny any and all allegations contained therein.

42. In response to paragraph 42 of the Complaint, Defendants deny any and all allegations contained therein.

43. In response to paragraph 43 of the Complaint, Defendants deny any and all allegations contained therein.

**AFFIRMATIVE AND OTHER DEFENSES**

Further Answering the Complaint, Defendants assert the following defenses. Defendants reserve the right to amend its answer with additional defenses as further information is obtained.

**First Defense: Noninfringement of the Asserted Patents**

44. Defendants have not infringed and do not infringe, directly or indirectly, willfully or otherwise, any valid claim of the '398 patent, the '908 patent, or the '079 patent, and are not liable for infringement thereof.

45. Because no product made by Defendants or process used by Defendants infringes the '398 patent, the '908 patent, or the '079 patent, PI's Complaint fails to state a claim that meets the requirements of 35 U.S.C. § 271.

### Second Defense: Invalidity of the Asserted Patents

46. The '398 patent, the '908 patent, and the '079 patent are invalid for failing to comply with the provisions of the Patent Laws, Title 35 U.S.C, including without limitation 35 U.S.C §§ 102, 103, 112, 121, and/or under the doctrine of obviousness-type double patenting.

### Third Defense: Unavailability of Relief

47. PI has failed to plead and meet the requirements of 35 U.S.C. § 271(b) and (c) and is not entitled to any alleged damages from Defendants.

### Fourth Defense: Unavailability of Relief (Marking and Notice)

48. PI has failed to plead and meet the requirements of 35 U.S.C. § 287 on marking and notice, and has otherwise failed to show that it is entitled to any damages prior to the filing date of the Complaint.

### Fifth Defense: Limitation on Damages (Past Damages)

49. PI's claim for relief and prayer for damages are limited by 35 U.S.C. § 286.

### Sixth Defense: Limitation on Damages (Increased Damages and Attorney Fees)

50. PI has failed to plead and meet the requirements of 35 U.S.C. §§ 284 and 285 for increased damages and attorney fees and is not entitled to any such increased damages or attorney fees.

### Seventh Defense: Prosecution History Estoppel

51. PI is precluded under the doctrine of prosecution history estoppel from asserting any construction of any of the claims of the patents-in-suit that contradicts or is inconsistent with arguments made by PI during the prosecution and reexamination of the '398 patent, the '908 patent, the '079 patent and/or any related patents.

### Eighth Defense: Estoppel

52. PI's claims for relief are barred and unenforceable, in whole or in part, under the doctrine of estoppel.

### Ninth Defense: Laches

53. PI's claims for relief are barred and unenforceable, in whole or in part, under the doctrine of laches.

### Tenth Defense: Waiver

54. PI's claims for relief are barred and unenforceable, in whole or in part, under the doctrine of waiver.

### Eleventh Defense: Res Judicata

55. PI's claims are barred and unenforceable, in whole or in part, under the doctrine of res judicata.

### Twelth Defense: Unclean hands

56. PI's claims for relief are barred and unenforceable, in whole or in part, due to unclean hands.

## COUNTERCLAIMS

### THE PARTIES

1. Fairchild Semiconductor Corporation is a corporation duly incorporated under the laws of the State of Delaware, with its headquarters located at 82 Running Hill Road, South Portland, Maine, 04106.

2. System General Corporation ("SG") is a corporation duly incorporated under the laws of Taiwan, with its headquarters located at 5F, No. 9, Alley 6, Lane 45 Bao Shing Road, Shin Dian, Taipei, Taiwan.

3. SG is a wholly owned subsidiary of Fairchild Semiconductor Corporation.

4. Upon information and belief, defendant Power Integrations, Inc. ("PI") is incorporated under the laws of the state of Delaware, and has a regular and established place of business at 5245 Hellyer Avenue, San Jose, California, 95138.

### JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 U.S.C. § 1 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1338(a).

6. Upon information and belief, this Court has personal jurisdiction over PI because PI has purposely availed itself of the privilege of conducting activities within this State and District.

7. Upon information and belief, venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400 because PI is subject to personal jurisdiction in this judicial District.

