| | |
|---|---|
| Frank E. Scherkenbach (SBN 142549)<br>scherkenbach@fr.com<br>FISH & RICHARDSON P.C.<br>225 Franklin Street<br>Boston, MA 02110-2804<br>Telephone: (617) 542-5070<br>Facsimile: (617) 542-8906<br><br>Howard G. Pollack (SBN 162897)<br>pollack@fr.com<br>Michael Headley (SBN 220834)<br>headley@fr.com<br>FISH & RICHARDSON P.C.<br>500 Arguello Street, Suite 500<br>Redwood City, CA 94063<br>Telephone: (650) 839-5070<br>Facsimile: (650) 839-5071<br><br>Attorneys for Plaintiff<br>POWER INTEGRATIONS, INC. | TERRENCE P. MCMAHON (SBN 71910)<br>tmcmahon@mwe.com<br>ANTHONY DE ALCUAZ (SBN 65599)<br>adealcuaz@mwe.com<br>McDERMOTT WILL & EMERY LLP<br>275 Middlefield Road, Suite 100<br>Menlo Park, CA 94025-4004<br>Telephone:  (650) 815-7400<br>Facsimile:  (650) 815-7401<br><br>JEREMY T. ELMAN (SBN 223696)<br>jelman@mwe.com<br>McDERMOTT WILL & EMERY LLP<br>201 S. Biscayne Blvd., Miami, FL 33131<br>Telephone:  (305) 358-3500<br>Facsimile:  (305) 347-6500<br><br>Attorneys for Defendants<br>FAIRCHILD SEMICONDUCTOR<br>INTERNATIONAL, INC., FAIRCHILD<br>SEMICONDUCTOR CORPORATION, and<br>SYSTEM GENERAL CORPORATION |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

APPROVED
Judge James Ware

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware Corporation, FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware Corporation, and SYSTEM GENERAL CORPORATION, a Taiwanese corporation,<br><br>Defendants. | Case No. C 09-5235 JW<br><br>ELECTRONIC CASE FILING<br><br>**[CORRECTED] STIPULATION REQUESTING CONFIDENTIAL DOCUMENTS FROM INTERNATIONAL TRADE COMMISSION INVESTIGATION NO. 337-TA-541, IN RE CERTAIN POWER SUPPLY CONTROLLERS AND PRODUCTS CONTAINING SAME**<br><br>Date:      N/A<br>Time:     N/A<br>Location: Courtroom 15, 8th Floor<br>Before:    Hon. Judge James Ware |

The parties submit this corrected stipulation to correct typographical errors in the list contained in paragraph 15, *infra*, of the Stipulation Requesting Confidential Documents From International Trade Commission Investigation No. 337-TA-541, In Re Certain Power Supply Controllers and Products Containing Same, which was filed on July 8, 2011 (Dkt. 124), to accurately reflect the list the parties intended to submit, which is correctly reflected in the resulting Court Order (Dkt. 127). No new Order is requested.

IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiff Power Integrations, Inc. ("Power Integrations") and Defendants Fairchild Semiconductor International, Inc., Fairchild Semiconductor Corporation, and System General Corporation (collectively, "Fairchild"), by and through their undersigned counsel, pursuant to 19 C.F.R. § 210.5(c) and 28 U.S.C. § 1659(b), to seek the Court's permission to request confidential documents (the "Confidential Documents") from the International Trade Commission from a prior investigation that involved both plaintiff and defendants in this matter. The parties jointly state as follows:

1. On June 8, 2005, the U.S. International Trade Commission (the "Commission") instituted Investigation No. 337-TA-541, in which Defendant System General was the respondent and Plaintiff Power Integrations, Inc. was the complainant (the "ITC case").

2. On May 15, 2006, the Administrative Law Judge Paul J. Luckern issued Final Initial and Recommended Determinations in the parties' ITC case.

3. The ITC case is now closed.

4. Section 18 of the Protective Order in the parties' ITC case states:

> 18. Upon final termination of this investigation, each party that is subject to this order shall destroy or return to the supplier all items containing confidential business information submitted in accordance with paragraph 2 above, including all copies of such matter which may have been made, but not including copies containing notes or other attorney's work product that may have been placed thereon by counsel for the receiving party. All copies containing such notes or other attorney's work product shall be destroyed. Receipt of material returned to the supplier shall be acknowledged in writing. This paragraph shall not apply to the Commission, including its investigative attorney, and the administrative law judge, which shall retain such material pursuant to statutory requirements and for other recordkeeping purposes, but may destroy those additional copies in its possession which are regarded as surplusage.

5. A copy of the Protective Order from the parties' ITC case, dated June 9, 2005, was attached as Exhibit 2 to the Declaration of Jeremy T. Elman filed July 8, 2011 ("Elman Decl.").

