**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9          IN THE UNITED STATES DISTRICT COURT

10          FOR THE NORTHERN DISTRICT OF CALIFORNIA

11   POWER INTEGRATIONS, INC.,
                                           No. C 09-5235 MMC
12            Plaintiff,
                                           **ORDER DENYING PLAINTIFF'S MOTION**
13      v.                                 **FOR SANCTIONS; DENYING**
                                           **DEFENDANTS' MOTION FOR**
14   FAIRCHILD SEMICONDUCTOR               **SANCTIONS**
     INTERNATIONAL, INC., et al.,
15
              Defendants.
16   _____/

17        Before the Court is plaintiff Power Integrations, Inc.'s ("Power Integrations") "Motion

18   for Sanctions Pursuant to Rule 11 and 35 U.S.C. § 285," filed December 11, 2013.

19   Defendants Fairchild Semiconductor International, Inc., Fairchild Semiconductor

20   Corporation, and System General Corporation (collectively, "Fairchild") have filed an

21   opposition and cross-motion for sanctions, to which Power Integrations has filed a reply

22   and opposition.[1]  Having read and considered the papers submitted in support of and in

23

24

25   _____

26        [1] After briefing was completed, Power Integrations filed a letter to which Fairchild
     responded by letter.  Both letters are hereby STRICKEN, for the reason that neither party
27   obtained prior Court approval for such filing.  See Civil L.R. 7-3(d) (providing, with
     exceptions not applicable here, "[o]nce a reply is filed, no additional memoranda, papers or
28   letters may be filed without prior Court approval").  The parties are further advised that the
     Court does not act on requests submitted by letter.  See Civil L.R. 7-1 (requiring written
     request to be presented by motion or stipulation).

1   opposition to the motion, the Court rules as follows.[2]

2   **1.  Power Integrations' Motion for Sanctions**

3          Pursuant to Rule 11 of the Federal Rules of Civil Procedure, the court may impose

4   sanctions upon a party that files a claim that is "frivolous, unreasonable, without factual

5   foundation, or asserted for an improper purpose."  See Q-Pharma, Inc. v. Andrew Jergens

6   Co., 360 F.3d 1295, 1300 (Fed. Cir. 2004).  By the instant motion, Power Integrations

7   seeks sanctions under Rule 11 in the form of dismissal of Fairchild's counterclaim for

8   infringement of U.S. Patent No. 8,179,700 ("the '700 patent"), on the asserted ground that

9   said counterclaim is "frivolous" (see Mot. at 1:8-9).  Power Integrations further requests an

10  award of attorneys' fees under 35 U.S.C. § 285.  See 35 U.S.C. § 285 (providing "court in

11  exceptional cases may award reasonable attorney fees to the prevailing party").[3]

12         "The word 'frivolous' . . . is a shorthand that [the Ninth Circuit] has used to denote a

13  filing that is both baseless *and* made without a reasonable and competent inquiry."  In re

14  Keegan Mgmt. Co., Sec. Litig., 78 F.3d 431, 434 (9th Cir. 1996) (emphasis in original)

15  (quoting Townsend v. Holman Consulting Corp., 929 F.2d 1358 (9th Cir.1990) (en banc)).

16  "[T]he key factor in determining whether a patentee performed a reasonable pre-filing

17  inquiry is the presence of an infringement analysis . . . , [which] can simply consist of a

18  good faith, informed comparison of the claims of a patent against the accused subject

19  matter."  Q-Pharma, Inc., 360 F.3d at 1302 (internal citations omitted).  A party "may not be

20  sanctioned for a complaint that is not well-founded, so long as [it] conducted a reasonable

21  inquiry."  In re Keegan, 78 F.3d at 434.

22          Power Integrations asserts Fairchild's counterclaim for infringement of the '700

23  patent is frivolous because "Fairchild either failed to conduct a reasonable pre-suit

24  _____

25          [2] By order filed January 23, 2013, the Court took the matter under submission and
    vacated the hearing scheduled for January 25, 2013.

26          [3] Power Integrations also seeks, under the Court's inherent authority, additional
27  sanctions "against Fairchild and its counsel in whatever manner the Court deems
    appropriate to deter future . . . abuse of the judicial process and the Court's resources."
28  (See Mot. at 14:2-3.)

2

1    investigation, or it knew that Power Integrations' LinkSwitch-II products cannot infringe and

2    brought its claims anyway." (See Mot. at 11:17-19.)  In support of such assertion, Power

3    Integrations argues an adequate pre-suit investigation would have revealed that each claim

4    of the '700 patent recites a control circuit having a switching signal with a minimum on time

5    that is adjusted or varied according to an input voltage, whereas its products use a

6    switching signal with a minimum on time that does not vary.  In that regard, Power

7    Integrations argues the term "minimum on time," as used in Fairchild's claims, means "the

8    shortest permissible on time of the switching signal." (See Reply at 11:5-6.)  Fairchild, on

9    the other hand, argues said term means "the time in which the pulse width of the switching

10   signal is on" (see Opp'n at 15:5-6), which Power Integrations has not asserted is invariable

11   in the accused products.

