UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| POWER INTEGRATIONS, INC., | No. C 09-5235 MMC (MEJ) |
| Plaintiff, | **DISCOVERY ORDER RE: FAIRCHILD'S MOTION TO AMEND INFRINGEMENT CONTENTIONS** |
| v. | **(Docket No. 230)** |
| FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., et al., | |
| Defendants. | |

**INTRODUCTION**

Defendant Fairchild Semiconductor International, Inc. requests leave to amend its infringement contentions related to United States Patent No. 8,179,700 ("the '700 patent") in light of the District Court's Order Construing Claims of the '700 Patent. Dkt. No. 230. For the reasons set forth below, the Court DENIES Fairchild's request.

**BACKGROUND**

Plaintiff Power Integrations, Inc. ("PI") manufactures power conversion integrated circuit devices, which are used in power supplies for electronic devices such as cellular phones, LCD monitors and computers. First Claim Constr. Order at 1, Dkt. No. 128. PI filed this action against Defendants Fairchild Semiconductor Int'l, Inc., Fairchild Semiconductor Corp. (collectively, "Fairchild") and System General Corp. (collectively, "Defendants") on November 4, 2009, alleging patent infringement pursuant to 35 U.S.C. §§ 1, *et seq*. Compl., Dkt. No. 1.

On November 6, 2012, Fairchild filed a Second Amended Answer and Counterclaims, which

included the '700 patent, entitled "Control Circuit With Adaptive Minimum On Time for Power Converters" for the first time. Dkt. No. 174. The District Court issued its Claim Construction Order construing various terms in the '700 patent on May 6, 2013. Dkt. No. 212.

On July 1, 2013, Fairchild informed PI of its intent to amend the infringement contentions in view of the Court's Claim Construction Order. Jt. Ltr. at 1, Dkt. No. 230. Fairchild served the proposed contentions on July 10, 2013, which led to the current dispute. *Id.*, Ex. B (Fairchild's Proposed '700 Patent Infringement Contentions). Fairchild argues that good cause exists for it to amend its infringement contentions in light of the Court's recent Claim Construction Order, which provided four claim constructions different from those proposed by Fairchild. Jt. Ltr. at 1. Fairchild further argues that it acted diligently in seeking leave to amend approximately 60 days after the Court's Order construing the '700 Patent claims. *Id.* at 3. Fairchild contends that its amendments do not prejudice PI because the Order largely reflected positions advanced by PI, and there is therefore little doubt that fact discovery, including non-infringement and invalidity assessments, was conducted with these positions in mind. *Id.* Finally, Fairchild argues that its timely service of its technical expert report on the '700 patent on July 19, 2013, incorporating each of these infringement positions, further negates any claim of prejudice as PI has ample time to analyze the contentions and to fully respond in its responsive expert report. *Id.*

In response, PI argues that "Fairchild's eleventh hour attempt to amend its infringement contentions is improper, reflects a lack of diligence, and will significantly prejudice Power Integrations." *Id.* PI contends that Fairchild could have readily addressed the proposed constructions adopted by the Court in a timely manner, because the constructions were plainly spelled out months ago in the parties' joint claim construction submission filed in January. *Id.* at 4. PI further argues that Fairchild's revisions are not limited to claim terms construed in the Court's Order and that Fairchild's "wholesale expansion of its infringement theories" raises completely new factual issues after the close of fact discovery. *Id.* at 5. PI contends that these expansive allegations would have changed its discovery strategy and prior art investigation. *Id.*

**LEGAL STANDARD**

"The Patent Local Rules of this District provide for a 'streamlined mechanism to replace the series of interrogatories that accused infringers would likely have propounded in its absence.'" *Apple Inc. v. Samsung Elec. Co. Ltd.* ("*Apple II*"), 2013 WL 3246094, at *1 (N.D. Cal. June 26, 2013) (quoting *FusionArc, Inc. v. Solidus Networks, Inc.*, 2007 WL 1052900, at *2 (N.D. Cal. Apr. 5, 2007)). These rules "require parties to crystallize their theories of the case early in litigation and to adhere to those theories once they have been disclosed." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 n. 12 (Fed. Cir. 2006). "They 'provide structure to discovery and enable the parties to move efficiently toward claim construction and the eventual resolution of their dispute.'" *Apple II*, 2013 WL 3246094, at *1 (quoting *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005)).

