UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| POWER INTEGRATIONS, INC.,<br><br>         Plaintiff,<br>   v.<br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., et al.,<br><br>         Defendants. | No. C 09-5235 MMC (MEJ)<br><br>**DISCOVERY ORDER RE: FAIRCHILD'S MOTION FOR RECONSIDERATION**<br>**(Docket No. 264)** |

On August 28, 2013, the Court denied Defendant Fairchild Semiconductor International's motion to amend its infringement contentions. Dkt. No. 231. The Court found that Fairchild had failed to establish its diligence in seeking to amend and that Plaintiff Power Integrations would be prejudiced by allowing Fairchild to amend two months after the close of discovery and two weeks before summary judgment motions were due. Fairchild has now filed a motion for reconsideration, arguing that it could not amend its infringement contentions in a timely manner because its technical expert's wife received a terminal diagnosis of eight weeks to live two days before the District Court's *Markman* Order issued. Jt. Ltr. at 2, Dkt. No. 264. Fairchild states that this prevented its expert from assisting with revising its contentions until late June. *Id.* In response, Power Integrations argues that Fairchild cannot satisfy the requirements for reconsideration because, at the time it sought leave to amend, it knew about the expert's situation but chose not to present it to the Court. *Id.* at 3-4.

The Civil Local Rules state that a party may, with leave of Court, file a motion for reconsideration of any interlocutory order. Civil L.R. 7-9. The moving party must show (1) "[t]hat at the time of the motion for leave, a material difference in fact or law exists," about which the party

1 applying for reconsideration did not know at the time of the order, and which warrants
2 reconsideration; (2) "[t]he emergence of new material facts or a change of law occurring after the
3 time of such order; or (3)[a] manifest failure by the Court to consider material facts or dispositive
4 legal arguments." *Id.* In general, motions for reconsideration should not be frequently made or freely
5 granted. *See generally Twentieth Century–Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th
6 Cir. 1981).

7     Here, while it sympathizes with the personal circumstances of Fairchild's expert, the Court is
8 unable to find that Fairchild has met either of the three requirements for a motion for reconsideration.
9 Fairchild admits that it knew about its expert's family situation at the time it sought leave to amend,
10 yet it chose not to present it to the Court, either in its initial motion to Judge Chesney or the parties'
11 joint letter. *See* Dkt. No. 226-1, 230. Accordingly, Fairchild's motion for reconsideration is
12 DENIED.

13     **IT IS SO ORDERED.**

15 Dated: October 7, 2013

16                                                       Maria-Elena James
                                                      United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
For the Northern District of California