IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POWER INTEGRATIONS, INC., | No. C-09-5235 MMC |
| Plaintiff, | **ORDER RE: PARTIES' ADMINISTRATIVE MOTIONS TO FILE CERTAIN DOCUMENTS UNDER SEAL** |
| v. | |
| FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., et al., | |
| Defendants. | |

Before the Court are four administrative motions to file under seal, three filed by plaintiff and one by defendant, by which motions the parties seek, pursuant to Civil Local Rule 79-5(d), to file under seal numerous documents offered in support of their respective motions for summary judgment and to exclude testimony.  Each motion to seal is accompanied by a declaration under Civil Local Rule 79-5(d)(1)(A), and each party has filed a responsive declaration under Civil Local Rule 79-5(e)(1).

Defendants, in their declarations, assert, without further elaboration, that the material sought to be sealed "has been designated as 'highly confidential-attorneys' eyes only'"; is "commercially valuable"; "regard[s] . . . design and functionality"; "contains highly confidential sales information"; "contains highly confidential manufacturing information" and/or "would potentially cause irreparable harm."  (See generally Ondrick Decls.)  Plaintiff, in its declarations, asserts, likewise in conclusory manner, that it "similarly desires to

maintain the confidentiality of" such information, and that the information contained therein is "commercially valuable to [plaintiff] and dissemination would potentially cause irreparable harm to [plaintiff]." (See generally Headley Decls.)

There is a "strong presumption in favor of access" by the public to judicial records and documents accompanying dispositive motions. See Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178, 1179 (9th Cir. 2006) (citing Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)).  To overcome this presumption, a "party must articulate compelling reasons supported by specific fact[s]." See id. at 1178 (internal quotation and citation omitted); see also Apple, Inc. v. Samsung Elecs. Co., — F.3d —, 107 U.S.P.Q.2d 2048 (Fed. Cir. 2013) (finding sealing appropriate where companies "filed declarations from employees" that "explained the measures the two companies take to keep their product-specific financial information confidential" and "the harm they would suffer if their product-specific financial information were made public").  Indeed, such showing is required even where "the dispositive motion, or its attachments, were previously filed under seal or protective order." Kamakana, 447 F.3d at 1179.  Here, the reasons articulated by the parties lack the requisite factual support.

Accordingly, both defendant and plaintiff are hereby DIRECTED to file in support of their respective administrative motions, no later than October 15, 2013, one or more supplemental declarations setting forth the specific facts on which they respectively rely to show whatever compelling reasons exist for the relief requested.

**IT IS SO ORDERED.**

Dated: October 8, 2013

MAXINE M. CHESNEY
United States District Judge