IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

POWER INTEGRATIONS, INC.,

    Plaintiff,

v.

FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., et al.,

    Defendants.

No. 09-5235 MMC

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SEPTEMBER 27, 2013 ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL; DIRECTIONS TO PLAINTIFF**

    Before the Court are plaintiff's Administrative Motions to File Under Seal (see Dkt. Nos. 250, 253), both filed September 27, 2013, and supplemented on October 15, 2013, by which motions plaintiff (1) seeks to file under seal redacted portions of its Motion for Summary Judgment of Non-Infringement, as well as the entirety of four exhibits to the declaration of Howard G. Pollack in support thereof; and (2) seeks to file under seal redacted portions of its Motion to Exclude Testimony of Dr. Gu-Yeon Wei and Dr. Jonathan Wood and three exhibits to the declaration of Michael R. Headley in support thereof, as well as the entirety of seven other exhibits to said declaration.[1]  In both motions, plaintiff seeks to file under seal material designated by defendants as confidential as well as material

---

[1] Initially, plaintiff sought to file under seal the entirety of all ten exhibits; by its supplemental declaration plaintiff modified the scope of its request. (See Dkt. No. 286, Supplemental Headley Decl. ¶¶ 11-13.)

1  deemed confidential by plaintiff.  Having read and considered plaintiff's administrative
2  motions, the Court rules as follows.
3      A party moving to file material under seal must include a "declaration establishing
4  that the document sought to be filed under seal, or portions thereof, are sealable," see Civil
5  L.R. 79-5(d)(1)(A), and, where the material is submitted in support of a dispositive motion,
6  such party must "articulate compelling reasons supported by specific fact[s]," see
7  Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006).  Additionally,
8  where the submitting party seeks to file under seal a document designated as confidential
9  by the opposing party, "the Designating Party must file a declaration . . . establishing that all
10 of the designated information is sealable."  Civil L.R. 79-5(e)(1).  "If the Designating Party
11 does not file a responsive declaration as required by subsection 79-5(e)(1) and the
12 Administrative Motion to File Under Seal is denied, the Submitting Party may file the
13 document in the public record no earlier than 4 days, and no later than 10 days, after the
14 motion is denied."  Id. at 79-5(e)(2).
15     With respect to the proposed redacted portions of its summary judgment motion and
16 its motion to exclude, and with respect to Exhibits 9-11 to the Pollack Declaration and
17 Exhibits 2, 3, and 8 to the Headley Declaration, plaintiff asserts such material discloses
18 circuit schematics that would enable competitors to copy its products, as well as other
19 information regarding the internal operation and architecture of products.  (See Dkt. No.
20 286, Supplemental Headley Decl. ¶¶ 7-9, 11-13.)  The Court, having reviewed the subject
21 material, finds plaintiff has made the requisite showing of "compelling reasons" for the relief
22 sought.  See Kamakana, 447 F.3d at 1178.
23     With respect to the sealing of Exhibit 5 to the Pollack Declaration and Exhibits 1, 7,
24 9, and 12-15 to the Headley Declaration, plaintiff's sole basis for seeking sealing is that
25 said documents have been designated by defendants as confidential.  (Dkt. No. 250,
26 Headley Decl. ¶ 3; Dkt. No. 253, Headley Decl. ¶¶ 3, 6, 8-9).  Defendants respond that
27 neither Exhibit 5 to the Pollack Declaration nor Exhibits 1, 9, and 15 to the Headley
28 Declaration contain information defendants deem confidential.  As to Exhibits 7 and 12-14

to the Headley Declaration, however, defendants assert said documents contain confidential schematics and other information regarding the design and functionality of their products, and the Court, having reviewed Exhibits 7 and 12-14, finds defendants have made the requisite showing.  See Kamakana, 447 F.3d at 1178.

Accordingly, for the reasons stated:

1. To the extent plaintiff seeks to file under seal redacted portions of its summary judgment motion, its motion to exclude, and Exhibits 2, 3, and 8 to the Headley Declaration, and to the extent plaintiff seeks to file under seal in their entirety Exhibits 9-11 to the Pollack Declaration and Exhibits 7 and 12-14 to the Headley Declaration, plaintiff's motions are hereby GRANTED.  Plaintiff is hereby DIRECTED to file in the public record the proposed redacted versions of Exhibits 2, 3, and 8 to the Headley Declaration and to file under seal the unredacted versions of said exhibits.

2. To the extent plaintiff seeks to file under seal Exhibit 5 to the Pollack Declaration and Exhibits 1, 9, and 15 to the Headley Declaration, plaintiff's motions are hereby DENIED, and plaintiff is hereby DIRECTED to file said documents in the public record no later than November 8, 2013.

**IT IS SO ORDERED.**

Dated: November 4, 2013

MAXINE M. CHESNEY
United States District Judge