IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

POWER INTEGRATIONS, INC.,

    Plaintiff,

  v.

FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., et al.,

    Defendants.

No. 09-5235 MMC

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S OCTOBER 18, 2013 ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL; DIRECTIONS TO PLAINTIFF**

    Before the Court are plaintiff's Administrative Motions to File Under Seal (see Dkt. Nos. 297, 299), both filed October 18, 2013, by which motions plaintiff (1) seeks to file in the public record a redacted version of its Reply Brief in Support of its Motion for Summary Judgment of Non-Infringement, as well as to file under seal the entirety of Exhibit 14 to the Declaration of Howard G. Pollack in support thereof; and (2) seeks to file in the public record a redacted version of its Reply Brief in Support of its Motion to Exclude Testimony of Dr. Gu-Yeon Wei and Dr. Jonathan Wood. In both motions, plaintiff seeks to file under seal material designated by defendants as confidential; in one of the two motions, plaintiff also seeks to file under seal material deemed confidential by plaintiff. Having read and considered plaintiff's administrative motions, the Court rules as follows.

    A party moving to file material under seal must include a "declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable," see Civil

L.R. 79-5(d)(1)(A), and where the material is submitted in support of a dispositive motion, such party must "articulate compelling reasons supported by specific fact[s]," see Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006).  Additionally, where the submitting party seeks to file under seal a document designated as confidential by the opposing party, "the Designating Party must file a declaration . . . establishing that all of the designated information is sealable."  Civil L.R. 79-5(e)(1).  "If the Designating Party does not file a responsive declaration as required by subsection 79-5(e)(1) and the Administrative Motion to File Under Seal is denied, the Submitting Party may file the document in the public record no earlier than 4 days, and no later than 10 days, after the motion is denied."  Id. at 79-5(e)(2).

With respect to the proposed redacted portions of its Reply Brief in Support of its Motion for Summary Judgment, plaintiff asserts such material discloses "confidential internal signals and functionality" of its products that could cause competitive harm to plaintiff.  (See Dkt. No. 299, Headley Decl. ¶ 4.)  Having reviewed the subject material, the Court finds plaintiff has made the requisite showing of "compelling reasons" for the relief sought.  See Kamakana, 447 F.3d at 1178.

With respect to the sealing of its Reply Brief in Support of its Motion to Exclude, however, the requisite showing has not been made.  Plaintiff's sole basis for seeking sealing is that said document "quotes from, refers to, or otherwise discloses material that Defendants have designated confidential pursuant to the Protective Order" (Dkt. No. 297, Headley Decl. ¶ 3), and defendants, in response, state they "take[] no position regarding the confidentiality status of the material submitted" (Armstrong Decl. ¶ 6).  Similarly, plaintiff's sole basis for its proposed sealing of Exhibit 14 to the Pollack Declaration is that the material was designated by defendants as "Highly Confidential" (see Dkt. No. 299, Headley Decl. ¶ 3), and, in response, defendants again state they "take[] no position regarding the confidentiality status of the material submitted."  (Armstrong Decl. ¶ 7.)

Accordingly, for the reasons stated:

1. To the extent plaintiff seeks to file under seal designated portions of its Reply Brief

in Support of its Motion for Summary Judgment, plaintiff's motion is hereby GRANTED.

    2. To the extent plaintiff seeks to file under seal the designated portions of its Reply Brief in Support of its Motion to Exclude and the entirety of Exhibit 14 of the Pollack Declaration, plaintiff's motions are hereby DENIED.  Plaintiff is hereby DIRECTED to file in the public record, no later than November 8, 2013, an unredacted version of its Reply Brief in Support of its Motion to Exclude Testimony of Dr. Gu-Yeon Wei and Dr. Jonathan Wood, as well as Exhibit 14 to the Pollack Declaration.

**IT IS SO ORDERED.**

Dated: November 4, 2013

                                              MAXINE M. CHESNEY
                                              United States District Judge