IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POWER INTEGRATIONS, INC., | No. C-09-5235 MMC |
| Plaintiff, | **ORDER GRANTING FAIRCHILD'S MOTION TO STRIKE PORTIONS OF DR. KELLEY'S INFRINGEMENT REPORT** |
| v. | |
| FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., et al., | |
| Defendants. | |

Before the Court is the Motion to Strike Portions of Dr. Kelley's Infringement Report Containing New Infringement Positions, filed September 27, 2013, by defendants Fairchild Semiconductor International, Inc., Fairchild Semiconductor Corporation, and System General Corporation (collectively, "Fairchild"). Plaintiff Power Integrations, Inc. ("Power Integrations") has filed opposition, to which Fairchild has replied. The matter came on regularly for hearing on November 21, 2013. Frank E. Scherkenbach, Howard G. Pollack, and Michael R. Headley of Fish & Richardson P.C. appeared on behalf of Power Integrations. Blair M. Jacobs, Christina A. Ondrick, Terrence P. McMahon, and Leigh J. Martinson of McDermott Will & Emery LLP appeared on behalf of Fairchild.

For the reasons discussed on the record at the hearing, the Court finds Power Integrations was aware of its infringement contentions as to the four newly disclosed Burst-Green Mode products at a point in the litigation at which its could have filed a timely motion

1  to amend but did not do so at that time or at any time thereafter.  See Patent L.R. 3-1(b)
2  (requiring "[e]ach product, device, and apparatus" to be "identified by name or model
3  number, if known"); Patent L.R. 3-6 (allowing amendment "upon a timely showing of good
4  cause," including "[r]ecent discovery of nonpublic information").  With respect to the VS pin
5  and the DET pin, Power Integrations has not met its burden of showing said pins, and
6  infringement theories based thereon, are effectively disclosed by other information included
7  in its infringement contentions.  See Patent L.R. 3-1(c) (requiring "chart identifying
8  specifically where each limitation of each asserted claim is found within each Accused
9  Instrumentality").

10        The Court further finds, for the reasons discussed on the record, Power Integrations'
11  infringement contentions fail to include, either by incorporation or otherwise, an assertion of
12  contributory infringement.  See Patent L.R. 3-1(d) (requiring "description of the acts of the
13  alleged indirect infringer that contribute to . . . direct infringement").

14        Accordingly, the motion is hereby GRANTED.

15  **IT IS SO ORDERED.**

16  Dated: November 26, 2013

                                            MAXINE M. CHESNEY
17                                              United States District Judge