IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POWER INTEGRATIONS, INC., | No. C-09-5235 MMC |
| Plaintiff, | **ORDER DENYING FAIRCHILD'S MOTION TO EXCLUDE THE OPINIONS AND TESTIMONY OF JONATHAN D. PUTNAM; GRANTING IN PART AND DENYING IN PART POWER INTEGRATIONS' MOTION TO EXCLUDE THE OPINIONS AND TESTIMONY OF JAMES MALACKOWSKI** |
| v. | |
| FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., et al., | |
| Defendants. | |

Before the Court are two motions pertaining to the parties' respective experts on the issue of damages: (1) the Motion to Exclude the Opinions and Testimony of Jonathan D. Putnam, filed September 27, 2013, by defendants Fairchild Semiconductor International, Inc., Fairchild Semiconductor Corporation, and System General Corporation (collectively, "Fairchild"); and (2) the Motion to Exclude Testimony of James Malackowski, filed September 27, 2013, by plaintiff Power Integrations, Inc. ("Power Integrations"). Each party has filed opposition, to which the other has replied. The matters came on regularly for hearing on November 21, 2013. Frank E. Scherkenbach, Howard G. Pollack, and Michael R. Headley of Fish & Richardson P.C. appeared on behalf of Power Integrations. Blair M. Jacobs, Christina A. Ondrick, Terrence P. McMahon, and Leigh J. Martinson of McDermott Will & Emery LLP appeared on behalf of Fairchild.

### 1. Dr. Putnam

For the reasons discussed on the record at the hearing, the Court finds the challenges to Dr. Putnam's methodology in calculating damages go to the weight of his opinions and not to their admissibility. See Fed. R. Evid. 702; see also Daubert v. Merrell Dow Pharmaceuticals, Inc. ("Daubert II"), 43 F.3d 1311, 1315-16 (9th Cir. 1995) (requiring district court to determine whether expert's testimony "amounts to 'scientific knowledge,' constitutes 'good science,' and was 'derived by the scientific method'") (quoting Daubert v. Merrell Dow Pharmaceuticals, Inc. ("Daubert"), 509 U.S. 579, 590, 593 (1993)).

Accordingly, the motion to exclude the testimony of Dr. Putnam is hereby DENIED.

### 2. Mr. Malackowski

For the reasons discussed on the record at the hearing, the Court finds, with respect to indirect infringement, the challenges to Mr. Malackowski's methodology in calculating damages go to the weight of his opinions and not to their admissibility. See id. With respect to direct infringement, however, the Court finds the methodology employed is insufficient to meet the requirements of Rule 702 and Daubert.

Accordingly, to the extent Mr. Malackowski's testimony pertains to damages for indirect infringement, the motion to exclude is hereby DENIED, and to the extent his testimony pertains to damages for direct infringement, the motion to exclude is hereby GRANTED.

**IT IS SO ORDERED.**

Dated: November 26, 2013

MAXINE M. CHESNEY
United States District Judge