IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

POWER INTEGRATIONS, INC.,     No. C-09-5235 MMC

    Plaintiff,

    v.

FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC., et al.,

    Defendants.

/

**ORDER GRANTING IN PART AND DENYING IN PART POWER INTEGRATIONS' MOTION FOR SUMMARY JUDGMENT**

    Before the Court is plaintiff Power Integrations, Inc.'s ("Power Integrations") Motion for Summary Judgment of Non-Infringement Regarding U.S. Patent Nos. 5,747,977 and 8,179,700, filed September 27, 2013. Defendants Fairchild Semiconductor International, Inc., Fairchild Semiconductor Corporation, and System General Corporation (collectively, "Fairchild") have filed opposition, to which Power Integrations has replied. The matter came on regularly for hearing on November 21, 2013. Frank E. Scherkenbach, Howard G. Pollack, and Michael R. Headley of Fish & Richardson P.C. appeared on behalf of Power Integrations. Blair M. Jacobs, Christina A. Ondrick, Terrence P. McMahon, and Leigh J. Martinson of McDermott Will & Emery LLP appeared on behalf of Fairchild.

1. **'977 Patent**

    For the reasons discussed on the record at the hearing, the Court finds, with respect to the limitations on which Power Integrations' motion is based, Fairchild has submitted

sufficient evidence to raise a triable issue as to infringement. (See, e.g., Decl. of Jonathan R. Wood in Support of Fairchild's Opp'n to Power Integrations' Mot. for Summary Judgment ("Wood Decl.") ¶¶ 35-64 (describing analysis of datasheets and testing revealing threshold levels); id. ¶¶ 50-54 (describing analysis of datasheet and testing revealing presence of claim element 6(f) in TOPSwitch products); id. ¶¶ 57-62 (describing analysis of datasheet and testing revealing presence of claim element 6(f) in TinySwitch products); id. ¶¶ 65-71 (describing analysis of datasheets revealing presence of "inductor" in accused products).)

Accordingly, to the extent Power Integrations seeks summary judgment as to the '977 patent, the motion is hereby DENIED.

**2.   '700 Patent**

For the reasons discussed on the record at the hearing, the Court finds with respect to the limitations on which Power Integrations' motion is based, and to the extent Dr. Wood relies on the components disclosed in Fairchild's Supplemental Disclosure of Asserted Claims and Infringement Contentions, Fairchild has raised a triable issue as to infringement. (See, e.g., Wood Decl. ¶¶ 31; 73-76 (describing testing and technical documents showing "minimum on time" as defined by "the Court's construction of the term").) To the extent, however, Dr. Wood relies solely on components disclosed for the first time in Fairchild's proposed Amended Disclosure of Asserted Claims and Infringement Contentions, which amendments have been denied, Fairchild has failed to present admissible evidence sufficient to raise a triable issue as to infringement.

Accordingly, to the extent Power Integrations seeks summary judgement as to the '700 patent, the motion is hereby GRANTED.

**IT IS SO ORDERED.**

Dated: November 26, 2013

MAXINE M. CHESNEY
United States District Judge