United States District Court

For the Northern District of California

1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   POWER INTEGRATIONS, INC.,                    No. C-09-5235 MMC

11              Plaintiff,                         **ORDER GRANTING IN PART AND
                                                   DENYING IN PART FAIRCHILD'S
12       v.                                        MOTION FOR SUMMARY JUDGMENT**

13   FAIRCHILD SEMICONDUCTOR
     INTERNATIONAL, INC., et al.,
14
                Defendants.
15
                                          /
16   _____

17

18       Before the Court is the Motion for Summary Judgment filed September 27, 2013, by

19   defendants Fairchild Semiconductor International, Inc., Fairchild Semiconductor

20   Corporation, and System General Corporation (collectively, "Fairchild"), by which Fairchild

21   seeks judgment in its favor on Power Integrations' claims of infringement of U.S. Patent No.

22   6,212,079 ("'079 patent") and U.S. Patent No. 6,538,908 ("'908 patent"), as well as

23   judgment in its favor on Power Integrations' claim that Fairchild's U.S. Patent No. 5,747,977

24   ("'977 patent") is invalid on the basis of anticipation.  Plaintiff Power Integrations, Inc.

25   ("Power Integrations") has filed opposition, to which Fairchild has replied.  The matter came

26   on regularly for hearing on November 21, 2013.  Frank E. Scherkenbach, Howard G.

27   Pollack, and Michael R. Headley of Fish & Richardson P.C. appeared on behalf of Power

28   Integrations.  Blair M. Jacobs, Christina A. Ondrick, Terrence P. McMahon, and Leigh J.

     Martinson of McDermott Will & Emery LLP appeared on behalf of Fairchild.

1        **1.   '079 and '908 Patents**

2       For the reasons discussed on the record at the hearing, the Court hereby finds as

3 follows.

4       With respect to the limitations on which Fairchild's motion is based, Power

5 Integrations has presented sufficient evidence to raise a triable issue as to infringement.

6 (See, e.g., Decl. of Michael R. Headley in Support of Power Integrations' Opp'n to

7 Defendant's Motion for Summary Judgment ("Headley Decl.") Ex. 1 (Opening Expert

8 Report of Dr. Arthur W. Kelley) Ex. 3 at 24-35 (explaining, as to all accused products,

9 "oscillator provides non-varying number of switching cycles per second").)  With respect to

10 Fairchild's other arguments going to liability, Power Integrations likewise has submitted

11 sufficient evidence to raise a triable issue as to infringement.  (See, e.g., Headley Decl. Ex.

12 1 ¶¶ 103, 107 (identifying accused products sold in United States); id. Ex. 10 (Corrected

13 Expert Report of Jonathan D. Putnam) Ex. 4 (Fairchild employee deposition excerpts

14 concerning global supply chain); id. Ex. 15 (Kelley Dep. 104:2-10, Sept. 11, 2013) (noting

15 use of product exclusively in "green mode," while possible, would "avoid the whole point of

16 buying the product").)  Lastly, with respect to the issue of damages, Power Integrations has

17 sufficiently distinguished the authority on which Fairchild relies.

18       Accordingly, to the extent Fairchild seeks summary judgment as to the '079 and '908

19 patents, the motion is hereby DENIED.

20       **2.   '977 Patent**

21       For the reasons discussed on the record at the hearing, the Court finds Power

22 Integrations, to the extent it asserts invalidity based on anticipation, has failed to present

23 sufficient evidence to raise a triable issue.

24       Accordingly, to the extent Fairchild seeks summary judgment on the issue of

25 anticipation, the motion is hereby GRANTED.

26       **IT IS SO ORDERED.**

27 Dated: November 26, 2013

28                                MAXINE M. CHESNEY
                               United States District Judge