VOLUME 16

PAGES 3340 – 3366

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE MAXINE M. CHESNEY, JUDGE

POWER INTEGRATIONS, INC.,   )
A DELAWARE CORPORATION,      )
                             )
          PLAINTIFF,         )
                             )
  VS.                        )          NO. C 09–05235 MMC (MEJ)
                             )
FAIRCHILD SEMICONDUCTOR      )
INTERNATIONAL, INC., A       )
DELAWARE CORPORATION, ET AL.)
                             )
          DEFENDANTS.        )          SAN FRANCISCO, CALIFORNIA
_____)          TUESDAY, MARCH 4, 2014


TRANSCRIPT OF TRIAL PROCEEDINGS

APPEARANCES:

FOR PLAINTIFF:          FISH & RICHARDSON, P.C.
                        500 ARGUELLO STREET, SUITE 500
                        REDWOOD CITY, CALIFORNIA  94063
                   BY:  FRANK SCHERKENBACH, ESQ.
                        NEIL A. WARREN, ESQ.
                        MICHAEL R. HEADLEY, ESQ.
                        AMY LIANG, ESQ.


REPORTED BY:            BELLE BALL, CSR #8785, CRR, RDR
                        OFFICIAL REPORTER, U.S. DISTRICT COURT


(APPEARANCES CONTINUED, NEXT PAGE)

APPEARANCES, CONTINUED:


FOR DEFENDANTS:          MC DERMOTT, WILL & EMERY
                         500 NORTH CAPITOL STREET N.W.
                         WASHINGTON, D.C.  20001
                   BY:   BLAIR M. JACOBS, ESQ.
                         CHRISTINA A. ONDRICK, ESQ.
                         AND
                         MC DERMOTT, WILL & EMERY
                         28 STATE STREET
                         BOSTON, MASSACHUSETTS 02109
                   BY:   LEIGH J. MARTINSON, ESQ.
                         AND
                         MCDERMOTT, WILL & EMERY
                         275 MIDDLEFIELD ROAD
                         SUITE 100
                         MENLO PARK, CALIFORNIA 94025
                   BY:   MARISA CHUN, ESQ.

REPORTED BY:             BELLE BALL, CSR #8785, CRR, RDR
                         OFFICIAL REPORTER, U.S. DISTRICT COURT

3342

| | | |
|---|---|---|
| 02:12:51 | 1 | **TUESDAY, MARCH 4, 2014**                                    **2:16 P.M.** |
| | 2 | P R O C E E D I N G S |
| | 3 | (THE FOLLOWING PROCEEDINGS WERE HELD OUTSIDE OF THE |
| | 4 | PRESENCE OF THE JURY) |
| 02:16:08 | 5 | **THE CLERK:**  PLEASE COME TO ORDER. |
| | 6 | **THE COURT:**  OKAY.  AS YOU KNOW, COUNSEL, WE HAVE NOW |
| | 7 | RECEIVED A NOTE FROM THE JURY STATING THEY HAVE REACHED A |
| | 8 | VERDICT.  SO WE ARE GOING TO HAVE THEM COME IN, AND FIND OUT |
| | 9 | WHAT IT IS. |
| 02:18:44 | 10 | (THE FOLLOWING PROCEEDINGS WERE HELD IN THE PRESENCE OF |
| | 11 | THE JURY) |
| | 12 | **THE CLERK:**  PLEASE BE SEATED. |
| | 13 | **THE COURT:**  GOOD AFTERNOON, LADIES AND GENTLEMEN. |
| | 14 | THE MOST RECENT NOTE WE RECEIVED FROM THE FOREPERSON STATES |
| 02:19:03 | 15 | THAT YOU HAVE REACHED A VERDICT. |
| | 16 | IS THAT CORRECT, MR. DEGRACA? |
| | 17 | **JUROR NO. 4:**  THAT'S CORRECT. |
| | 18 | **THE COURT:**  ALL RIGHT.  AND, WOULD YOU BE GOOD ENOUGH |
| | 19 | TO HAND TO THE CLERK THE VERDICT FORM, PLEASE. |
| 02:19:13 | 20 | (REQUEST COMPLIED WITH BY JUROR NO. 4) |
| | 21 | (DOCUMENT HANDED UP TO THE COURT) |
| | 22 | **THE COURT:**  I'M GOING TO TAKE JUST A MOMENT OR TWO TO |
| | 23 | GO OVER IT.  ONCE I'VE DONE THAT, I'LL HAND IT TO THE CLERK |
| | 24 | AND ASK HER TO READ IT.  OKAY. |
| 02:19:33 | 25 | (THE COURT EXAMINES DOCUMENT) |

PROCEEDINGS

02:20:31   1          **THE COURT:**  ALL RIGHT.  MS. LUCERO, I'M GOING TO ASK

           2   YOU TO READ THE VERDICT.

           3          AND AS YOU KNOW, MANY OF THE QUESTIONS ARE IN THE FORM OF

           4   BOXES.  PROBABLY THE EASIEST WAY TO DO IT IS WHERE THE BOXES

02:20:45   5   HAVE PRODUCT TYPES, THAT YOU READ THE PRODUCT TYPE THEN THE

           6   CLAIM NUMBER, AND THEN THE RESPONSE.

           7          **THE CLERK:**  OKAY.

           8          **THE COURT:**  AND, IN SOME INSTANCES, THERE ARE QUITE A

           9   FEW PRODUCT TYPES.  AND I THINK I WOULD JUST DO A COLUMN, THEN

02:21:01  10   GO TO THE NEXT, GO TO THE NEXT.

          11          **THE CLERK:**  OKAY.

          12          **THE COURT:**  AND THEN, I SEE THERE ISN'T ANY WATER UP

          13   HERE.  I'VE KIND OF DEVELOPED A COUGH.  IF YOU COULD JUST GRAB

          14   ME A GLASS OF WATER.  I DON'T REALLY WANT TO DELAY THIS TOO

02:21:14  15   MUCH BECAUSE I KNOW EVERYONE'S WAITING, BUT I DON'T WANT TO

          16   START COUGHING IN THE MIDDLE OF YOUR READING THE VERDICT FORM.

          17          THANK YOU VERY MUCH.

          18          ALL RIGHT, LADIES AND GENTLEMEN, I'M GOING TO ASK YOU TO

          19   LISTEN VERY CAREFULLY TO THE VERDICT AS IT IS READ TO YOU.  IN

02:21:38  20   THAT REGARD, I KNOW IT IS QUITE LONG AND THERE ARE A LOT OF

          21   QUESTIONS.  IT IS POSSIBLE THAT AFTER THE VERDICT IS READ, WE

          22   MAY BE ASKING EACH OF YOU WHETHER IT IS YOUR VERDICT,

          23   INDIVIDUALLY.  AND IF SO, IT IS IMPORTANT THAT YOU DO HEAR THE

          24   FINAL VERDICT FORM SO THAT YOU CAN INDICATE IF YOU DID JOIN IN

02:21:56  25   ALL OF THE ANSWERS.

