IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

POWER INTEGRATIONS, INC.,

    Plaintiff,

v.

FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., et al.,

    Defendants.

No. C 09-5235 MMC

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ADMINISTRATIVE MOTION TO SEAL (DKT. NO. 582); DIRECTIONS TO PLAINTIFF**

    Before the Court is plaintiff's Administrative Motion to Seal (see Dkt. No. 582), filed May 9, 2014, by which motion plaintiff seeks to file under seal redacted portions of its Motion for a Permanent Injunction, as well as the entirety of thirteen exhibits to the declaration of Michael R. Headley in support thereof.  The documents plaintiff seeks to file under seal comprise material deemed confidential by plaintiff as well as material designated by defendants as confidential.  Having read and considered plaintiff's administrative motions, the Court rules as follows.

    A party moving to file material under seal must include a "declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable," see Civil L.R. 79-5(d)(1)(A), and, where the material is submitted in support of a dispositive motion, such party must "articulate compelling reasons supported by specific fact[s]," see

Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). Additionally, where the submitting party seeks to file under seal a document designated as confidential by the opposing party, "the Designating Party must file a declaration . . . establishing that all of the designated information is sealable." Civil L.R. 79-5(e)(1). "If the Designating Party does not file a responsive declaration as required by subsection 79-5(e)(1) and the Administrative Motion to File Under Seal is denied, the Submitting Party may file the document in the public record no earlier than 4 days, and no later than 10 days, after the motion is denied." Id. at 79-5(e)(2).

With respect to Exhibits H-K and M to the Headley Declaration and the redacted portions of the motion based thereon, plaintiff asserts such material discloses "sensitive internal details" concerning its customers and accounts. (See Dkt. No. 582, Headley Decl. ¶¶ 8-11, 13, 16.) The Court, having reviewed the subject material, finds plaintiff has made the requisite showing of "compelling reasons" for the relief sought. See Kamakana, 447 F.3d at 1178.

With respect to Exhibits C-G, L, and P-Q to the Headley Declaration and the redacted portions of the motion based thereon, plaintiff's sole basis for seeking sealing is that said documents have been designated by defendants as confidential. (See Dkt. No. 582, Headley Decl. ¶¶ 3-7, 12, 14-16). To date, defendants have not filed a responsive declaration to plaintiff's administrative motion.

Accordingly, for the reasons stated:

1. To the extent plaintiff seeks to file under seal Exhibits H-K and M to the Headley Declaration and the redacted portions of the motion for injunctive relief based thereon, plaintiff's Administrative Motion is hereby GRANTED, and said documents shall remain filed under seal.

2. To the extent plaintiff seeks to file under seal Exhibits C-G, L, and P-Q to the Headley Declaration and the redacted portions of the motion for injunctive relief based thereon, plaintiff's Administrative Motion is hereby DENIED, and plaintiff is hereby DIRECTED to file said documents and the redacted portions of the motion based thereon

in the public record no earlier than August 1 and no later than August 7, 2014.

**IT IS SO ORDERED.**

Dated: July 28, 2014

MAXINE M. CHESNEY
United States District Judge