IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POWER INTEGRATIONS, INC., | No. C 09-5235 MMC |
| Plaintiff, | **ORDER RE: POST-TRIAL MOTIONS** |
| v. | |
| FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., FAIRCHILD SEMICONDUCTOR CORPORATION, AND SYSTEM GENERAL CORPORATION, | |
| Defendants. / | |

Before the Court are four motions: (1) "Motion for Judgment as a Matter of Law that the SG6841 and FAN6747 Representative Products Literally Infringe the '908 Patent," filed May 9, 2014, by plaintiff Power Integrations, Inc. ("Power Integrations"); (2) "Motion for Judgment as a Matter of Law, New Trial, and/or Remittitur," filed June 27, 2014, by defendants Fairchild Semiconductor International, Inc., Fairchild Semiconductor Corporation, and System General Corporation (collectively, "Fairchild"); (3) "Motion for Judgment as a Matter of Law re Willfulness," filed May 9, 2014, by Fairchild; and (4) "Motion for a Finding that U.S. Patent No. 6,538,908 Is Unenforceable Due to Power Integrations' Inequitable Conduct," filed May 9, 2014, by Fairchild. The motions, which

have been fully briefed,[1] and came on regularly for hearing on August 22, 2014. Frank E. Scherkenbach, Howard G. Pollack, Michael R. Headley, Amy K. Liang, and Neil A. Warren of Fish & Richardson P.C. appeared on behalf of Power Integrations. Blair M. Jacobs, Christina A. Ondrick, and Charles J. Hawkins of McDermott Will & Emery LLP appeared on behalf of Fairchild. Having considered the papers filed in support of and in opposition to the motions and the arguments of counsel at the hearing, the Court rules as follows.

## LEGAL STANDARD

### I. Motion for Judgment as a Matter of Law

"[T]he grant or denial of a renewed motion for judgment as a matter of law . . . is proper if the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." Pavao v. Pagay, 307 F.3d 915, 918 (9th Cir. 2002). "A jury's verdict must be upheld," however, "if it is supported by substantial evidence." Id. Substantial evidence is "evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion." Id. Although the court "review[s] the record as a whole, it must disregard evidence favorable to the moving party that the jury is not required to believe, and may not substitute its view of the evidence for that of the jury." Johnson v. Paradise Valley Unified Sch. Dist., 251 F.3d 1222, 1227 (9th Cir. 2001). "While the jury's factual findings receive substantial deference on [a] motion for judgment [as a matter of law], the legal standards that the jury applies, expressly or implicitly, in reaching its verdict are considered by the district court and by the appellate court de novo to determine whether those standards are correct as a matter of law." Markman v. Westview Instruments, Inc., 52 F.3d 967, 975 (Fed. Cir. 1995).

### II. Motion for New Trial

"The trial court may grant a new trial, even though the verdict is supported by

---

[1] An opposition and reply have been filed as to each motion, with the exception of Fairchild's motion concerning inequitable conduct, as to which the parties stipulated no reply would be filed.

2

substantial evidence, if the verdict is contrary to the clear weight of the evidence, or is based upon evidence which is false, or to prevent, in the sound discretion of the trial judge, a miscarriage of justice." Hanson v. Shell Oil Co., 541 F.2d 1352, 1359 (9th Cir. 1976). The court "need not view the evidence from the perspective most favorable to the prevailing party." Landes Constr. Co. v. Royal Bank of Canada, 833 F.2d 1365, 1371 (9th Cir. 1987). Although "a decent respect for the collective wisdom of the jury . . . suggests that in most cases the judge should accept the findings of the jury regardless of his own doubts in the matter," id., a new trial should be granted "[i]f, having given full respect to the jury's findings, the judge on the entire evidence is left with the definite and firm conviction that a mistake has been committed," id. at 1371-72.

