IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POWER INTEGRATIONS, INC., | No. C 09-5235 MMC |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART FAIRCHILD'S RENEWED MOTION FOR RECONSIDERATION; SETTING STATUS CONFERENCE** |
| v. | |
| FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC. et al., | |
| Defendant. | |

Before the Court is the "Renewed Motion for Reconsideration of Order Regarding Fairchild's Renewed Motion for Judgment as a Matter of Law, New Trial, and/or Remittitur," filed October 3, 2014, by defendants Fairchild Semiconductor International, Inc., Fairchild Semiconductor Corporation, and System General Corporation (collectively "Fairchild"). Plaintiff Power Integrations, Inc. ("Power Integrations") has filed opposition, to which Fairchild has replied. The matter came before the Court for hearing on November 21, 2014. Frank Scherkenbach, Howard Pollack, and Michael Headley of Fish & Richardson P.C. appeared on behalf of Power Integrations. Robert Walters, Christina Ondrick, and Blair Jacobs of McDermott Will & Emery LLP appeared on behalf of Fairchild. The Court having considered the parties' written submissions and the arguments of counsel, hereby rules as follows.

At the outset, the Court finds Fairchild has shown good cause for reconsideration on the issue of damages, given the Federal Circuit's recent clarification of the law with respect

1  to the calculation of a reasonable royalty.  See Virnetx, Inc. v. Cisco Sys., Inc., 767 F.3d
2  1308 (Fed. Cir. 2014); see also Civil L.R. 7-9(a) (including among grounds for
3  reconsideration "a material difference in fact or law . . . from that which was presented to
4  the court").  The Court next turns to the merits of the motion.
5       As set forth in greater detail on the record at the hearing, Power Integrations'
6  damages expert, Jonathan Putnam, Ph.D. ("Dr. Putnam"), was obligated to apportion the
7  royalty solely to the patented features.  See Virnetx, 767 F.3d at 1329 (holding "patentee's
8  obligation to apportion damages only to the patented features does not end with the
9  identification of the smallest salable unit if that unit still contains significant unpatented
10  features"); see also id. at 1326 (holding "patentee may assess damages based on the
11  entire market value of the accused product *only where* the patented feature creates the
12  basis for customer demand or substantially creates the value of the component parts")
13  (emphasis in original) (internal quotation and citation omitted).
14       Dr. Putnam expressly acknowledged his royalty calculation did not include such
15  apportionment (see Trial Trans. Vol. 4 at 1028:18-21 (A. "If you have got competitors where
16  the sale of the product causes the patentee to lose something . . . you don't apportion."); id.
17  at 1031:13-1032: ("[Q.] [Y]ou have a particular method for doing apportionment . . . but you
18  don't believe that this method would be appropriate to use in this case, is that right? A. No,
19  it's not.")), and Power Integrations expressly disclaimed any reliance on the entire market
20  value exception (see Opp'n at 6:3-4 ("Power Integrations did not rely on either the EMVR or
21  the entire value of Fairchild's sales as a royalty base"); id. at 5:13-14 ("[m]oreover, the jury
22  in this case was not asked to apply the entire market value rule (EMVR)")).
23       Power Integrations' argument that VirnetX does not require apportionment where the
24  expert calculates a royalty based on the "expected harm" to the patentee (see id. at 7:5-7)
25  overlooks the Federal Circuit's clear directive therein that "[n]o matter what the form of the
26  royalty, a patentee must take care to seek only those damages attributable to the infringing
27  features," VirnetX, 767 F.3d at 1326.
28       Without the requisite apportionment, the jury lacked sufficient evidence on which to

base its damages award, and, consequently, a new trial on the issue of damages is appropriate.[1]  See Landes Const. Co. v. Royal Bank of Canada, 833 F.2d 1365, 1372 (9th Cir. 1987) (holding new trial should be granted where court "is left with the definite and firm conviction that a mistake has been committed").

Accordingly, to the extent Fairchild seeks a new trial on the issue of damages, Fairchild's motion for reconsideration is hereby GRANTED; in all other respects the motion is hereby DENIED.

In light of the above, in addition to the hearing on pending post-trial motions, scheduled for January 26, 2015, the Court will conduct a conference at which the parties shall be prepared to provide a joint proposed schedule for the new trial.

**IT IS SO ORDERED.**

Dated: November 25, 2014

_____
MAXINE M. CHESNEY
United States District Judge

---

[1] Given the above, the Court does not address herein Fairchild's argument pertaining to Dr. Putnam's use of the Lerner Markup Rule.