United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   POWER INTEGRATIONS, INC.,                No. C-09-5235 MMC

12              Plaintiff,                     **ORDER RE: MOTIONS TO EXCLUDE
                                               EXPERT TESTIMONY**
13        v.

14   FAIRCHILD SEMICONDUCTOR
     INTERNATIONAL, INC., et al.,
15
                Defendants.
16   ———————————————————————————/

17
        Before the Court are four motions, filed September 4, 2015, pertaining to the parties'

18   respective experts on the issue of damages: (1) "Motion to Exclude the Opinions and

19   Testimony of Jonathan D. Putnam," filed by defendants Fairchild Semiconductor

20   International, Inc., Fairchild Semiconductor Corporation, and System General Corporation

21   (collectively, "Fairchild"); (2) "Motion to Exclude the Opinions and Testimony of Arthur W.

22   Kelley and Charles L. Colby," filed by Fairchild; (3) "Motion to Exclude Certain Testimony of

23   Dr. Wei," filed by plaintiff Power Integrations, Inc. ("Power Integrations"); and (4) "Motion to

24   Exclude Testimony of Robert Palmatier," filed by Power Integrations.  Each party has filed

25   oppositions, to which the other has replied.

26       The matters came on regularly for hearing on October 2, 2015.  Frank E.

27   Scherkenbach, Howard G. Pollack, Michael R. Headley, and Neil Warren of Fish &

28   Richardson P.C. appeared on behalf of Power Integrations.  Blair M. Jacobs, Christina A.

Ondrick, Robert J. Walters, and Yar R. Chaikovsky of Paul Hastings LLP appeared on behalf of Fairchild.  For the reasons discussed on the record at the hearing, the Court hereby rules as follows.

**A.      Jonathan D. Putnam, Ph.D.**

Fairchild seeks an order excluding in their entirety the opinions and testimony offered by Dr. Putnam.

1.      To the extent Fairchild seeks an order excluding Dr. Putnam's opinions with respect to apportionment, the motion is GRANTED.

2.      To the extent Fairchild seeks an order excluding calculations based on Fairchild's worldwide sales, the motion is GRANTED.  See Carnegie Mellon University v. Marvell, 2015 WL 4639309, at *19-20 (Fed. Cir. Aug. 4, 2015) (rejecting, as contrary to presumption against extraterritoriality, expert's "inclu[ding] in the (past and ongoing) royalty base" sales of infringing products "made and delivered abroad, and never imported into the United States").

3.      To the extent Fairchild seeks an order excluding calculations based on price erosion as to units sold by Power Integrations outside the United States, the motion is GRANTED.  Although Carnegie Mellon addressed worldwide sales without addressing worldwide price erosion, its reasoning is equally applicable in each instance, as the alleged loss, whether of a sale in its entirety or a portion of the sales price, is, despite some arguable territorial connection, attributable in the main to the availability of the defendant's competing product outside the United States.  (See Mot. to Exclude Putnam Ex. A (Putnam Report) ¶ 174 ("Had Fairchild not entered the worldwide market, Power Integrations' prices would have been higher[;] [m]ore particularly, had Fairchild not been able to sell in the U.S., Power Integrations' prices would have been higher than they were, but not as high as if Fairchild had not entered the market at all.")); see also Carnegie Mellon, 2015 WL 4639309, at *20 (finding foreign activity, even where "factually caused, in the

1    ordinary sense, by domestic [infringing] activity," is "not enough"; noting "ease

2    of finding cross-border causal connections"); <u>Power Integrations, Inc. v.</u>

3    <u>Fairchild Semiconductor Int'l</u>, 711 F.3d 1348, 1371-72 (holding "entirely

4    extraterritorial production, use, or sale of an invention patented in the United

5    States is an independent, intervening act that, under almost all

6    circumstances, cuts off the chain of causation initiated by an act of domestic

7    infringement").

8        4.    In all other respects, the motion is DENIED.

