IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POWER INTEGRATIONS, INC., | No. C-09-5235 MMC |
| Plaintiff, | **ORDER GRANTING IN PART AND DEFERRING RULING IN PART ON FAIRCHILD'S MOTION TO FILE UNDER SEAL PORTIONS OF ITS MOTION TO EXCLUDE JONATHAN D. PUTNAM, AND SUPPORTING EXHIBITS** |
| v. | |
| FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., et al. | |
| Defendants. | |

    Before the Court is an administrative motion to file under seal, filed September 4, 2015, by defendants Fairchild Semiconductor International, Inc., Fairchild Semiconductor Corporation, and Fairchild Corporation (collectively, "Fairchild"), pursuant to Civil Local Rule 79-5, by which Fairchild seeks permission to seal the entirety of Exhibits A - D to the Declaration of Christina A. Ondrick ("Ondrick Declaration") filed in support of "Fairchild's Motion to Exclude the Opinions and Testimony of Jonathan D. Putnam," as well as portions of Fairchild's motion that make reference to said exhibits.

    All of the material sought to be sealed has been designated confidential by both parties, and, in accordance with the requirements of the Local Rules of this district, Fairchild and plaintiff Power Integrations, Inc. ("Power Integrations") have submitted respective declarations in support of Fairchild's administrative motion. See Civil L. R. 79-5(d) (providing motion to file document under seal must be "accompanied by . . . [a]

declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable"); Civil L.R. 79-5(d)-(e) (providing, where party seeks to file under seal material designated confidential by another party, designating party must file, within four days, "a declaration . . . establishing that all of the designated information is sealable"). Having read and considered the administrative motion and the parties' respective declarations, the Court rules as follows.

To the extent the administrative motion seeks to seal the entirety of Exhibit D to the Ondrick Declaration, the Court finds good cause has been shown, and the exhibit shall remain filed under seal.

According to the parties' respective declarations, Exhibits A - C contain "Fairchild's sales, revenue, strategic marketing and product status information" (see Ondrick Decl. ¶ 4), and "Power Integrations' sales and finances, pricing terms, customers, internal marketing and sales data, costs, [and] profit margins" (see Headley Decl. ¶ 3). Although the Court agrees that Exhibits A - C contain such sealable material, each exhibit also appears to contain a substantial amount of non-sealable material.[1] "A sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law." See Civil L.R. 79-5(a). The request "must be narrowly tailored to seek sealing only of sealable material." See id.

In lieu of denial, the Court hereby DEFERS ruling on the administrative motion to the extent it seeks to seal Exhibits A - C and related portions of the motion to exclude, pending each parties' filing, by November 3, 2015, a supplemental response that identifies, with specificity, the portions of said exhibits and motion that contain such party's confidential information. Pending the Court's ruling on the parties' supplemental responses, said

---

[1] See, e.g., Ondrick Decl. Ex. A (Putnam Report) at 40-52 (describing general economic principles); Ex. B (Putnam Deposition) at 78-81 (discussing expert's understanding of applicable law); Ex. C (Malackowski Report) at 129-33 (discussing Georgia-Pacific factors and other applicable law). The foregoing citations serve as representative examples; such examples do not constitute the entirety of the redacted material that the Court has found to be non-sealable.

2

1  exhibits and motion will remain under seal.

2  **IT IS SO ORDERED.**

3  Dated: October 20, 2015

MAXINE M. CHESNEY
United States District Judge