IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POWER INTEGRATIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., et al. <br><br> Defendants. | No. C-09-5235 MMC <br><br> **ORDER GRANTING IN PART, DENYING IN PART, AND DEFERRING RULING IN PART ON FAIRCHILD'S MOTION TO FILE UNDER SEAL ITS MOTION TO EXCLUDE ARTHUR W. KELLEY AND CHARLES L. COLBY, AND SUPPORTING EXHIBITS** |

    Before the Court is an administrative motion to file under seal, filed September 4, 2015, by defendants Fairchild Semiconductor International, Inc., Fairchild Semiconductor Corporation, and Fairchild Corporation (collectively, "Fairchild"), pursuant to Civil Local Rule 79-5, by which Fairchild seeks permission to seal the entirety of Exhibits A - C and F to the Declaration of Christina A. Ondrick ("Ondrick Declaration") filed in support of "Fairchild's Motion to Exclude the Opinions and Testimony of Arthur W. Kelley and Charles L. Colby," as well as portions of Fairchild's motion that make reference to said exhibits.

    According to Fairchild, all of the material sought to be sealed has been designated confidential by plaintiff Power Integrations, Inc. ("Power Integrations"), and, in accordance with the Local Rules of this district, Power Integrations has submitted a responsive declaration in support of Fairchild's administrative motion. See Civil L.R. 79-5(d)-(e) (providing, where party seeks to file under seal material designated confidential by another

1  party, designating party must file, within four days, "a declaration . . . establishing that all of
2  the designated information is sealable").  Having read and considered the administrative
3  motion and the responsive declaration, the Court rules as follows.
4        To the extent the administrative motion seeks to seal the entirety of Exhibit C to the
5  Ondrick Declaration and the related portions of the motion to exclude, the Court finds good
6  cause has been shown, and the motion is hereby GRANTED.  The exhibit and unredacted
7  motion shall remain filed under seal.
8        In its responsive declaration, Power Integrations states it did not designate Exhibit F
9  to the Ondrick Declaration as confidential (see Headley Decl. at 3:27-28), and, accordingly,
10  Fairchild's request to file Exhibit F under seal is DENIED.  Fairchild is hereby DIRECTED to
11  file the entirety of Exhibit F in the public record.
12        According to Power Integrations's responsive declaration, Exhibit A "analyzes and
13  quotes directly from both parties' confidential internal technical, financial, marketing, and
14  sales documentation," as well as "Fairchild's internal evaluations and details regarding
15  product development," and Exhibit B contains "the same sort of confidential technical and
16  market-related documentation that was discussed in [Exhibit A]."  (See Headley Decl. ¶ 3.)
17  Although the Court agrees that Exhibits A and B contain such sealable material, each
18  exhibit also appears to contain a substantial amount of non-sealable material.[1]  "A sealing
19  order may issue only upon a request that establishes that the document, or portions
20  thereof, is privileged or protectable as a trade secret or otherwise entitled to protection
21  under the law."  See Civil L.R. 79-5(a).  The request "must be narrowly tailored to seek
22  sealing only of sealable material."  See id.
23        In lieu of denial, the Court hereby DEFERS ruling on the administrative motion to the
24  extent it seeks to seal Exhibits A and B, pending Power Integrations's filing, by

---

[1] See, e.g., Ondrick Decl. Ex. A (Kelley Report) at 14-20 (discussing background information regarding energy efficiency standards and technologies); Ex. B (Kelley Deposition) at 18-21 (discussing expert's approach to determining value of patent).  The foregoing citations serve as representative examples; such examples do not constitute the entirety of the redacted material that the Court has found is not sealable.

November 3, 2015, a supplemental response that identifies, with specificity, the portions of said exhibits that contain confidential information.  Pending the Court's ruling on the supplemental response, said exhibits will remain under seal.

**IT IS SO ORDERED.**

Dated: October 20, 2015

MAXINE M. CHESNEY
United States District Judge