IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POWER INTEGRATIONS, INC., | No. C-09-5235 MMC |
| Plaintiff, | **ORDER DENYING POWER INTEGRATIONS'S MOTION TO FILE UNDER SEAL PORTIONS OF ITS MOTION TO EXCLUDE GU-YEON WEI, AND SUPPORTING EXHIBITS** |
| v. | |
| FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., et al. | |
| Defendants. | |

Before the Court is an administrative motion to file under seal, filed September 4, 2015, by plaintiff Power Integrations, Inc. ("Power Integrations"), pursuant to Civil Local Rule 79-5, by which Power Integrations seeks permission to seal the entirety of Exhibits D and E to the Declaration of Michael R. Headley ("Headley Declaration") filed in support of "Power Integrations' Motion to Exclude Certain Testimony of Dr. Wei," as well as portions of Power Integrations's motion that make reference to said exhibits.

All of the material sought to be sealed has been designated confidential by defendants Fairchild Semiconductor International, Inc., Fairchild Semiconductor Corporation, and Fairchild (Taiwan) Corporation (collectively, "Fairchild"), and, in accordance with the requirements of the Local Rules of this district, Fairchild has submitted

a declaration in support of Power Integrations's administrative motion.[1]  See Civil L.R. 79-5(d)-(e) (providing, where party seeks to file under seal material designated confidential by another party, designating party must file, within four days, "a declaration . . . establishing that all of the designated information is sealable").  Having read and considered the administrative motion and Fairchild's declaration, the Court rules as follows.

"A sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law."  See Civil L.R. 79-5(a).  According to Fairchild's declaration, Exhibit D, which consists of excerpts from the deposition of Gaurang Shah, "includes Fairchild's confidential internal evaluations and details regarding product development," and Exhibit E, which consists of excerpts from the deposition of James Malackowski, "includes Fairchild's confidential internal financial information[,] confidential internal evaluations and details regarding product development."  (See Ondrick Decl. ¶¶ 4-5.)  It would appear, however, that the testimony, in each instance, primarily concerns matters of public record, and that the remainder of the testimony likewise fails to reveal anything of a confidential nature.

Accordingly, the administrative motion to seal is hereby DENIED, and Power Integrations is hereby DIRECTED to file the entirety of Exhibits D and E, as well as the unredacted motion to exclude, in the public record.

**IT IS SO ORDERED.**

Dated: October 20, 2015

MAXINE M. CHESNEY
United States District Judge

---

[1] Although the Headley Declaration also identifies Exhibit B as a document that Fairchild has designated confidential (see Headley Decl. ¶ 3), Fairchild does not discuss Exhibit B in its responsive declaration.  Moreover, Power Integrations does not seek leave to file said exhibit under seal in its administrative motion, and, indeed, filed the entirety of said exhibit in the public record.  Accordingly, the Court does not address Exhibit B further herein.

2