IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POWER INTEGRATIONS, INC., | No. C-09-5235 MMC |
| Plaintiff, | **ORDER GRANTING IN PART AND DEFERRING RULING IN PART ON POWER INTEGRATIONS'S MOTION TO FILE UNDER SEAL PORTIONS OF ITS OPPOSITION TO MOTION TO EXCLUDE JONATHAN D. PUTNAM, AND SUPPORTING EXHIBITS** |
| v. | |
| FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., et al. | |
| Defendants. | |

Before the Court is an administrative motion to file under seal, filed September 14, 2015, by plaintiff Power Integrations, Inc. ("Power Integrations"), pursuant to Civil Local Rule 79-5, by which Power Integrations seeks permission to seal the entirety of Exhibits 1 - 3 to the Declaration of Michael R. Headley ("Headley Declaration") filed in support of "Power Integrations' Opposition to Fairchild's Motion to Exclude the Testimony of Dr. Jonathan D. Putnam," as well as portions of Power Integrations's opposition that make reference to said exhibits.

All of the material sought to be sealed has been designated confidential by both parties, and, in accordance with the requirements of the Local Rules of this district, Power Integrations and defendants Fairchild Semiconductor International, Inc., Fairchild Semiconductor Corporation, and Fairchild (Taiwan) Corporation (collectively, "Fairchild") have submitted respective declarations in support of Power Integrations's administrative

motion. See Civil L. R. 79-5(d) (providing motion to file document under seal must be "accompanied by . . . [a] declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable"); Civil L.R. 79-5(d)-(e) (providing, where party seeks to file under seal material designated confidential by another party, designating party must file, within four days, "a declaration . . . establishing that all of the designated information is sealable"). Having read and considered the administrative motion and the parties' respective declarations, the Court rules as follows.

To the extent the administrative motion seeks to seal the entirety of Exhibit 2 to the Headley Declaration and the related portions of the opposition, the Court finds good cause has been shown, and the motion is hereby GRANTED. Exhibit 2 shall remain filed under seal.

According to the parties' respective declarations, Exhibit 1 contains "internal sales, profitability, and other competitive and financial data" (see Headley Decl. ¶ 3; Ondrick Decl. ¶ 4), and Exhibit 3 similarly contains "sales, profitability, margin, customer, and other competitive information" (see Headley Decl. ¶ 3; Ondrick Decl. ¶ 6). Although the Court agrees that Exhibits 1 and 3 contain such sealable material, each exhibit also appears to contain a substantial amount of non-sealable material.[1] "A sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law." See Civil L.R. 79-5(a). The request "must be narrowly tailored to seek sealing only of sealable material." See id.

In lieu of denial, the Court hereby DEFERS ruling on the administrative motion to the extent it seeks to seal Exhibit 1, Exhibit 3, and the related portions of the opposition, pending each parties' filing, by November 3, 2015, a supplemental response that identifies,

---

[1] See, e.g., Headley Decl. Ex. 1 (Putnam Deposition) at 170-73 (discussing expert's general methodology); Ex. 3 (Putnam Report) at 68-76 (discussing case authority concerning determination of damages in patent suits). The foregoing citations serve as representative examples; such examples do not constitute the entirety of the redacted material that the Court has found is not sealable.

with specificity, the portions of said exhibits and opposition that contain such party's confidential information.  Pending the Court's ruling on the parties' supplemental responses, said exhibits and the redacted opposition will remain under seal.

**IT IS SO ORDERED.**

Dated: October 20, 2015

MAXINE M. CHESNEY
United States District Judge