IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POWER INTEGRATIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., et al. <br><br> Defendants. | No. C-09-5235 MMC <br><br> **ORDER GRANTING IN PART AND DEFERRING RULING IN PART ON FAIRCHILD'S MOTION TO FILE UNDER SEAL PORTIONS OF ITS OPPOSITION TO MOTION TO EXCLUDE GU-YEON WEI, AND SUPPORTING EXHIBITS** |

Before the Court is an administrative motion to file under seal, filed September 14, 2015, by defendants Fairchild Semiconductor International, Inc., Fairchild Semiconductor Corporation, and Fairchild (Taiwan) Corporation (collectively, "Fairchild") pursuant to Civil Local Rule 79-5, by which Fairchild seeks permission to seal the entirety of Exhibits B and D - I to the Declaration of Christina A. Ondrick ("Ondrick Declaration") filed in support of "Fairchild's Opposition to Power Integrations' Motion to Exclude Certain Testimony of Dr. Wei," as well as portions of Fairchild's opposition that refer to said exhibits.

Exhibits B, D, E, H, and I have been designated confidential by both parties, while Exhibits F and G have been designated confidential by Fairchild only. In accordance with the requirements of the Local Rules of this district, Fairchild has submitted a declaration in support of sealing all said exhibits and the redacted portions of the opposition, see Civil L. R. 79-5(d) (providing motion to file document under seal must be "accompanied by . . . [a]

1  declaration establishing that the document sought to be filed under seal, or portions
2  thereof, are sealable"), and plaintiff Power Integrations, Inc. ("Power Integrations") has
3  submitted a responsive declaration in support of sealing Exhibits B, D, E, H, and I, and the
4  related portions of the opposition, see Civil L.R. 79-5(d)-(e) (providing, where party seeks to
5  file under seal material designated confidential by another party, designating party must
6  file, within four days, "a declaration . . . establishing that all of the designated information is
7  sealable").  Having read and considered the administrative motion and the parties'
8  respective declarations, the Court rules as follows.

"A sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law." See Civil L.R. 79-5(a).  The request "must be narrowly tailored to seek sealing only of sealable material." See id.

To the extent the administrative motion seeks permission to seal the entirety of Exhibits D, E, H, and I to the Ondrick Declaration and the related portions of the opposition, the Court finds good cause has been shown, and the motion is hereby GRANTED.  The exhibits shall remain filed under seal.

According to Fairchild, Exhibits B, F, and G contain "both parties' technical product design, sales, revenue, strategic marketing and product status information." (See Ondrick Decl. ¶ 12.)  Contrary to Fairchild's characterization, however, Exhibits B, F, and G appear to contain primarily non-sealable material.[1]

In lieu of denial, the Court hereby DEFERS ruling on the administrative motion to the extent it seeks to seal Exhibits B, F, and G and related portions of the opposition, pending each party's filing, by November 9, 2015, a supplemental response that identifies, with

---

[1] See, e.g., Ondrick Decl. Ex. B (Wei Deposition) at 22-53 (discussing expert's familiarity with power supply industry and his approach to determining availability of non-infringing alternatives), 66-89 (discussing expert's opinion as to extent of innovation in light of prior art); Ex. F (Yang Deposition) at 66-68, 82-83, 144-49 (discussing various patents other than patents at issue); Ex. G at 154-65 (discussing value of infringing product features that practice '908 patent and datasheets for products manufactured by neither party).

1  specificity, the portions of the exhibits and opposition that contain such party's confidential
2  information. Pending the Court's ruling on the parties' supplemental responses, said
3  exhibits and the unredacted opposition will remain under seal.
4  **IT IS SO ORDERED.**
5  Dated: October 26, 2015

MAXINE M. CHESNEY
United States District Judge