IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POWER INTEGRATIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., et al.<br><br>Defendants. | No. C-09-5235 MMC<br><br>**ORDER DENYING IN PART AND DEFERRING RULING IN PART ON PARTIES' MOTIONS TO FILE UNDER SEAL PORTIONS OF REPLY BRIEFS FILED IN SUPPORT OF MOTIONS TO EXCLUDE EXPERT TESTIMONY** |

Before the Court are the following three administrative motions to file under seal, each filed September 18, 2015, pursuant to Civil Local Rule 79-5: (1) "Fairchild's Administrative Motion to File Under Seal Fairchild's Brief in Further Support of Fairchild's Motion to Exclude the Opinions and Testimony of Jonathan D. Putnam," (2) "Fairchild's Administrative Motion to File Under Seal Fairchild's Reply Brief in Support of its Motion to Exclude the Opinions and Testimony of Arthur W. Kelley and Charles L. Colby," and (3) "Plaintiff Power Integrations' Administrative Motion to Seal," which pertains to plaintiff's "Reply in Support of its Motion to Exclude Certain Testimony of Dr. Wei." By said motions, the parties seek permission to seal portions of three of the reply briefs submitted in support of motions to exclude expert testimony.

All of the material sought to be sealed has been designated confidential by both parties, and, in accordance with the requirements of the Local Rules of this district, both

parties have submitted respective declarations in support of each of the above-referenced administrative motions. See Civil L. R. 79-5(d) (providing motion to file document under seal must be "accompanied by . . . [a] declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable"); Civil L.R. 79-5(d)-(e) (providing, where party seeks to file under seal material designated confidential by another party, designating party must file, within four days, "a declaration . . . establishing that all of the designated information is sealable"). Having read and considered the administrative motions and the parties' respective declarations, the Court rules as follows.

"A sealing order may issue only upon a request that establishes that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law." See Civil L.R. 79-5(a). The request "must be narrowly tailored to seek sealing only of sealable material." See id.

According to the parties, "Fairchild's Administrative Motion to File Under Seal Fairchild's Reply Brief in Support of its Motion to Exclude the Opinions and Testimony of Arthur W. Kelley and Charles L. Colby" seeks to seal confidential "information related to both parties' technical product design, sales, revenue, strategic marketing and product status information" (see Ondrick Decl. ¶ 4), and "detailed technical information and analysis regarding the parties' products and their functionality" (see Headley Decl. ¶ 3). Contrary to the parties' characterizations, the material sought to be sealed does not appear to be confidential in any manner. Rather, the designated material appears to consist entirely of Fairchild's criticism of Dr. Kelley's understanding of the law as to non-infringing substitutes. Accordingly, the Court hereby DENIES the motion, and DIRECTS defendants to file the unredacted reply brief in the public record .

Similarly, the parties contend that "Plaintiff Power Integrations' Administrative Motion to Seal" portions of its "Reply in Support of its Motion to Exclude Certain Testimony of Dr. Wei" seeks sealing of "both parties' confidential internal technical and competitive information." (See Headley Decl. ¶ 3; Ondrick Decl. ¶ 3.) Once again, contrary to the

1  parties' characterization, the material sought to be sealed does not appear to be
2  confidential, and, rather, appears to consist entirely of Dr. Wei's opinions as to the scope of
3  coverage of plaintiff's patents, albeit opinions with which plaintiff disagrees.  Accordingly,
4  the Court hereby DENIES the motion, and DIRECTS plaintiff to file the unredacted reply
5  brief in the public record.

6          Lastly, the parties contend that "Fairchild's Administrative Motion to File Under Seal
7  Fairchild's Brief in Further Support of Fairchild's Motion to Exclude the Opinions and
8  Testimony of Jonathan D. Putnam" seeks to seal "revenue, strategic marketing and product
9  status information" (see Ondrick Decl. ¶ 4) and "information regarding sales, finances,
10  pricing, cost, profit margins" (see Headley Decl. ¶ 3).  In addition, however, the motion
11  seeks to seal substantial amounts of non-sealable material.[1]  In lieu of denial, the Court
12  hereby DEFERS ruling on the administrative motion, pending each party's filing, by
13  November 9, 2015, a supplemental response that identifies, with specificity, the portions of
14  the reply brief that contain such party's confidential information.  Pending the Court's ruling
15  on the parties' supplemental responses, the unredacted reply brief will remain under seal.

16  **IT IS SO ORDERED.**

17  Dated:  October 26, 2015

                                            MAXINE M. CHESNEY
18                                              United States District Judge

---

[1] See, e.g., Def.'s Reply at 4:13-15 (referencing expert's testimony that he made "no methodological changes . . . to his damages components between the two reports"); 5:27-28 (asserting expert failed to "value the '079 and '908 patents as reflected in the accused products"); 8:25-26 (quoting expert's testimony that "he understood he 'was obligated to apportion the royalties solely to the patented features'").  The foregoing citations serve as representative examples; such examples do not constitute the entirety of the redacted material that the Court has found is not sealable.