IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POWER INTEGRATIONS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., et al.,<br><br>    Defendants. | Case No. 15-cv-04854-MMC<br><br>**ORDER GRANTING MOTION TO STAY**<br><br>Re: Dkt. No. 73 |
| POWER INTEGRATIONS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., et al.,<br><br>    Defendants. | Case No. 09-cv-05235-MMC<br><br>**ORDER DENYING MOTION TO STAY**<br><br>Re: Dkt. No. 1006 |

Before the Court are two motions to stay filed by defendants Fairchild Semiconductor International, Inc., Fairchild Semiconductor Corporation, and Fairchild (Taiwan) Corporation (collectively, "Fairchild") on, respectively, November 10, 2016 (Case No. 15-4854) and November 11, 2016 (Case No. 09-5235). Plaintiff Power Integrations, Inc. ("Power Integrations") has filed opposition to each motion, to which Fairchild has filed separate replies. Having read and considered the papers filed in support of and in opposition to the motions, the Court rules as follows.[1]

//

//

---

[1] By orders filed December 12, 2016, the Court took the matters under submission.

**A. Case No. 15-4854 – "Motion to Stay Pending Inter Partes Review and Reexamination"**

Fairchild moves to stay all proceedings in Case No. 15-4854 pending resolution of six challenges filed with the United States Patent Trial and Appeal Board ("PTAB").

The Court, having considered the relevant factors, see Telemac Corp. v. Teledigital, Inc., 450 F.Supp.2d 1107, 1111 (N.D. Cal. 2004) (setting forth three non-exclusive factors: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of a case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party") finds, for the reasons stated by Fairchild, each such factor weighs in favor of a stay.[2]

The Court however, does not find a stay of the scope and length requested by Fairchild is warranted. In particular, to the extent Fairchild seeks a stay pending resolution of IPR Nos. 2016-01589, 2016-01590, and 2016-01597, the Court finds Fairchild has failed to show good cause, said petitions pertaining solely to claims not implicated in the present case; further, as to the remaining three challenges, IPR No. 2016-00809, IPR No. 2016-01588, and Ex Parte Reexamination No. 90/008,326, the Court, at this time, declines to extend the stay for a period encompassing appeals from the PTAB's ruling, without prejudice to Fairchild's renewing such request, as appropriate, at a later date.

---

[2] As to the third factor, although the Court is not persuaded by Fairchild's argument that Power Integrations' failure to move for a preliminary injunction is dispositive, the Court agrees that Power Integrations has failed to identify the type of consequences courts have recognized in finding undue prejudice or clear tactical disadvantage. See, e.g., Sliptrack Sys., Inc. v. Metal Lite, Inc., 159 F.3d 1337, 1349 (Fed. Cir. 1998) (reversing order granting stay, where stay potentially would prevent plaintiff from raising in district court issue of priority of invention); Robert Bosch Healthcare Sys., Inc. v. Cardiocom, LLC, No. C 14-1575 EMC, 2014 WL 3107447, at *5 (N.D. Cal. July 3, 2014) (noting, as example of "dilatory . . . tactics," party's "seeking reexamination on the eve of trial or after protracted discovery") (internal quotation and citation omitted).

**B. Case No. 09-5235 – "Motion to Stay"**

Fairchild moves to stay all proceedings in Case No. 09-5235 pending resolution of two IPR proceedings and Power Integrations, Inc. v. Fairchild Semiconductor Int'l, No. 2015-1329, -1388, an appeal before the Federal Circuit arising from a case brought by Power Integrations against Fairchild in the District of Delaware ("Fairchild II").

First, to the extent Fairchild seeks a stay pending resolution of Fairchild II, such ground is no longer applicable, as the Federal Circuit issued its decision in Fairchild II on December 12, 2016. (See Statement of Recent Decision, filed Dec. 12, 2016, Ex. A.).

To the extent Fairchild seeks a stay pending resolution of the two IPR proceedings, the Court finds, for the reasons stated by Power Integrations, each of the three relevant factors, see Telemac Corp., 450 F.Supp.2d at 1111, weighs against a stay.[3]

**CONCLUSION**

For the reasons stated above:

1. The motion to stay all proceedings in Case No. 15-4854 is hereby GRANTED and said action is hereby STAYED pending resolution of IPR Nos. 2016-00809 and 2016-01588 and Reexamination No. 90/008,326. All existing pretrial and trial deadlines and dates are hereby VACATED in said action. No later than one year from the date of this order, and every 180 days thereafter, the parties shall file a joint status report to apprise the Court of the status of the inter partes and reexamination proceedings.

2. The motion to stay all proceedings in Case No. 09-5235 is hereby DENIED.

**IT IS SO ORDERED.**

Dated: December 15, 2016

MAXINE M. CHESNEY
United States District Judge

---

[3] In this instance, as to the third factor, the Court, given the late stage of the case, finds persuasive Power Integrations' argument as to tactical disadvantage. See, e.g., Bosch, 2014 WL 3107447, at *5 (noting, as example of "dilatory . . . tactics," party's "seeking reexamination on the eve of trial or after protracted discovery") (internal quotation and citation omitted).