### FIRST COUNTERCLAIM

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT

8. The allegations of paragraphs 1-7 of these Counterclaims are incorporated as though fully set forth herein.

9. PI purports to be the owner of the '398, '908, and '079 patents.

10. PI alleges that Defendants have infringed the '398 patent, the '908 patent, and the '079 patent.

11. Defendants do not make, use, import, sell or offer to sell in the United States any products that infringe the '398 patent, the '908 patent, or the '079 patent. Defendants also do not support or encourage others to import, use, offer for sale or sell in the United States any products that infringe the '398 patent, the '908 patent, or the '079 patent.

12. Defendants' activities that are outside of the United States do not come within the requirements of 35 U.S.C. § 271 with respect to the '398 patent, the '908 patent, or the '079 patent, and do not constitute infringement.

13. An actual controversy, within the meaning of 28 U.S.C. § 2201 and 2202, exists between Defendants, on the one hand, and PI, on the other hand, with respect to the infringement or noninfringement of the '398 patent, the '908 patent, and/or the '079 patent.

### SECOND COUNTERCLAIM

### DECLARATORY JUDGMENT OF INVALIDITY OF THE '398 PATENT

14. The allegations of paragraphs 1-7 of these Counterclaims are incorporated as though fully set forth herein.

15. Claims of the '398 patent are invalid for failing to comply with the provisions of the Patent Laws, including one or more of 35 U.S.C. §§ 102, 103, 112, and 121.

16. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Defendants, on the one hand, and PI, on the other hand, with respect to whether claims of the '398 patent are valid or invalid.

### THIRD COUNTERCLAIM

### DECLARATORY JUDGMENT OF INVALIDITY OF THE '908 PATENT

17. The allegations of paragraphs 1-7 of these Counterclaims are incorporated as though fully set forth herein.

18. Claims of the '908 patent are invalid for failing to comply with the provisions of the Patent Laws, including one or more of 35 U.S.C. §§ 102, 103, 112, and 121.

19. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Defendants, on the one hand, and PI, on the other hand, with respect to whether claims of the '908 patent are valid or invalid.

### FOURTH COUNTERCLAIM

### DECLARATORY JUDGMENT OF INVALIDITY OF THE '079 PATENT

20. The allegations of paragraphs 1-7 of these Counterclaims are incorporated as though fully set forth herein.

21. Claims of the '079 patent are invalid for failing to comply with the provisions of the Patent Laws, including one or more of 35 U.S.C. §§ 102, 103, 112, and 121.

22. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Defendants, on the one hand, and PI, on the other hand, with respect to whether claims of the '079 patent are valid or invalid.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray for the following relief:

1. The Court enters judgment against PI, and dismisses with prejudice, any and all claims of PI's Complaint for Patent Infringement; and orders that Plaintiff take nothing as a result of the Complaint;

2. The Court enters judgment declaring that Defendants have not infringed, contributed to infringement of, or induced infringement of the '398 patent, the '908 patent, or the '079 patent; and

3. The Court enters judgment declaring that claims of the '398 patent, the '908 patent, and the '079 patent are invalid.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Fairchild Semiconductor International, Inc., Fairchild Semiconductor Corporation, and System General Corporation hereby demand a trial by jury on this action.

Dated: March 18, 2010

G. HOPKINS GUY, III
VICKIE L. FEEMAN
BAS DE BLANK
BRIAN H. VANDERZANDEN
ORRICK, HERRINGTON & SUTCLIFFE LLP

/s/ *Brian H. VanderZanden*
Brian H. VanderZanden
Attorneys for Defendants
FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., FAIRCHILD SEMICONDUCTOR CORPORATION AND SYSTEM GENERAL CORPORATION

# CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed **DEFENDANTS FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., FAIRCHILD SEMICONDUCTOR CORPORATION AND SYSTEM GENERAL CORPORATION'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT** with the clerk of court for the United States District Court, Northern District of California, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

Dated:  March 18, 2010                                     */s/ Josette Romero*
                                                                            Josette Romero