6. It is our understanding that all parties to the ITC case have destroyed their copies of the Confidential Documents as required by the Protective Order.

7. However, based on the language of Section 18 of the Protective Order, the Commission is believed to have retained the Confidential Documents.

8. 19 C.F.R. § 210.5(c), entitled "Confidential business information", states as follows:

> *Transmission of certain records to district court.* Notwithstanding paragraph (b) of this section, confidential business information may be transmitted to a district court and be admissible in a civil action, subject to such protective order as the district court determines necessary, pursuant to 28 U.S.C. 1659.

9. 28 U.S.C. § 1659(b), entitled "Use of Commission Record," states as follows:

> Notwithstanding section 337(n)(1) of the Tariff Act of 1930, after dissolution of a stay under subsection (a), the record of the proceeding before the United States International Trade Commission shall be transmitted to the district court and shall be admissible in the civil action, subject to such protective order as the district court determines necessary, to the extent permitted under the Federal Rules of Evidence and the Federal Rules of Civil Procedure.

10. The parties have agreed to seek the Confidential Documents that have been retained by the Commission in the above-referenced investigation, pursuant to Section 210.5(c) and Section 1659(b).

11. The parties have agreed that, if allowed, the Confidential Documents transmitted to this Court will be subject to the Protective Order in this action. A copy of the Protective Order in this action was attached as Exhibit 1 to the Elman Decl. *See* Dkt. 122.

12. Once the above-referenced Confidential Documents are received by this Court, the parties will collect the Confidential Documents, make two sets of the Confidential Documents, and return the Confidential Documents to the Court within ten (10) business days.

13. The Court will retain the Confidential Documents throughout the pendency of this action, and return the documents to the International Trade Commission upon termination or conclusion of this action.

Corrected Stipulation Requesting Confidential
Documents from International Trade Commission
Inv. 337-TA-541                                                   - 3 -                                       Case No. C 09-5235 JW

14. If the Court ratifies this stipulation, the parties will submit a letter to the Commission seeking the below information pursuant to the Protective Order in this action. A draft of the letter to be sent to the Commission was attached as Exhibit 3 to the Elman Decl.

15. The specific confidential business information that the parties seek is as follows:

a. An unredacted copy of the Final Initial and Recommended Determinations dated May 15, 2006;

b. Unredacted copies of all ITC Trial Exhibits and Demonstratives discussed or admitted during trial in the parties' ITC case (including, but not limited to, to those with CDX-, CPX-, CX-, JX-, RDX-, RPX-, RRX-, RX-, SDX-, and/or SX- prefixes);

c. Unredacted copies of all ITC Trial Transcripts from any "CONFIDENTIAL SESSION" during the parties' ITC case, including pages 196-198, 435-440, 465-491, 510-551, 643-648, 681-692, 743-796, 1083-1088, 1216-1297, 1530-1531, and 1547-1561 of the ITC Trial Transcript and pages 60-88 of the parties' closing arguments;

d. Unredacted copies of all confidential ITC Orders and Opinions, including ITC Order No. 10, ITC Order No. 11, ITC Order No. 12, ITC Order No. 13, 2006-01-13 ITC Order No. 15, and ITC Order No. 17;

e. Unredacted copies of all confidential briefing and motions;

f. Unredacted copies of all confidential correspondence;

g. Unredacted copies of all confidential deposition transcripts and exhibits;

h. Unredacted copies of all confidential pleadings;

i. Unredacted copies of all confidential expert reports.

Dated: August 15, 2011                                    FISH & RICHARDSON P.C.


                                                          By: /s/ *Michael R. Headley*
                                                          Attorneys for Plaintiff
                                                          POWER INTEGRATIONS, INC.


Dated: August 15, 2011                                    MCDERMOTT, WILL & EMERY LLP


                                                          By: /s/ *Jeremy T. Elman*
                                                          Attorneys for Defendants FAIRCHILD
                                                          SEMICONDUCTOR INTERNATIONAL,
                                                          INC., FAIRCHILD SEMICONDUCTOR
                                                          CORPORATION, and SYSTEM GENERAL
                                                          CORPORATION

**CERTIFICATION PURSUANT TO GENERAL ORDER 45**

Pursuant to General Order 45, I, Jeremy T. Elman, attest that the above signatories for the Plaintiff have concurred and consented to the filing of this document.

DATED: August 15, 2011                                    /s/ *Jeremy T. Elman*
                                                          JEREMY T. ELMAN

# CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the Corrected Stipulation Requesting Confidential Documents From International Trade Commission Investigation No. 337-TA-541, In Re Certain Power Supply Controllers and Products Containing Same using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means

Dated: August 15, 2011                                      /s/ Linda Rohrer
                                                            LINDA ROHRER

DM_US 29623859-1.060948.0021