12          In support of their respective positions, each party has submitted a declaration of an

13   expert in the subject field.  (Compare Supplemental Decl. of Dr. Arthur Kelley (Power

14   Integrations) ¶ 20 (stating "a person of ordinary skill in the art would understand that

15   'minimum on time' is used in the '700 patent in its ordinary sense in this field, to mean 'the

16   shortest permissible on time' of the switching signal"), with Decl. of Jonathan R. Wood

17   (Fairchild) ¶ 14 (stating "[o]ne of ordinary skill in the art reading the entire intrinsic record

18   would conclude that the 'minimum on time of the switching signal' in the '700 patent refers

19   to how long the switching signal is actually on in any given cycle").)  Although Fairchild's

20   interpretation of its claims ultimately may be found to be incorrect, the Court, on the record

21   before it, cannot say it is baseless.  See Q-Pharma, Inc., 360 F.3d at 1301 (noting "it is not

22   for [the court] to determine whether [the plaintiff]'s pre-filing interpretation of the asserted

23   claims was correct, but only whether it was frivolous").

24          Further, Power Integrations has offered no evidence showing Fairchild failed to

25   conduct a reasonable pre-filing investigation.  Indeed, Power Integrations acknowledges

26   that "[o]ver a period spanning several years, Fairchild investigated and researched the

27   accused . . . product family as part of its claims in another of the parties' cases in

28

1   Delaware."  (See Mot. at 11:22-24.)  Moreover, Fairchild, shortly after filing its counterclaim,

2   served a Supplemental Disclosure of Asserted Claims and Infringement Contentions

3   containing a claim chart comparing the claims of the '700 patent with Power Integrations'

4   accused products.  (See Elman Decl. Ex. J.)

5       Accordingly, Power Integrations' motion will be denied.

6   **2.  Fairchild's Cross-Motion for Sanctions**

7       In its opposition, Fairchild includes a cross-motion for monetary sanctions against

8   Power Integrations under Rule 11, asserting Power Integrations "filed and pursued [its]

9   [m]otion for [s]anctions for the improper purposes of increasing the cost of litigation and to

10   harass and bully Fairchild into abandoning its good faith infringement allegations."  (See

11   Opp'n at 18:8-10); Fed. R. Civ. P. 11(b)(1); see also Fed. R. Civ. P. 11(c)(2) (providing "[i]f

12   warranted, the court may award to the prevailing party the reasonable expenses including

13   attorney's fees, incurred for the motion"); Patelco Credit Union v. Sahni, 262 F.3d 897, 913

14   (9th Cir. 2001) (holding "party defending a Rule 11 motion need not comply with the

15   separate document and safe harbor provisions when counter-requesting sanctions").

16   Fairchild further moves for sanctions under 28 U.S.C. § 1927.  See 28 U.S.C. § 1927

17   (providing court may sanction attorney who "multiplies the proceedings in any case

18   unreasonably and vexatiously"); see also In re Keegan, 78 F.3d at 436 (holding § 1927

19   sanctions "must be supported by a finding of subjective bad faith").[4]

20       Citing to the Federal Circuit's unpublished decision in Eon-Net LP v. Flagstar

21   Bancorp, 249 Fed. Appx. 189, 195-96 (Fed. Cir. 2007), Fairchild argues Power Integrations

22   is aware "it would be an abuse of discretion for a [district] court to grant a motion for

23   sanctions involving claim construction issues prior to a proper Markman procedure."  (See

24   Opp'n at 19:11-12); see also Markman v. Westview Instruments, Inc., 517 U.S. 370, 372

25   (1996) (holding "construction of a patent, including terms of art within its claim, is

26   exclusively within the province of the court"); Patent L.R. 4-1 to -7 (setting forth the

27

28       [4] Additionally, Fairchild relies on the Court's inherent authority.

1   procedure for claim construction).  The Court, however, does not read <u>Eon-Net</u> as

2   announcing a general principle to such effect, but rather as making a finding based on the

3   particular facts before it, which are distinguishable from those presented here.  <u>See</u> <u>Eon-</u>

4   <u>Net</u>, 249 Fed. Appx. at 195-96 (holding district court erred where it <u>sua</u> <u>sponte</u> found patent

5   did not cover alleged infringing product and awarded sanctions based on such finding

6   without providing parties opportunity to address claim construction).

7          Although the Court agrees that in most instances, including this one, it is preferable

8   that a motion for sanctions not be filed prior to a <u>Markman</u> hearing and the resulting claim

9   construction, <u>see</u>, <u>e.g.</u>, <u>Safe-Strap Co., Inc. v. Koala Corp.</u>, 270 F. Supp. 2d 407, 417

10  (S.D.N.Y. 2003) (denying defendant's Rule 11 motion for dismissal as sanction; noting

11  "[c]ourts ordinarily defer this determination until the end of the litigation"), the Court, having

12  considered the parties' arguments in support of their respective proposed constructions of

13  the term at issue, finds the record presented does not support a finding of bad faith.

14         Accordingly, Fairchild's cross-motion for sanctions will be denied.

15                                         **CONCLUSION**

16  For the reasons stated above:

17  1.  Power Integrations' motion for sanctions and attorneys' fees is hereby DENIED.

18  2.  Fairchild's cross-motion for sanctions is hereby DENIED.

19  **IT IS SO ORDERED.**

20

21  Dated:  February 25, 2013

                                        MAXINE M. CHESNEY
22                                      United States District Judge

23

24

25

26

27

28

                                             5