Amendment of contentions requires leave from the court upon a showing of "good cause." Patent L.R. 3-6. Good cause requires requesting parties to show in part that they "acted with diligence promptly when new evidence is revealed." *O2 Micro Int'l*, 467 F.3d at 1363. "If the court finds that the moving party has acted with diligence, it then must determine whether the non-moving party 'would suffer prejudice if the motion to amend were granted.'" *Apple II*, 2013 WL 3246094, at *1 (quoting *Acer, Inc. v. Tech. Prop. Ltd.*, 2010 WL 3618687, at *3 (N.D. Cal. Sept. 10, 2010)). Because "the focus of the inquiry is upon the moving party's reasons for seeking modification," "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion," but if the moving party was not diligent, "the inquiry should end." *Id.* (quoting *MEMC Elec. Materials v. Mitsubishi Materials Silicon Corp.*, 2004 WL 5363616, at *4 (N.D. Cal. Mar.2, 2004)). "Only if the moving party is able to show diligence may the court consider the prejudice to the non-moving party." *Apple, Inc. v. Samsung Elecs. Co., Ltd.* ("*Apple I*"), 2012 WL 1067548, at *2 (N.D. Cal. Mar. 27, 2012). "Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include: (a) [a] claim construction by the Court different from that proposed by the party seeking amendment; (b) [r]ecent discovery of material, prior art despite earlier diligent search; [and] (c) [r]ecent discovery of

nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions." Patent L.R. 3-6.

## DISCUSSION

**A.  Diligence**

Fairchild argues that good cause exists here because its request comes after a short, six month discovery period for the newly added '700 patent (concurrent with the discovery for the three other originally asserted patents), including a November 16, 2012 infringement contention deadline, a December.24, 2012 deadline for exchanging claim construction proposals, an April 22, 2013 claim construction hearing, and May 6, 2013 Order.  Jt. Ltr. at 1.  Fairchild also argues that good cause exists for Fairchild to amend its infringement contentions in light of the Court's Claim Construction Order, which provided four claim constructions different from those proposed by Fairchild.  *Id.*  Fairchild highlights the following terms to show the differences between proposed and actual constructions that necessitated its request to amend:

| Claim Term | Fairchild's Construction | The Court's Construction |
|---|---|---|
| "Minimum on time of the switching signal" | *"Minimum time that the pulse width of switch signal is on"* | *"The shortest period of time that the switching signal is required to be on"* |
| "Sampling/sample a reflected voltage of the transformer" | No construction required or "*determining/determine* the reflected voltage of the transformer" | "*Measuring/measure and hold the value of* a reflected voltage of the transformer" |
| "Generating an adaptive signal correlated to an input voltage" | "Generating a *signal that is adaptive and related to* an input voltage." | "Generating a *signal that changes in response to changes in* the input voltage." |
| "Coupled to receive a current sense signal of the power converter and generates the switching signal in response to the current sense signal" | "Directly or indirectly connected to receive *a current sense signal of the power converter and generates the switching signal in response to the current sense signal*" | "Directly or indirectly connected to receive *a signal which is proportional to the value of the primary side switching current and, in response to that signal, generates the switching signal*" |

*Id.* at 1-2 (emphasis in original).  Fairchild notes that the "sampling/sample" term appears twice in each claim and is part of the "sampling circuit" which appears in nearly every claim limitation.  *Id.*

4

1 Fairchild also notes that the "coupled" term appears in all independent claims, the "minimum on
2 time" term appears in even more claims, and the "generating" term appears in claim 1. *Id.* Thus,
3 Fairchild argues that the material differences between its proposed and the Court's actual
4 constructions necessitated the proposed amendments. *Id.*

5 Without specifying how, Fairchild argues that it acted diligently in seeking leave to amend
6 approximately 60 days after the Court's order construing the '700 Patent claims. *Id.* at 3. Fairchild
7 further argues that the parties previously agreed to amend infringement contentions 6-7 months after
8 the Court's other claim construction orders, thus demonstrating the reasonableness of its request. *Id.*

9 In response, PI argues that Fairchild could have readily addressed the proposed constructions
10 adopted by the Court in a timely manner as the constructions were spelled out months ago in the
11 parties' joint claim construction submission filed in January. *Id.* at 4; Dkt. No. 193. As indicated in
12 the Claim Construction Order, the Court adopted constructions that followed the reasoning of and did
13 not deviate significantly from the proposed constructions. Dkt. No. 212. PI argues that Fairchild's
14 amendments completely change the components of the accused circuits allegedly falling within the
15 claim limitations. Jt. Ltr. at 4. PI further argues that Fairchild has now provided extensive arguments
16 under the doctrine of equivalents ("DOE") that were not present in its prior contentions, and which
17 were not affected by the Court's Claim Construction Order. *Id.* Specifically, PI notes that wherever
18 DOE was mentioned, Fairchild's prior contentions had nothing more than a placeholder without any
19 analysis. *Id.* PI argues that such blanket conclusory statements are improper, and absent a change in
20 circumstances, Fairchild should have provided its DOE theories in its contentions at the beginning of
21 this case, or during its previous two amendments. *Id.* at 4-5. Finally, PI argues that, even after
22 receiving the Court's Claim Construction Order, Fairchild waited two months before attempting to
23 amend, yet it has not shown any reasonable basis for its delay. *Id.* at 5.