PROCEEDINGS                                                    3344

```
02:21:58   1        I'M GOING TO HAND IT NOW DOWN TO MS. LUCERO TO BE READ TO

           2   YOU.

           3             THE CLERK:  LADIES AND GENTLEMEN OF THE JURY, LISTEN

           4   TO YOUR VERDICT AS IT WILL STAND RECORDED.

02:22:11   5        NO. 1.  INFRINGEMENT OF POWER INTEGRATIONS '908 PATENT.

           6        (OFF-THE-RECORD DISCUSSION BETWEEN THE COURT AND CLERK)

           7             THE COURT:  YES, I THINK IT IS IMPORTANT TO READ THE

           8   QUESTION, OR THE ANSWER WILL NOT BE MEANINGFUL.

           9             THE CLERK:  OKAY.

02:22:28  10        HAS POWER INTEGRATIONS PROVEN BY A PREPONDERANCE OF THE

          11   EVIDENCE THAT THE ACCUSED FAIRCHILD PRODUCTS LITERALLY

          12   INFRINGE THE FOLLOWING CLAIMS OF THE '908 PATENT?

          13        SG6841 TYPE PRODUCTS:

          14        CLAIM 26.  NO.

02:22:54  15        CLAIM 27.  NO.

          16        FAN6747 TYPE PRODUCTS:

          17        CLAIM 26.  NO.

          18        CLAIM 27.  NO.

          19             THE COURT:  THEN YOU CAN START THE NEXT QUESTION WITH

02:23:17  20   "HAS POWER..."

          21             THE CLERK:  OKAY.

          22        HAS POWER INTEGRATIONS PROVEN BY A PREPONDERANCE OF THE

          23   EVIDENCE THAT THE ACCUSED FAIRCHILD PRODUCTS NEVERTHELESS --

          24   NEVERTHELESS INFRINGE ANY OF THOSE CLAIMS OF THE '908 PATENT,

02:23:35  25   UNDER THE DOCTRINE OF EQUIVALENTS?
```

02:23:41  1           **THE COURT:**  THEN YOU CAN SKIP THE QUESTION AND JUST

          2    GO TO THE ANSWER.

          3           **THE CLERK:**  OKAY.

          4      SG6841 TYPE PRODUCTS:

02:23:48  5      CLAIM 26.  YES.

          6      CLAIM 27, YES.

          7      FAN6747 TYPE PRODUCTS:

          8      CLAIM 26, YES.

          9      CLAIM 27, YES.

02:24:06 10      B, INDIRECT INFRINGEMENT.  HAS POWER INTEGRATIONS PROVEN

         11    BY A PREPONDERANCE OF THE EVIDENCE THAT FAIRCHILD INDUCED

         12    OTHERS TO INFRINGE THE '908 PATENT?

         13      BOX CHECKED IS "YES."

         14      TWO, WILLFUL INFRINGEMENT OF THE '908 PATENT.

02:24:33 15           **THE COURT:**  YOU CAN START WITH "DO YOU FIND..."

         16           **THE CLERK:**  OKAY.

         17      DO YOU FIND BY CLEAR AND CONVINCING EVIDENCE THAT

         18    FAIRCHILD'S INFRINGEMENT OF THE CLAIMS WAS WILLFUL?

         19      ANSWER, YES.

02:24:47 20      III.  INVALIDITY OF POWER INTEGRATIONS' '908 PATENT.

         21      HAS FAIRCHILD PROVEN BY CLEAR AND CONVINCING EVIDENCE THAT

         22    THE FOLLOWING CLAIMS OF THE '908 PATENT ARE ANTICIPATED AND

         23    THEREFORE INVALID?

         24      CLAIM 26, NO.

02:25:09 25      CLAIM 27, NO.

PROCEEDINGS                                    3346

02:25:13   1        INFRINGEMENT OF POWER INTEGRATIONS' '079 PATENT.

           2        DIRECT INFRINGEMENT.

           3        HAS POWER INTEGRATIONS PROVEN BY A PREPONDERANCE OF THE

           4    EVIDENCE THAT THE ACCUSED FAIRCHILD PRODUCTS LITERALLY

02:25:31   5    INFRINGE THE FOLLOWING CLAIMS OF THE '079 PATENT, IN A POWER

           6    SUPPLY?

           7        SG6841 TYPE PRODUCTS:

           8        CLAIM 31, YES.

           9        CLAIM 34, YES.

02:25:50  10        CLAIM 38, YES.

          11        CLAIM 42, YES.

          12        SG5841 TYPE PRODUCTS:

          13        CLAIM 31, YES.

          14        CLAIM 34, YES.

02:26:08  15        CLAIM 38, YES.

          16        CLAIM 42, YES.

          17        SG5841J TYPE PRODUCTS:

          18        CLAIM 31, YES.

          19        CLAIM 34, YES.

02:26:25  20        CLAIM 38, YES.

          21        CLAIM 42, YES.

          22        FAN103 TYPE PRODUCTS:

          23        CLAIM 31, YES.

          24        CLAIM 34, YES.

02:26:43  25        CLAIM 38, YES.

PROCEEDINGS 3347

02:26:45  1      CLAIM 42, YES.

        2      SG 3842G TYPE PRODUCTS:

        3      CLAIM 31, YES.

        4      CLAIM 34, YES.

02:26:59  5      CLAIM 38, YES.

        6      CLAIM 42, YES.

        7          **THE COURT:**  THEN YOU CAN START WITH "HAS POWER

        8  INTEGRATIONS..."

        9          **THE CLERK:**  INDIRECT INFRINGEMENT.

02:27:14 10          **THE COURT:**  I'M SORRY.  THAT WILL NOT APPLY.  THAT

       11  WAS ONLY TO BE USED IF THERE WAS NO FINDING AS TO DIRECT

       12  INFRINGEMENT.  IN OTHER WORDS, QUESTION 7 IS NOT USED.

       13          **THE CLERK:**  OKAY.

       14          **THE COURT:**  THEN YOU ARE CORRECT, THEN YOU GO TO

02:27:31 15  INDIRECT INFRINGEMENT.  I'M SORRY.

       16          **THE CLERK:**  OKAY.  OKAY.

       17      HAS POWER INTEGRATIONS PROVEN BY A PROVEN BY A

       18  PREPONDERANCE OF THE EVIDENCE THAT FAIRCHILD INDUCED OTHERS TO

       19  INFRINGE THE '079 PATENT?

02:27:45 20      ANSWER, YES.