**DISCUSSION**

**I.   Power Integrations' Motion for Judgment as a Matter of Law That the SG6841 and FAN6747 Representative Products Literally Infringe the '908 Patent**

The jury found Fairchild's SG6841 and FAN6747 products infringed claims 26 and 27 of U.S. Patent No. 6,538,908 ("'908 patent") solely under the doctrine of equivalents. Power Integrations seeks judgment as a matter of law that the SG6841 and FAN6747 products also infringe claims 26 and 27 literally. The focus of the parties' dispute as to literal infringement is on the significance of the term "current limit." As construed by Judge Ware, the term "current limit," as used in Claims 26 and 27 of the '908 patent, means "a value of current that can be used by the control circuit to turn off the power switch when the amount of current passing through the power switch reaches the threshold." (See Third Claim Construction Order, filed May 9, 2009, at 5; see also id. at 4 (noting "'current limit' is used in the specification as a threshold value of current measured in amperes or microamperes").) Given the evidence presented by Fairchild, and, in particular, technical expert Dr. Gu-Yeon Wei's testimony that Fairchild's accused products use a value of voltage as the threshold value, the Court finds the record contains substantial evidentiary support for the jury's determination that Power Integrations failed to meet its burden of proof as to literal infringement.

3

Accordingly, Power Integrations' motion will be denied.

**II.    Fairchild's Motion for Judgment as a Matter of Law, New Trial, and/or Remittitur**

### A.    Infringement of the '977 Patent

The jury found Power Integrations' Group 1 and Group 2 products did not infringe claim 6 of U.S. Patent No. 5,747,977 ("'977 patent"), either literally or under the doctrine of equivalents. Fairchild seeks judgment as a matter of law that Power Integrations' Group 1 and Group 2 products infringe claim 6, both literally and under the doctrine of equivalents; in the alternative, Fairchild seeks a new trial. A number of the issues raised by Fairchild have been addressed in the context of motions made earlier in the case, and, for the reasons stated at that time as well as those set forth in Power Integrations' opposition to the instant motion, the Court finds the challenged verdict, specifically, that Fairchild failed to meet its burden of proof as to infringement, is neither lacking in evidentiary support nor contrary to the clear weight of credible evidence.

Accordingly, with respect to the '977 patent, Fairchild's motion will be denied.

### B.    Infringement/Validity of the '079 and '908 Patents

The jury found Fairchild's SG6841, SG5841, SG5841J, FAN103, and SG 3842G products literally infringed claims 31, 34, 38, and 42 of U.S. Patent No. 6,212,079 ("'079 patent"), and that Fairchild's SG6841 and FAN6747 products, as noted above, infringed claims 26 and 27 of the '908 patent under the doctrine of equivalents. The jury further found all the asserted claims to be valid.

Fairchild seeks judgment as a matter of law that its products infringe neither the '079 patent nor the '908 patent, as well as judgment as a matter of law that both patents are invalid as anticipated; in the alternative, Fairchild seeks a new trial. A number of the issues raised by Fairchild have been addressed in the context of motions made earlier in the case, and, for the reasons stated at that time as well as those set forth in Power Integrations' opposition to the instant motion, the Court finds the record at trial contained

4

1 substantial credible evidence upon which the jury could base its verdict that Fairchild
2 infringed both the '079 and '908 patents, and that said patents are valid.
3    Accordingly, with respect to infringement and invalidity of the '079 and '908 patents,
4 Fairchild's motion will be denied.

### C. Damages

6    The jury awarded damages in the amount of $105 million, based on the opinion of
7 Power Integrations damages expert, Jonathan Putnam, Ph.D. ("Dr. Putnam"), that such
8 amount constituted a reasonable royalty.  Fairchild seeks judgment as a matter of law, or,
9 in the alternative, a new trial or remittitur, on the ground that the jury's damages award was
10 based on an improper method of calculation and/or not supported by substantial evidence
11 in the record.

12    Where liability on a claim of patent infringement has been found, "the court shall
13 award the claimant damages adequate to compensate for the infringement, but in no event
14 less than a reasonable royalty for the use made of the invention by the infringer." 35
15 U.S.C. § 284.  "Two alternative categories of infringement compensation are the patentee's
16 lost profits and the reasonable royalty he would have received through arms-length
17 bargaining." Lucent Technologies, Inc. v. Gateway, Inc., 580 F.3d 1301, 1324 (Fed. Cir.
18 2009).  The most common means of calculating a reasonable royalty is based on a
19 hypothetical negotiation, which method, after assuming the patent claims to be valid and
20 infringed, "attempts to ascertain the royalty upon which the parties would have agreed had
21 they successfully negotiated an agreement just before infringement began." See id.