9    **B.**    **Arthur W. Kelley, Ph.D. and Charles L. Colby, M.B.A.**

10       Fairchild seeks an order excluding certain portions of the opinions offered by Dr.

11   Kelley.

12       1.    To the extent Dr. Kelley seeks to offer opinions as to the technological

13       benefits of the patented features and the absence of equivalent benefit in

14       non-infringing products, the motion is DENIED.

15       2.    To the extent Dr. Kelley seeks to offer opinions, other than on the above

16       basis, as to the marketability of products, the motion is GRANTED.  (<u>See,</u>

17       <u>e.g.</u>, Mot. to Exclude Kelley and Colby Ex. A (Kelley Report) ¶ 70:8-11 ("[T]he

18       fact that these products were on the market, and failed to compete

19       successfully . . . with the infringing (SG/Fairchild) and practicing (Power

20       Integrations) products, demonstrates the commercial implications of the

21       technical drawbacks of burst mode discussed throughout this report.").)

22       3.    To the extent Dr. Kelley seeks to offer an opinion that a product that infringes

23       a patent other than the patent found to have been infringed in the instant case

24       cannot, as a matter of law, be a non-infringing substitute, the motion is

25       GRANTED, without prejudice to Power Integrations's offering evidence as to

26       how any such consideration may affect the parties' hypothetical negotiation

27       as to a reasonable royalty.

28       4.    To the extent Fairchild seeks an order excluding the opinions of Mr. Colby,

1    the motion is DENIED.

2  **D.    Gu-Yeon Wei, Ph.D.**

3    Power Integrations seeks an order excluding certain portions of the testimony and

4  report of Dr. Wei.

5    1.    To the extent Dr. Wei seeks to offer opinions as to the scope of coverage of

6         the asserted patents, including, but not limited to, any opinion that the '908

7         patent requires a current comparator, that the '908 patent does not cover the

8         accused products' use of threshold voltage, that the '079 patent allows for no

9         variation in frequency, or that Power Integrations is estopped, based on the

10        prosecution history, from making any particular claim, the motion is

11        GRANTED.

12   2.    To the extent Dr. Wei seeks to offer opinions based on the decision made in

13        "Fairchild V," a Delaware case involving a different patent, the motion is

14        GRANTED.

15   3.    To the extent Dr. Wei seeks to offer opinions as to the degree of innovation

16        represented by the '079 patent when compared with the technology described

17        in the "Zhou Article," the motion is DENIED.

18   4.    To the extent Dr. Wei relies on Exhibit 4 to his report, the motion is DENIED,

19        provided Fairchild can lay a foundation as to how said exhibit was prepared.

20   5.    To the extent Dr. Wei, in his opinion as to the availability of non-infringing

21        substitutes, includes any product that infringes a patent other than the

22        patent(s) it was found to have infringed in the instant case, the motion is

23        DENIED.

24  **E.    Robert Palmatier, Ph.D.**

25    Power Integrations seeks an order excluding in their entirety the opinions offered by

26  Dr. Palmatier, and, in the alternative, certain of those opinions.

27    1.    To the extent Fairchild seeks an order excluding Dr. Palmatier's opinions on

28        the asserted ground that his report, which is not a survey report, was

4

1   submitted in violation of the Court's pretrial order of May 20, 2015, the motion

2   is DENIED.

3       2.    To the extent Power Integrations seeks an order excluding Dr. Palmatier's

4   opinions as to supplier characteristics, the motion DENIED.

5       3.    To the extent Power Integrations seeks an order excluding Dr. Palmatier's

6   opinions regarding the "Morrison Article," the motion is GRANTED.

7       4.    To the extent Dr. Palmatier seeks to offer an opinion as to the relative value

8   of the patented features in Fairchild's products based on their percentage of

9   the total number of features in those products, the motion is GRANTED.

10   **IT IS SO ORDERED.**

11

12   Dated: October 8, 2015

13   MAXINE M. CHESNEY
    United States District Judge

5