24 First, as to the timing of Fairchild's request, Fairchild informed PI of its intent to amend the
25 infringement contentions on July 1, 2013, nearly two months after the Court's Claim Construction
26 Order. *Id.* at 1. As Fairchild points out in its portion of the joint letter, this Court has previously
27 found that time periods longer than this can be reasonable for seeking to amend infringement

5

contentions. *See Nuance Comm'ns, Inc. v. Abbyy Software House,* 2012 WL 2427160, at * 2 (N.D. Cal. June 26, 2012) (finding a "few months" diligent); *Vasudevan Software, Inc. v. Int'l Bus. Machines Corp.,* 2011 WL 940263, at *3-4 (N.D. Cal. Feb. 18, 2011) (finding four months of analysis diligent). However, those cases are distinguishable from the present case. The Court in *Nuance* granted leave for the plaintiff to amend, but only as to the defendant's newly-acquired products because they were not owned by the defendant at the time the plaintiff served its original contentions. *Nuance,* 2012 WL 2427160, at * 2 ("Even if Nuance did know about these products, it could not include them in its infringement contentions because they were not owned by Lexmark. As soon as Lexmark acquired NolijWeb and Brainware Distiller, Nuance moved to amend its contentions so that they would be included as accused products. This is justifiable."). The Court denied the request for products owned by the defendant at the time the plaintiff served its original contentions. *Id.* The present case does not involve products that were acquired after Fairchild served its original infringement contentions.

In *Vasudevan*, the plaintiff sent the defendant a draft of its proposed amended infringement contentions "[w]ithin days of confirming" the product functionality through discovery. *Vasudevan*, 2011 WL 940263, at *2. Here, discovery closed on May 1, 2013, (*See* Pretrial Prep. Order, Dkt. No. 170), yet Fairchild did not inform PI of its intent to amend the infringement contentions until July 1, 2013, two months later and nearly two months after the Court's Claim Construction Order. Fairchild does not state why, even after receiving the Court's Order, it waited two months before attempting to amend.

The Court is not persuaded by Fairchild's assertion, without explanation, that seeking leave to amend its infringement contentions within two months establishes diligence on its part. Accordingly, as Fairchild has not shown any reasonable basis for its delay, the Court finds no indication that it acted diligently. *See Apple I*, 2012 WL 1067548, at *5 (motion denied when party waited "nearly two months" and failed to explain delay).

**B.     Prejudice**

Without a showing of diligence, "the inquiry should end." *Acer*, 2010 WL 3618687, at *5;

*Trans Video Elecs., Ltd. v. Sony Elecs., Inc.*, 278 F.R.D. 505, 508 (N.D. Cal. 2011) ("under Patent Local Rule 3-6, if there is no showing of diligence, then a court need not even entertain whether the amendment would prejudice the nonmoving party"). "Nevertheless, even if the movant was arguably not diligent, the Court may still grant leave to amend." *OpenDNS, Inc. v. Select Notifications Media, LLC*, 2013 WL 2422623, at *2 (N.D. Cal. June 3, 2013) (citation omitted) ("If the court finds that the moving party was not diligent in amending its infringement contentions, there is no need to consider the question of prejudice to the non-moving party, although a court in its discretion may elect to do so.").

Even if the Court were to find that Fairchild's lack of diligence should not prohibit it from amending its contentions, PI argues that it will be significantly prejudiced if Fairchild is allowed to amend at this late stage. Jt. Ltr. at 5. PI contends that it had no notice and already relied on Fairchild's contentions to "shape discovery and the issues to be determined at trial." *Id.* In particular, PI argues that Fairchild's "wholesale expansion" of its infringement theories under the doctrine of equivalents raises completely new factual issues after the close of fact discovery. *Id.* PI contends that these expansive allegations would have changed its discovery strategy and prior art investigation, including a search for prior art sharing characteristics with the newly identified components Fairchild now asserts are "equivalent," and the opportunity to question Fairchild's own technical witnesses as to the newly alleged similarities between the circuits. *Id.*

"Infringement contentions serve as substitutes for interrogatories, but they also act as forms of pleading that disclose the parties' theories of their case and thereby shape discovery and the issues to be determined at trial." *Apple II*, 2013 WL 3246094, at *3. As discussed above, Fairchild highlights the terms of its proposed constructions and the Court's constructions to show the differences that necessitated its request to amend. However, both parties' constructions were spelled out in the parties' joint claim construction submission filed in January, (Dkt. No. 193), and the Court adopted constructions that followed the reasoning of and did not deviate significantly from the proposed constructions (Dkt. No. 212). Further, infringement contentions are intended to "shape discovery," yet discovery in this case closed two months ago and summary judgment motions are due on

September 6, 2013, two weeks from now.  Dkt. No. 170.  Given this, coupled with Fairchild's failure to establish diligence, the Court finds that PI would be prejudiced if the Court permitted Fairchild to amend its contentions.

## CONCLUSION

Fairchild has failed to establish its diligence in seeking to amend its infringement contentions, and PI is prejudiced by allowing Fairchild to amend two months after the close of discovery and two weeks before summary judgment motions are due.  Accordingly, for the foregoing reasons, Fairchild's Request for Leave to Amend its Infringement Contentions is DENIED.

**IT IS SO ORDERED.**

Dated: August 27, 2013

_____
Maria-Elena James
United States Magistrate Judge