       21      WILLFUL INFRINGEMENT ON THE '079 PATENT.

       22          **THE COURT:**  OKAY, THERE, START, "DO YOU..."

       23          **THE CLERK:**  OKAY.

       24      DO YOU FIND BY CLEAR AND CONVINCING EVIDENCE THAT

02:28:01 25  FAIRCHILD'S INFRINGEMENT OF THE CLAIMS WAS WILLFUL?

PROCEEDINGS

```
02:28:04   1        ANSWER, YES.

           2        INVALIDITY OF POWER INTEGRATIONS '079 PATENT.

           3        HAS FAIRCHILD PROVEN BY CLEAR AND CONVINCING EVIDENCE THAT

           4   THE FOLLOWING CLAIMS OF THE '079 PATENT ARE ANTICIPATED AND

02:28:21   5   THEREFORE INVALID?

           6        CLAIM 31, NO.

           7        CLAIM 34, NO.

           8        CLAIM 38, NO.

           9        CLAIM 42, NO.

02:28:36  10        POWER INTEGRATIONS' PATENTS - DAMAGES.

          11            THE COURT:  OH, HOLD ON ONE MINUTE.  I THINK IF YOU

          12   START WITH "WHAT IS..."

          13            THE CLERK:  OKAY.

          14            THE COURT:  SECOND LINE UNDER QUESTION 11.

02:28:49  15            THE CLERK:  OKAY.  THANK YOU.

          16        WHAT IS THE DOLLAR AMOUNT POWER INTEGRATIONS HAS PROVEN IT

          17   IS ENTITLED TO HAVE AS A REASONABLE ROYALTY FOR PAST

          18   INFRINGEMENT?

          19        DAMAGES IF BOTH THE '908 AND '079 PATENTS ARE VALID AND

02:29:10  20   INFRINGED.

          21        (OFF-THE-RECORD DISCUSSION BETWEEN THE COURT AND CLERK)

          22            THE CLERK:  $105 MILLION.

          23        INFRINGEMENT OF FAIRCHILD'S '977 PATENT.

          24        DIRECT INFRINGEMENT.

02:29:31  25        HAS FAIRCHILD PROVEN BY A PREPONDERANCE OF THE EVIDENCE
```

PROCEEDINGS                                                    3349

02:29:35  1    THAT THE ACCUSED POWER INTEGRATIONS PRODUCTS LITERALLY

          2    INFRINGE CLAIM 6 OF THE '977 PATENT WHEN USED IN A POWER

          3    SUPPLY?

          4        DPA423GN TYPE PRODUCTS:

02:29:56  5        CLAIM 6, NO.

          6        TOP232PN TYPE PRODUCTS:

          7        CLAIM 6, NO.

          8        TOP264VG TYPE PRODUCTS:

          9        CLAIM 6, NO.

02:30:15  10       TNY376 TYPE PRODUCTS:

          11       CLAIM 6, NO.

          12       LNK623PG TYPE PRODUCTS:

          13       CLAIM 6, NO.

          14           **THE COURT:**  THEN, QUESTION 13, IF YOU START MIDWAY

02:30:36  15   ACROSS THAT LINE WITH "HAS FAIRCHILD..."

          16           **THE CLERK:**  OKAY.  RIGHT.

          17       HAS FAIRCHILD PROVEN BY A PREPONDERANCE OF THE EVIDENCE

          18   THAT THE ACCUSED POWER INTEGRATIONS PRODUCTS NEVERTHELESS

          19   INFRINGE CLAIM 6 OF THE '977 PATENT, UNDER THE DOCTRINE OF

02:30:56  20   EQUIVALENTS WHEN USED IN A POWER SUPPLY?

          21       DPA423GN TYPE PRODUCTS:

          22       CLAIM 6, NO.

          23       TOP232PN TYPE PRODUCTS:

          24       CLAIM 6, NO.

02:31:17  25       TOP264VG TYPE PRODUCTS:

PROCEEDINGS

```
02:31:22   1        CLAIM 6, NO.

           2        TNY376 TYPE PRODUCTS:

           3        CLAIM 6, NO.

           4        LNK623PG TYPE PRODUCTS:

02:31:38   5        CLAIM 6, NO.

           6        INDIRECT INFRINGEMENT.

           7        HAS FAIRCHILD PROVEN BY A PREPONDERANCE OF THE EVIDENCE

           8   THAT POWER INTEGRATIONS INDUCED OTHERS TO INFRINGE THE '977

           9   PATENT?

02:31:56  10        ANSWER, NO.

          11            THE COURT:  THE NEXT ENTRY I BELIEVE IS THE DATE AND

          12   SIGNATURE OF THE FOREPERSON.

          13            THE CLERK:  YES, YOUR HONOR.  DATED MARCH 4, 2014,

          14   SIGNED BY FOREPERSON ANDREW DEGRACA.

02:32:11  15            THE COURT:  THANK YOU.

          16        MR. DEGRACA, HAVE ALL EIGHT JURORS JOINED IN EACH OF THE

          17   ANSWERS THAT WAS JUST READ BY MS. LUCERO?

          18            JUROR NO. 4:  YES.

          19            THE COURT:  THANK YOU.  DOES EITHER PARTY WISH THE

02:32:27  20   JURORS POLLED?

          21            MR. SCHERKENBACH:  NO, YOUR HONOR.

          22            MR. JACOBS:  YES, YOUR HONOR.

          23            THE COURT:  ALL RIGHT.  LADIES AND GENTLEMEN, THE

          24   FOLLOWING QUESTION IS GOING TO BE PUT TO EACH OF YOU

02:32:38  25   INDIVIDUALLY:  "IS THIS YOUR VERDICT?"
```

PROCEEDINGS                                           3351

02:32:46  1        AND THE QUESTION ASKS WHETHER EACH OF THE QUESTIONS AND

       2   ANSWERS AS READ TO YOU BY MS. LUCERO CORRECTLY REFLECTS THE

       3   VERDICT THAT YOU VOTED FOR FOR EACH OF THOSE ANSWERS.  IF EVEN

       4   ONE OF THOSE ANSWERS IS DIFFERENT THAN WHAT YOU VOTED FOR,

02:33:04  5   THEN YOU MUST ANSWER THE QUESTION "NO."

       6        ALL RIGHT.  SO THE QUESTION IS: "DID YOU JOIN IN EVERY

       7   SINGLE ONE OF THOSE ANSWERS?"  PERSONALLY.  NOT WHETHER OTHER

       8   PEOPLE DID, BUT WHETHER YOU DID, PERSONALLY.

       9        AND WE WILL START WITH MR. DANG.  OKAY.

02:33:21 10        **THE CLERK:**  MR. DANG, IS THIS YOUR VERDICT?