22    Here, Dr. Putnam based his royalty determination on a hypothetical negotiation
23 occurring in 2002 for the '079 patent and in 2003 for the '908 patent.  (See Trial Trans. Vol.
24 4 at 924: 9-11.)  Dr. Putnam opined that in the course of any such negotiation, the parties
25 would have arrived at a royalty comprised of three components, the first two in recognition
26 of losses Power Integrations would be expected to incur by reason of Fairchild's competing
27 sales and the third in recognition of the benefit to Fairchild in being able to make and sell
28 products incorporating Power Integrations' patented technology.  In particular, Dr. Putnam

1  testified that the parties would have anticipated (1) that Fairchild would make sales that
2  Power Integrations otherwise would have made (see Trial Trans. Vol. 4 at 938:12-14);
3  (2) that Power Integrations would have to reduce its prices because of Fairchild's
4  competing sales (see id. at 938:8-11); and (3) that Fairchild would make sales that Power
5  Integrations would not have made, but which Fairchild could not have made without its use
6  of Power Integrations' patented technology (See id. at 938:17-21).

       Fairchild argues that Dr. Putnam's royalty calculation resulted in an impermissible double recovery, by allowing the jury to award lost profits and a royalty for the same infringing conduct. After a thorough review of the record, the Court disagrees.

       Although at certain points in Dr. Putnam's testimony it might appear that he merely calculated actual lost profits and then added a royalty to that figure (see, e.g., Trial Trans. Vol. 4 at 943:2-944:2 (referring to "actual" sales made in 2005); id. at 946:2-5 (referring to third component as per-unit "royalty")), at other points he clarifies that his calculations represent the parties' predictions of events in the marketplace that were reasonably foreseeable at the time of the hypothetical negotiation (see, e.g., id. at 933:14-23; 939:14-940:17; 996:8-13). While Dr. Putnam did, as noted, look at actual sales figures from subsequent years, he explained that his opinion as to a reasonable royalty was based on losses the parties reasonably would have anticipated in light of information available to them at the time of the negotiation (see, e.g., id. at 944:23-945:6) (describing price differential in 2003 design competition between Power Integrations and Fairchild); DX-5683 at 26-27 (incorporating sales figures from 2001-2003)), as confirmed by subsequent events (see, e.g., Trial Trans. Vol. 4 at 997:7-16) (considering price erosion figures from later years because "there is no reason to think back in 2002 that anything different would have happened")); see also Lucent, 580 F.3d at 1334 (noting "[u]sage (or similar) data may provide information that the parties would frequently have estimated during the negotiation").

       Additionally, in assigning a value to each of the components of his reasonable royalty, Dr. Putnam considered the factors listed in Georgia-Pacific Corp. v. United States

Plywood Corp., 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), and determined, based on the testimony of Power Integrations' technical expert and other witnesses, that Power Integrations would have been in an exceptionally strong bargaining position at the time of the hypothetical negotiation. (See id. at 927:4-932:22 .)  Although Fairchild argues that Dr. Putnam's use of $0.20 per sale in assigning a value to the second and third components further constitutes a double recovery, the Court again disagrees.  Although the monetary figure is the same, Dr. Putnam made clear that the sales to which it was applied are separate and distinct (see, e.g., id. at 944:17-22; 945:14-21) and, in each instance, he explained his reasoning in choosing $0.20 as the appropriate figure (see, e.g. id. at 944:17-945:6; 977:10-978:11).

To the extent the Court has addressed at an earlier time Fairchild's remaining arguments as to the issue of damages, the Court, for the reasons stated at that time as well as those set forth in Power Integrations' opposition, remains unpersuaded, and to the extent any such argument has not been addressed earlier, the Court finds Fairchild has not shown a legal deficiency in the method of calculation or insufficiency of supporting evidence warranting a different judgment or new trial.

Accordingly, with respect to damages, the motion will be denied.