      11        **JUROR NO. 1:**  YES.

      12        **THE CLERK:**  MS. WONG, IS THIS YOUR VERDICT?

      13        **JUROR NO. 2:**  YES.

      14        **THE CLERK:**  MS. ZAPPARELLI, IS THIS YOUR VERDICT?

02:33:35 15        **JUROR NO. 3:**  YES.

      16        **THE CLERK:**  MR. DEGRACA, IS THIS YOUR VERDICT?

      17        **JUROR NO. 4:**  YES.

      18        **THE CLERK:**  MS. FONACIER, IS THIS YOUR VERDICT?

      19        **JUROR NO. 5:**  YES.

02:33:48 20        **THE CLERK:**  MS. RANGEL, IS THIS YOUR VERDICT?

      21        **JUROR NO. 6:**  YES.

      22        **THE CLERK:**  MR. CUNNINGHAM, IS THIS YOUR VERDICT?

      23        **JUROR NO. 7:**  YES.

      24        **THE CLERK:**  AND MR. OKAWACHI, IS THIS YOUR VERDICT?

02:33:59 25        **JUROR NO. 8:**  YES.

02:34:00  1          THE COURT:  ALL RIGHT, THANK YOU.

          2       ALL EIGHT OF THE JURORS HAVE ACKNOWLEDGED THAT THEY DID

          3   JOIN IN THE VERDICT AS READ.  AND, I WILL DIRECT THE CLERK TO

          4   RECORD THE VERDICT.

02:34:15  5       NOW, LADIES AND GENTLEMEN, YOUR TASK HERE HAS BEEN

          6   COMPLETED.  AND IT WAS, FRANKLY, CLOSE TO A HURCULEAN TASK

          7   THAT YOU WERE GIVEN.

          8       IN ANY CASE, THERE IS NO QUESTION THAT ONE SIDE WILL BE

          9   HAPPIER WITH YOUR VERDICT THAN THE OTHER, BUT THERE IS NO ONE

02:34:34 10   HERE WHO CAN QUESTION IN ANY WAY THE EFFORT THAT YOU PUT INTO

         11   THE CASE, THE ATTENTION YOU GAVE TO IT, THE SERIOUSNESS WITH

         12   WHICH YOU APPROACHED YOUR TASK IN THIS RESPECT, AND YOUR

         13   DEDICATION, REALLY, TO FULL PARTICIPATION IN OUR JUSTICE

         14   SYSTEM.

02:34:55 15       WE CANNOT DO THIS WITHOUT YOU.  AND I THINK I CAN SPEAK

         16   FOR EVERYONE IN STATING THAT YOU REALLY HAVE BEEN ONE OF THE

         17   MOST ATTENTIVE AND PERSONALLY NICEST GROUP OF JURORS THAT WE

         18   HAVE ENCOUNTERED OVER OUR NUMBER OF YEARS COLLECTIVELY IN THE

         19   COURTS.  SO, I DO WISH TO EXTEND THE APPRECIATION OF ALL

02:35:22 20   INVOLVED FOR YOUR SERVICE.

         21       AT THIS POINT, YOU ARE RELIEVED OF YOUR OBLIGATION NOT TO

         22   TALK ABOUT THE CASE.  AND NOT JUST WITHIN YOUR GROUP, BUT TO

         23   ANYONE THAT YOU WISH TO TALK TO.

         24       ON OCCASION, THE LAWYERS MAY ASK TO SPEAK TO YOU.  NOT

02:35:38 25   ALWAYS; SOMETIMES THEY DO.  IT'S NOT IMPROPER AT THIS STAGE OF

PROCEEDINGS                                                3353

```
02:35:41   1    THE CASE.  AND IF YOU WISH TO SPEAK TO THEM -- SOMETIMES THEY

           2    LIKE TO KNOW WHAT WAS OR WAS NOT PERSUASIVE ABOUT THEIR

           3    PRESENTATION.  BUT, IF YOU WISH TO SPEAK TO THEM, THAT'S FINE.

           4    IF YOU WISH TO KEEP YOUR OWN COUNSEL AND NOT SPEAK TO THEM,

02:35:54   5    THAT'S FINE AS WELL.

           6        I AM ABOUT TO DISCHARGE THE JURY.  AND I WOULD LIKE TO

           7    KNOW BEFORE I DO SO, WHETHER ANY PARTY WOULD FEEL THAT THERE'S

           8    ANYTHING ELSE THAT WE HAVE TO TAKE UP WITH THE JURORS BEFORE I

           9    LET THEM GO.

02:36:09  10            MR. SCHERKENBACH:  NOT AT THIS TIME, YOUR HONOR.

          11            THE COURT:  NO.

          12            MR. JACOBS:  NOT AT THIS TIME.

          13            THE COURT:  ALL RIGHT.  COUNSEL, YOU MAY HAVE TO

          14    STAND BY.  I'M GOING TO EXCUSE THE JURORS AND I'LL -- I'LL

02:36:18  15    GIVE YOU A SLIGHT BREAK, MAYBE TEN MINUTES OR SO, 15 MINUTES,

          16    IF YOU LIKE.  AND WE WILL RECONVENE AFTER THAT, JUST TO SEE IF

          17    THERE ARE ANY MATTERS THAT HAVE TO BE SCHEDULED AFTER THIS.

          18        IN THE MEANTIME, LADIES AND GENTLEMEN, AGAIN, THANK YOU

          19    VERY MUCH AND YOU ARE EXCUSED.  THANK YOU.

02:36:36  20        (JURY EXCUSED)

          21        (THE FOLLOWING PROCEEDINGS WERE HELD OUTSIDE OF THE

          22    PRESENCE OF THE JURY)

          23            THE COURT:  OKAY.  IT WILL TAKE THEM A LITTLE WHILE.

          24    I DON'T KNOW IF ANY OF YOU WANT TO GO OUT AND TRY TO SPEAK TO

02:36:55  25    THEM AT ALL.  IF YOU DO, IT'S FINE.  IF NOT, YOU CAN CATCH
```

02:36:59  1    YOUR BREATH.

        2        I HAD MEANT TO SAY BEFORE THE VERDICT CAME IN, NO MATTER

        3    WHAT IT IS, EVERYBODY IN THE CASE DID A REALLY SUPERLATIVE

        4    JOB.  I WAS TOTALLY IMPRESSED WITH ALL OF THE PRESENTATIONS

02:37:13  5    AND YOUR ORGANIZATION AND KNOWLEDGE OF YOUR CASES.  IT WAS

        6    QUITE EXEMPLARY.  SO, I MEANT TO SAY THAT IN ADVANCE, BUT IN

        7    ANY EVENT, I'LL SAY IT NOW.

        8        SO WE'LL STAND IN RECESS FOR ABOUT 15 MINUTES.  SO ABOUT,

        9    I GUESS, TEN TO, COME BACK AND WE SEE WHERE WE ARE THEN.

02:37:33 10            **MR. SCHERKENBACH:**  THANK YOU, YOUR HONOR.