### III.     Fairchild's Motion for Judgment as a Matter of Law re Willfulness

The jury found Fairchild's infringement of both the '079 and '908 patents was willful. Fairchild seeks a judgment of nonwillfulness as a matter of law on the ground that Power Integrations failed to meet its burden of proof.

A determination as to willful infringement requires a two-step process.  First, the "patentee must show by clear and convincing evidence that the accused infringer acted with "objective recklessness," i.e., that it acted "despite an objectively high likelihood that its actions constituted infringement of a valid patent." See In re Seagate Tech., LLC, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc).  This first prong of the test is a question of law to be decided by the trial judge.  See Bard Peripheral Vascular, Inc. v. W.L. Gore & Associates, Inc., 682 F.3d 1003, 1007-08 (Fed. Cir. 2012) (holding "the objective

1 determination of recklessness, even though predicated on underlying mixed questions of
2 law and fact, is best decided by the judge as a question of law subject to de novo review).
3 Second, if the threshold objective standard is met, the patentee must then show that the
4 "objectively-defined risk" of infringement "was either known or so obvious that it should
5 have been known to the accused infringer." See Seagate, 497 F.3d at 1371.  This second,
6 subjective prong is a question of fact to be decided by the jury.  See Bard, 682 F.3d at
7 1008.[2]

"Where an accused infringer relies on a reasonable defense to a charge of infringement, the objective prong tends not to be met."  See Powell v. Home Depot U.S.A., Inc., 663 F.3d 1221, 1236 (2011) (internal citation, quotation, and alteration omitted). Here, as to both the '079 and '908 patents, Fairchild's defense to infringement centered on the wording of the claims, in particular, the word "fixed" as used in the term "fixed switching frequency" in the '079 patent and the word "current" as used in the term "current limit" in the '908 patent.  Fairchild argued that its accused products employed, respectively, a variable switching frequency and voltage rather than current.  In essence, Fairchild sought to hold Power Integrations to the ordinary meaning of the precise words it had chosen.

Turning to the '079 patent, the Court first notes that Fairchild, in support of its defense, relied heavily on Judge Ware's claim construction order, by which "switching frequency" was construed to mean "a non-varying number of switching cycles per second" (see Doc. No. 128 at 9), which construction, as Fairchild points out, more closely followed Fairchild's proposed construction (see Doc. No. 112 at 15 ("the switching frequency does not vary")) than the construction proposed by Power Integrations (see Doc. No. 109 at 18

---

[2] In denying Fairchild's motion for a pre-trial evidentiary hearing on objective willfulness, the Court advised the parties it would decide the issue of objective willfulness at the close of evidence and would submit the issue of subjective willfulness to the jury only if the Court were satisfied that objective willfulness had been proved. (See Hearing Trans. at 142:23-144:19.)  The parties subsequently reached an agreement, however, to submit the issue of willfulness to the jury in the first instance and, if willfulness were found, to seek thereafter a ruling by the Court on objective willfulness.

("the target switching frequency is intended to be substantially fixed . . .")). The Court finds the term "fixed switching frequency" was susceptible to a reasonable construction under which Fairchild's products did not infringe, and, consequently, that Power Integrations has not shown by clear and convincing evidence that Fairchild acted in spite of an objectively high likelihood that its actions constituted infringement of the '079 patent.  See, e.g., Cohesive Techs., Inc. v. Waters Corp., 543 F.3d 1351, 1374 (Fed. Cir. 2008) (finding requisite showing for willfulness not met where patent term "susceptible to a reasonable construction" under which accused infringer's products did not infringe).