       11            **MR. JACOBS:**  THANK YOU, YOUR HONOR.

       12            **THE COURT:**  THANKS.

       13    (RECESS TAKEN FROM 2:37 TO 2:47 P.M.)

       14            **THE CLERK:**  PLEASE COME TO ORDER.

02:49:35 15            **THE COURT:**  OKAY.  COUNSEL, ALL RIGHT.

       16            **THE CLERK:**  PLEASE BE SEATED.

       17            **THE COURT:**  WE HAVE THE VERDICT.  AND I GUESS THERE

       18    ARE SOME NUMBER OF POST-TRIAL ISSUES.  I DON'T KNOW HOW AND

       19    WHEN YOU MIGHT WANT TO TAKE THEM UP.  WHETHER YOU WANT --

02:49:52 20    WHATEVER, MAYBE YOU WANT TO TALK ABOUT IT FIRST, OR DECIDE?

       21        THERE'S THIS IDEA OF WILLFULNESS THAT WAS SUBMITTED.

       22    WHATEVER POST-TRIAL MOTIONS THAT PLAINTIFF MAY HAVE MADE -- OR

       23    NOT POST-TRIAL BUT MOTIONS FOR JUDGMENT ARE MOOTED.  BUT ANY

       24    MOTIONS THAT THE DEFENDANT MADE ARE NOT MOOT.

02:50:12 25        SO, YOU KNOW, I DON'T KNOW HOW AND WHEN --

PROCEEDINGS                                3355

02:50:17  1        **MR. JACOBS:**  WE HAVE AN AGREED-UPON SCHEDULE ALL

       2  READY FOR POST-TRIAL BRIEFING.  IT'S INCLUDED WITH THE

       3  PRETRIAL ORDER DOCUMENTS THAT WE SUBMITTED.

       4        **THE COURT:**  UH-HUH.

02:50:25  5        **MR. JACOBS:**  THERE PROBABLY ARE A FEW OTHER ISSUES

       6  THAT WE NOW NEED TO TALK ABOUT.

       7     I SUSPECT THAT WE WILL JUST GET TOGETHER WITH POWER

       8  INTEGRATIONS, TRY TO PUT EVERYTHING INTO A COMPLETE POST-TRIAL

       9  SCHEDULE, AND WE CAN GET THAT INFORMATION TO THE COURT.

02:50:36 10        **THE COURT:**  OKAY.  YOU MIGHT KEEP IN MIND, IF IT'S

      11  STILL ON, THAT IN ABOUT -- I DON'T KNOW, I GUESS IT'S STILL A

      12  COUPLE OF MONTHS OFF, BUT YOU HAVE THE -- THERE WAS THE GLOBAL

      13  SETTLEMENT CONFERENCE THAT INVOLVED YOUR -- VARIOUS CASES.

      14     EXCUSE ME WHILE -- I HELD OFF WHILE THE JURY WAS HERE, BUT

02:51:01 15  I'M GOING TO START COUGHING AGAIN.

      16     I DON'T KNOW WHETHER YOU WANT TO TRY TO WRAP THIS IN, IN

      17  SOME WAY, AS PART OF YOUR DISCUSSION OR NOT.  AS WE DISCUSSED

      18  EARLIER, THESE CASES ARE NEVER OVER JUST BECAUSE, YOU KNOW,

      19  EIGHT PEOPLE DECIDED IN ONE PARTY'S FAVOR OR ANOTHER.  SO --

02:51:24 20        **MR. JACOBS:**  THAT CONFERENCE IS MAY 1ST.  AND I THINK

      21  THAT OUR POST-TRIAL BRIEFING SCHEDULE CONTEMPLATES AND IS

      22  BUILT AROUND THAT, AT SOME LEVEL.  SO --

      23        **THE COURT:**  NOW, WHERE IS THE POST-TRIAL BRIEFING

      24  SCHEDULE?  I MEAN, DID YOU -- THIS IS SOMETHING YOU FILED,

02:51:36 25  RIGHT?

PROCEEDINGS

```
02:51:38   1              MS. ONDRICK:  (NODS HEAD)

           2              THE COURT:  AND IN WHICH DOCUMENT IS IT IN, AT THIS

           3    POINT?  IS IT IN YOUR JOINT PRETRIAL STATEMENT?

           4              MR. JACOBS:  IT IS.

02:51:43   5              THE COURT:  DO YOU WANT TO GIVE ME A HAND IN JUST

           6    FINDING WHERE THAT IS, SO WE CAN TAKE A LOOK AT IT FOR NOW?

           7          (OFF-THE-RECORD DISCUSSION BETWEEN THE COURT AND CLERK)

           8              MR. HEADLEY:  YOUR HONOR?

           9              THE COURT:  YEAH.

02:52:19  10              MR. HEADLEY:  DOCKET INDEX NO. 358.

          11              THE COURT:  UH-HUH.

          12              MR. HEADLEY:  PARAGRAPHS 43 AND --

          13              THE COURT:  HOLD ON.  YEAH.  I'LL GET THEM.

          14              MR. HEADLEY:  AND 45.  IT'S ALL ON PAGE 19.

02:52:30  15              THE COURT:  OKAY.  GREAT.  I TRY TO KEEP WHAT, YOU

          16    KNOW, MIGHT COME UP HANDY, AND I HAVE IT.  SO --

          17          (THE COURT EXAMINES DOCUMENT)

          18              THE COURT:  OKAY, YOU'RE TALKING ABOUT MAY 9.  SO

          19    THIS WOULD POST-DATE YOUR SETTLEMENT CONFERENCE IN -- WHERE IS

02:52:54  20    IT, DELAWARE?

          21              MR. HEADLEY:  YES, YOUR HONOR.

          22              MR. JACOBS:  YES.

          23              THE COURT:  BUT ONLY BY A LITTLE BIT.  YOU WOULD

          24    ALMOST HAVE TO START DOING THAT BRIEFING -- UNLESS IT'S

02:53:04  25    ALREADY DONE, AND YOU'RE JUST GOING TO RELABEL IT.
```