Similarly, as to the '908 patent, Fairchild relied primarily on Judge Ware's construction of "current limit," which, as noted above, was construed to mean the "value of current that can be used by the control circuit to turn off the power switch when the amount of current passing through the power switch reaches the threshold."  (See Dkt. No. 148 at 5:19-20.)   In support of its defense that "value of current" is not interchangeable with "value of voltage," Fairchild, in addition to the testimony of its own expert, pointed to the file history of the '908 patent, in which the patentee argued that voltage and current are distinguishable.  Indeed, as noted above, the jury reasonably found Fairchild's products did not literally infringe the patent.  Although the jury did find infringement under the doctrine of equivalents, the Court finds Fairchild raised a substantial question as to noninfringement, and, consequently, that Power Integrations has not shown by clear and convincing evidence that Fairchild acted in spite of an objectively high likelihood that its actions constituted infringement of the '908 patent.  See, Depuy Spine, Inc. v. Medtronic Sofamor Danek, Inc., 567 F3d 1314 (Fed. Cir. 2009) (holding, even though jury found equivalence, district court correctly granted judgment of nonwillfulness where defendant had raised "substantial question" of noninfringement under doctrine of equivalents); see also Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc., 620 F.3d 1305, 1319 (Fed. Cir. 2010) (noting accused infringer raised "substantial question" sufficient to defeat charge of willfulness; citing Depuy Spine).

Lastly, although the parties cite, respectively, to determinations made by the

International Trade Commission ("ITC") and the Patent and Trademark Office ("PTO"), the Court finds the differences between the proceedings before this Court and the proceedings before the ITC and PTO, identified and argued at length by the parties, bear considerably less weight in the Court's analysis than the matters discussed above.  The Court does note, however, that, as to both patents, Fairchild was successful in having a number of the initially asserted claims invalidated by the PTO on reexamination (see Doc. No. 251-14 at 49, 58; Doc. No. 251-16 at 3, 53-54), a circumstance consistent with the Court's determination that Fairchild has not been shown to have acted with objective recklessness.

Accordingly, Fairchild's motion will be granted.

### IV. Fairchild's Motion for a Finding that U.S. Patent No. 6,538,908 Is Unenforceable Due to Power Integrations' Inequitable Conduct

Fairchild seeks a finding that the '908 patent is unenforceable based on the failure by Balu Balakrishnan, CEO of Power Integrations and a named inventor in the '908 patent, to disclose to the PTO during the prosecution of said patent two prior art references known to him at that time, specifically, an article authored by him ("Balakrishnan article") and a patent discussed therein.

Fairchild proposes the Court conduct an evidentiary hearing for the purpose of taking Mr. Balakrishnan's testimony as well as receiving any other evidence relevant to the Court's  determination of the issue.  In opposing the motion, Power Integrations argues that an evidentiary hearing is unnecessary and asks the Court to find the patent enforceable based on the evidence presently before it.

To prevail on a defense of inequitable conduct, the accused infringer must show by clear and convincing evidence that the patent applicant (1) "misrepresented or omitted material information" and (2) did so "with the specific intent to deceive the PTO." Therasense, Inc. v. Becton, Dickinson and Co., 649 F3d 1276, 1287.  With respect to the first element, it must be shown that the PTO would not have allowed the claim "but for" the nondisclosure. Id. at 1291.  With respect to the second element, an intent to deceive the

1  PTO must be "the single most reasonable inference able to be drawn from the evidence."
2  Id. at 1290. (internal quotation and citation omitted).
3     Here, as Fairchild points out, the PTO, during the reexamination proceedings,
4  rejected eight claims in the '908 patent in light of the Balakrishnan article, after which
5  Power Integrations withdrew those claims.  Under the circumstances, the Court finds it
6  appropriate to hear the testimony of Mr. Balakrishnan, as well as to receive any other
7  evidence the parties may wish to submit at the hearing.

## CONCLUSION

For the reasons stated above:

1. Power Integration's Motion for Judgment as a Matter of Law that the SG6841 and FAN6747 Representative Products Literally Infringe the '908 Patent is hereby DENIED.

2. Fairchild's Motion for Judgment as a Matter of Law, New Trial, and/or Remittitur is hereby DENIED.

3. Fairchild's Motion for Judgment as a Matter of Law re Willfulness is hereby GRANTED.

4. Ruling on Fairchild's Motion for a Finding that U.S. Patent No. 6,538,908 is Unenforceable Due to Power Integration's Inequitable Conduct is DEFERRED pending an evidentiary hearing.  The parties shall meet and confer and thereafter advise the Court as to a proposed date for the hearing.

**IT IS SO ORDERED.**

Dated: September 9, 2014

MAXINE M. CHESNEY
United States District Judge