PROCEEDINGS                                      3357

02:53:10  1      WHATEVER CONFERENCE YOU HAVE PROBABLY WOULDN'T ALL RESOLVE

          2  IN A SINGLE DAY, ANYWAY.  SO YOU'RE NOT REALLY LEAVING

          3  YOURSELF ANY BREATHING ROOM.  YOU MIGHT WANT TO DO THAT.

          4      ASSUMING I DON'T FORGET EVERYTHING THAT'S HAPPENED HERE,

02:53:23  5  THAT HAPPENS BETWEEN, WHICH IS POSSIBLE.  YOU, OF COURSE, ARE

          6  ALL UNFORGETTABLE, BUT YOUR CASES MAY FADE.

          7      YEAH, IF YOU WANT TO STICK WITH THIS, IT'S OKAY WITH ME.

          8  I TELL YOU, YOU MIGHT WANT TO LEAVE IT FOR NOW.  AND THEN AS

          9  THINGS DEVELOP, IF YOU WANT TO ADJUST, I HAVE NO INVESTMENT IN

02:53:47 10  HAVING THIS ON ANY GIVEN DAY VERSUS ANOTHER.  THAT'S UP TO

         11  YOU.

         12          MR. JACOBS:  AND THERE ARE SOME ADDITIONAL DATES

         13  RELATING TO INEQUITABLE CONDUCT, FOR EXAMPLE.  WE NEED TO

         14  SCHEDULE SOMETHING WITH THE COURT RELATING TO THAT.  AND THEN

02:53:59 15  THE WILLFULNESS ISSUE, AS THE COURT MENTIONED AS WELL, IS NOT

         16  CONTEMPLATED BY THIS SCHEDULE.

         17      SO, I THINK IT MAKES SENSE IF WE HAVE A CHANCE TO TALK

         18  WITH POWER INTEGRATIONS, NOW THAT WE KNOW WHAT IS STILL

         19  OUTSTANDING, AND THEN WE'LL SUBMIT SOMETHING APPROPRIATE TO

02:54:13 20  THE COURT.

         21          THE COURT:  WHAT DID THEY HIDE?

         22          MR. JACOBS:  WHAT DID THEY HIDE?

         23          THE COURT:  WHAT DID THEY HIDE?  YEAH.

         24          MR. JACOBS:  KNOWLEDGE OF A FAMILY MEMBER THAT'S

02:54:23 25  RELATED, A PATENT.  AND SO, THEY WERE AWARE OF AN ARTICLE THAT

02:54:28  1    MR. BALAKRISHNAN WROTE THAT PREDATED A PATENT.  DID NOT SUBMIT

          2    TO IT THE PATENT OFFICE DURING PROSECUTION.  ULTIMATELY IT

          3    BECAME RELEVANT.  BUT, IT'S ONE OF THOSE LONG, COMPLICATED

          4    PATENT STORIES.

02:54:42  5         THE COURT:  OKAY.  WELL, I GUESS I'LL WAIT TO HEAR

          6    IT.  OKAY.  THEN, SO, AT THIS POINT, MAYBE WE DON'T HAVE TO DO

          7    ANYTHING ELSE RIGHT NOW.  MAYBE YOU HAVE ACCOUNTED FOR IT

          8    ALREADY, EXCEPT FOR, AS YOU SAY, THE INEQUITABLE CONDUCT NOW

          9    WOULD BE A COURT DETERMINATION.

02:55:04 10         MR. JACOBS:  RIGHT.

         11         MR. SCHERKENBACH:  THE ONLY OBSERVATION I WOULD MAKE

         12    IS WHILE THESE DATES WERE IN THE PRETRIAL ORDER, I DON'T

         13    BELIEVE YOU ORDERED THEM YET.  SO --

         14         THE COURT:  OH, OH, OKAY.

02:55:16 15         MR. SCHERKENBACH:  MAYBE WE SHOULD JUST REFLECT ON

         16    THE RECORD WHAT --

         17         THE COURT:  WE CAN PUT THEM IN THE MINUTES.

         18         MR. JACOBS:  THANK YOU.

         19         THE COURT:  WHY DON'T WE DO THAT.  THAT THE COURT

02:55:24 20    ADOPTS THE POST-TRIAL BRIEFING SCHEDULE SET FORTH IN THE

         21    PARTIES' JOINT PRETRIAL STATEMENT.

         22         AND, THE OPENING BRIEFS ARE DUE BY MAY 9.  RESPONSIVE BY

         23    JUNE 6 AND REPLY JUNE 20.  THIS WILL BE, YEAH, OPENING BRIEFS,

         24    RESPONSIVE AND REPLIES AS INDICATED.

02:55:50 25         AND HOW ABOUT A HEARING, THOUGH?  WE DON'T HAVE THAT

PROCEEDINGS

02:55:53  1  PROVIDED FOR HERE.  WE SHOULD HAVE SOMETHING.

2           MR. SCHERKENBACH:  AT THE COURT'S CONVENIENCE.

3           MR. JACOBS:  RIGHT.

4           THE COURT:  THE ONLY THING -- OKAY, I'M GOING TO BE

02:56:04  5  AWAY -- I DON'T KNOW THAT IT MATTERS, BECAUSE YOU'VE LEFT --

6  AND THIS IS STILL IN THE BRIEF PERIOD.  I'LL BE AWAY IN EARLY

7  JUNE, INCLUDING THE 6TH.  BUT, I DON'T HAVE TO BE HERE AT THAT

8  POINT.

9           BUT MAYBE WE OUGHT, TO JUST BE SAFE, MAYBE BUILD IN ONE

02:56:28 10  EXTRA WEEK FOR THE HEARING INSTEAD OF IT BEING TWO WEEKS,

11  MAYBE HAVE THREE WEEKS, BECAUSE I'LL BE SEEING BOTH THE

12  OPPOSITION AND REPLY TOGETHER.  I WON'T BE ABLE TO LOOK AT THE

13  OPPOSITION BEFOREHAND.

14      (OFF-THE-RECORD DISCUSSION BETWEEN COUNSEL)

02:56:44 15           MR. HEADLEY:  I THINK TWO WEEKS WOULD PLACE THAT AT

16  JULY 4TH.

17           THE COURT:  SO, THAT'S NOT A GOOD DAY ANYWAY.

18           MR. JACOBS:  NO.  SO MAYBE --

19           THE COURT:  SO THEN WE WOULD GO TO THE 11TH.  THAT

02:56:54 20  WOULD BE A WEEK OF OFF.

21           MR. JACOBS:  THAT WOULD BE OKAY WITH US.

22           MR. SCHERKENBACH:  DOES IT HAVE TO BE A FRIDAY,

23  YOUR HONOR?

24           THE COURT:  ORDINARILY THAT WOULD BE --

02:57:01 25           MR. SCHERKENBACH:  OKAY.

PROCEEDINGS                                                      3360

02:57:01  1            THE COURT:  IS THAT A BAD DAY FOR YOU, A FRIDAY?

       2  WELL, OF COURSE -- LET'S THINK ABOUT IT FOR A MINUTE.

       3      WHAT'S THE NATURE OF THE HEARING GOING TO BE?  THIS WOULD

       4  JUST BE ON PAPERS, RIGHT?

02:57:10  5            MR. JACOBS:  THAT'S RIGHT.

       6            THE COURT:  THIS WOULDN'T BE AN EVIDENTIARY HEARING

       7  AT THIS STAGE.

       8            MR. SCHERKENBACH:  CORRECT.

       9            MR. JACOBS:  THAT'S CORRECT, UNLESS WITH REGARD TO

02:57:15 10  THE INEQUITABLE CONDUCT PORTION OF THE DISPUTE WHICH WE'RE

      11  GOING TO PRESENT SEPARATELY TO THE COURT, THE COURT WANTED TO

      12  SEE, PERHAPS -- WHICH OFTEN IS THE CASE -- ONE OR TWO

      13  WITNESSES.

      14            THE COURT:  WELL, YES.  BUT THAT'S NOT PART OF THIS,

02:57:28 15  RIGHT?

      16            MR. JACOBS:  OKAY.  WE CAN HANDLE THAT ON A SEPARATE

      17  TRACK, ABSOLUTELY.

      18            THE COURT:  YEAH, I THINK -- WELL, IF -- HAD YOU

      19  INTENDED TO WRAP IT INTO THIS SCHEDULE AS WELL?

02:57:40 20            MR. JACOBS:  WHATEVER IS AT THE CONVENIENCE OF THE

      21  COURT.

      22            THE COURT:  WELL, IT'S KIND OF HARD TO SAY, BECAUSE I

      23  DON'T KNOW WHAT IT ENTAILS.  AND IT MAY INVOLVE CREDIBILITY

      24  DETERMINATIONS.  YOU ALMOST HAVE TO SEE THE PEOPLE, OR HEAR

02:57:49 25  THEM.

PROCEEDINGS                                    3361

02:57:49  1            MR. JACOBS:  I THINK SEPARATING IT PROBABLY MAKES

        2   MORE SENSE.  ALSO, I IMAGINE THAT THERE WILL BE A NUMBER OF

        3   POST-TRIAL JMOLS THAT MAY TAKE A GOOD BIT OF TIME TO DISCUSS.

        4            THE COURT:  RIGHT.  AND I DON'T KNOW, ONE RULING OR

02:58:02  5   ANOTHER MAY OBVIATE THE NEED FOR A DIFFERENT HEARING.  I CAN'T

        6   TELL AT THE MOMENT.

        7            MR. SCHERKENBACH:  JUST ON THE INEQUITABLE CONDUCT

        8   POINT, SO THERE'S NO CONFUSION ON THE RECORD.

        9            THE COURT:  SURE.

02:58:11 10            MR. SCHERKENBACH:  THAT WAS DEALT WITH IN THE

       11   PRETRIAL STATEMENT ALSO.

       12            THE COURT:  THE INEQUITABLE?

       13            MR. SCHERKENBACH:  YES.

       14            THE COURT:  WHERE IS THAT?

02:58:18 15            MR. SCHERKENBACH:  SAME PAGE, BUT AT THE BOTTOM.

       16   PARAGRAPH 45.

       17            THE COURT:  OH, THAT SAYS "ON OR BEFORE MAY 9..." SO

       18   IT'S THE SAME IDEA.

       19      LET'S SEE.  WITH A PROPOSED SET OF FINDINGS OF FACT.  NOW,

02:58:37 20   HERE, YOU HAVE OPPOSITION AS JUNE 16, AND THERE'S NO --

       21   NOTHING ON REPLIES.

       22            MR. JACOBS:  THAT'S RIGHT, YOUR HONOR, BECAUSE IT

       23   REALLY IS JUST WHAT WE SAY, AND THEN THEY RESPOND, AND THEN

       24   PERHAPS A HEARING.  AND AT THAT POINT, I THINK THE COURT WILL

02:58:54 25   BE PREPARED.

PROCEEDINGS

```
02:58:57   1          THE COURT:  OKAY.  WELL, THEN -- HMM.  YOU KNOW, WE
           2   DON'T KNOW WHAT KIND OF HEARING IT'S GOING TO BE.
           3      IF IT WERE AN EVIDENTIARY HEARING, I MIGHT WANT TO HAVE
           4   THAT ON A DAY DIFFERENT THAN A FRIDAY.  BUT I DON'T KNOW YET.
02:59:11   5      MAYBE WE SHOULD SET EVERYTHING FOR A FRIDAY AND THEN -- IS
           6   A FRIDAY BAD FOR YOU?  IS THAT WHY YOU WERE QUESTIONING ABOUT
           7   FRIDAYS?
           8          MR. SCHERKENBACH:  IN GENERAL, NO.  I THINK -- MY
           9   WIFE TELLS ME I HAVE TO BE ON A FAMILY VACATION STARTING THE
02:59:27  10   12TH, OR ELSE.
          11          THE COURT:  OH, OKAY.  THE 12TH OF JUNE?
          12          MR. SCHERKENBACH:  NO, JULY.  WE ARE IN JULY, I
          13   THINK.  SO I CAN DO THE 11TH.
          14          THE COURT:  WELL, STILL, YOU KNOW, THAT'S NOT HERE.
02:59:36  15   IF YOU'RE TRYING TO GET ORGANIZED FOR IT.
          16      I DON'T KNOW.  I MEAN, I'M NOT TRYING TO GRATUITOUSLY
          17   INTERFERE WITH YOUR TRAVEL OF PLANS.  IF THERE'S SOME OTHER
          18   WAY WE CAN JUST PICK A DIFFERENT -- HOW LONG ARE YOU GOING TO
          19   BE GONE FOR?
02:59:52  20          MR. SCHERKENBACH:  THE 25TH OF JULY, I THINK, IS A
          21   GOOD FOR US.
          22          THE COURT:  YOU'LL BE BACK THEN?  I MEAN, IT'S OKAY
          23   WITH ME.
          24          MR. SCHERKENBACH:  HOLD ON A MINUTE.  I'M SORRY, MY
03:00:02  25   COLLEAGUE, HOWARD POLLACK, IS OUT THEN.  LET'S DO THE 11TH.
```

03:00:06  1   LET'S DO THAT.

          2          **THE COURT:**  ARE YOU SURE?  I DON'T THINK THAT WORKS

          3   VERY WELL FOR YOU.

          4          **MR. SCHERKENBACH:**  AH, THAT'S WHAT REDEYES ARE FOR.

03:00:13  5   IT'S ALL RIGHT.

          6          **THE COURT:**  REALLY?

          7          **MR. SCHERKENBACH:**  REALLY.

          8          **THE COURT:**  OKAY.

          9          **MR. SCHERKENBACH:**  I MEAN, IT'S BETTER.

03:00:19 10          **THE COURT:**  THAT MAY CHANGE.  WE'RE NOT SURE EVEN

         11   WHAT'S GOING HAPPEN.  SO SHOULD I PUT THE DATES, SHOULD I ALSO

         12   ADOPT THE -- THE EQUITABLE -- INEQUITABLE CONDUCT?

         13      IS THERE ANY OTHER EQUITABLE ISSUE BESIDES THAT?  OR IS

         14   THAT IT?

03:00:36 15          **MR. JACOBS:**  THAT IS IT FROM FAIRCHILD'S PERSPECTIVE.

         16   AND I THINK THAT THOSE DATES REFLECTED IN PARAGRAPH 45, IF THE

         17   COURT COULD ADOPT THOSE.

         18          **THE COURT:**  OKAY.  SO THEN, AGAIN, I WOULD ADOPT THE

         19   BRIEFING SCHEDULE FOR EQUITABLE ISSUES, WITH THE OPENING

03:00:54 20   BRIEFS ON OR BEFORE MAY 9.  AND THE RESPONSIVE BY JUNE 16.

         21      THEN WE WILL SAY THE HEARING ON EVERYTHING WOULD BE

         22   JULY 11TH, AT 9:00.  ONCE I SEE A LITTLE MORE ABOUT WHAT'S

         23   GOING ON, WE MAY END UP PICKING A DIFFERENT DAY.

         24          **MR. JACOBS:**  YEAH.

03:01:24 25          **THE COURT:**  I WOULDN'T WANT TO SHORT-CHANGE IT IN THE

03:01:27  1    SENSE OF MAKING IT EARLIER, IN MOST INSTANCES.  WE COULD MOVE

          2    IT UNTIL AFTER MR. SCHERKENBACH'S TRIP IS OVER.

          3        AND, I DIDN'T BRING OUT MY TRIAL CALENDAR AND I DON'T KNOW

          4    IF MS. LUCERO HAS HER COPY, WHERE WE COULD JUST LOOK TO SEE

03:01:49  5    WHAT'S GOING ON DURING THAT PERIOD.  WHETHER WE CAN EXPECT --

          6    THERE MAY BE A TRIAL, I DON'T KNOW.

          7        COULD I TAKE A QUICK LOOK AT THAT JUST TO SEE WHERE --

          8    WHAT'S GOING ON?  IT'S NOT TOO BAD, EXCEPT THERE ARE SOME

          9    CASES WHICH WE EXPECT TO BE LONG ONES, AND THAT'S WHY THERE

03:02:08 10    ARE THESE GAPS.

         11        (DOCUMENT HANDED UP TO THE COURT)

         12        (THE COURT EXAMINES DOCUMENT)

         13        **THE COURT:**  THERE'S ONE CASE THAT MIGHT OVERLAP INTO

         14    THE PERIOD WE'RE TALKING ABOUT.  WELL, IF IT GOES, IT WILL BE

03:02:22 15    GOING DURING THE WEEK OF JULY 7, AND PROBABLY THE FOLLOWING

         16    WEEK.

         17        **MR. JACOBS:**  UH-HUH.

         18        **THE COURT:**  BUT AFTER THAT, WE SHOULD BE OKAY.  SO IF

         19    WE HAD TO GET INTO LIKE THE 25TH OR THE 23RD OR, YOU KNOW,

03:02:33 20    SOMETHING LIKE THAT, WE COULD DO THAT, AND I DON'T THINK IT

         21    WOULD BE A PROBLEM.

         22        (OFF-THE-RECORD DISCUSSION BETWEEN COUNSEL)

         23        **THE COURT:**  OKAY.  I WANT TO GIVE THIS BACK TO

         24    MS. LUCERO.

03:02:41 25        (DOCUMENT HANDED DOWN)

PROCEEDINGS                          3365

03:02:41   1            **THE COURT:**  THANK YOU.

           2            **MR. JACOBS:**  YOUR HONOR, WHY DON'T WE JUST PLAN FOR

           3    THE 11TH.  IT SEEMS LIKE IT'S POSSIBLE THAT IT MIGHT BUMP

           4    BACK, AND I THINK WE CAN WORK THAT OUT WITH YOUR SCHEDULE.

03:02:49   5    THAT'S FINE.

           6            **THE COURT:**  SURE.  AND THEN, YOU DON'T KNOW WHAT'S

           7    GOING TO HAPPEN IN MAY, EITHER.  I DON'T KNOW.

           8            IT WOULD BE NICE IF YOU DIDN'T HAVE TO KEEP EXPENDING VAST

           9    SUMS OF MONEY UNTIL YOU COULD GO THERE AND JUST SEE IF THERE'S

03:03:05  10    ANY WAY TO, YOU KNOW, WRAP THIS INTO SOMETHING.  BUT, OKAY.

          11            WELL, THEN, I THINK WE MAY HAVE DONE -- WE MAY HAVE DONE

          12    ALL THAT WE CAN.  THIS WAS A LONG DELIBERATION BY THE JURY.

          13    NOT NECESSARILY, GIVEN HOW MUCH THEY HAD TO DIGEST, BUT THEY

          14    NEVER ASKED ONE QUESTION, WHICH WAS VERY INTERESTING.  THEY

03:03:28  15    JUST WENT IN AND METHODICALLY -- I DON'T KNOW.  KEPT GOING

          16    OVER EVERYTHING.

          17            SO, ALL RIGHT.  MS. LUCERO, I'M JUST GOING TO HAND YOU

          18    YOUR ENVELOPE BACK THAT THE VERDICT FORM CAME IN.

          19            (DOCUMENT HANDED DOWN)

03:03:42  20            **THE CLERK:**  THANK YOU.

          21            **THE COURT:**  ALL RIGHT.  I WISH YOU WELL.  THANK YOU

          22    VERY MUCH FOR ALL YOUR PRESENTATIONS.

          23            AND, WE ARE IN RECESS AGAIN.

          24            **MR. JACOBS:**  THANK YOU, YOUR HONOR.

03:03:50  25            **MR. SCHERKENBACH:**  THANK YOU, YOUR HONOR.

3366

1          **THE COURT:**  THANKS.

2          **THE CLERK:**  COURT IS IN RECESS.

3     (CONCLUSION OF PROCEEDINGS)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**CERTIFICATE OF REPORTER**

I, BELLE BALL, OFFICIAL REPORTER FOR THE UNITED

STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY CERTIFY

THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE RECORD OF

PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

/S/  BELLE BALL

WEDNESDAY, MARCH 5, 2014

BELLE BALL, CSR 8785, CRR, RDR