IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POWER INTEGRATIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., et al.,<br><br>Defendants. | Case No. 09-cv-05235-MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ENHANCED DAMAGES AND ATTORNEYS' FEES; DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE ADDITIONAL BRIEFING**<br><br>Re: Dkt. Nos. 931, 998 |

Before the Court is plaintiff Power Integrations, Inc.'s ("Power Integrations") motion for enhanced damages and attorneys' fees, filed January 4, 2016. On March 25, 2016, defendants Fairchild Semiconductor International, Inc., Fairchild Semiconductor Corporation, and Fairchild (Taiwan) Corporation (collectively, "Fairchild") filed opposition, and, on April 15, 2016, Power Integrations filed a reply. Thereafter, on September 13, 2016, and September 27, 2016, respectively, the parties filed simultaneous opening and responsive briefs as to the effect of the Supreme Court's recent decision in Halo Elec., Inc. v. Pulse Elec., Inc., 136 S. Ct. 1923 (2016), on the motion for enhanced damages.[1] Having considered the parties' respective written submissions, the Court rules as follows.

//

---

[1] On September 30, 2016, Power Integrations filed a motion for leave to file a reply to Fairchild's responsive brief, on the asserted grounds that Fairchild had, for the first time, raised therein arguments based on (1) a recent finding, arguably favorable to Fairchild here, on a petition for inter partes review, and (2) Fairchild's reasonable reliance at trial on case authority that subsequently was abrogated. On October 3, 2016, Fairchild filed opposition thereto. The Court, in ruling on the instant motion, has not in any manner relied on the former, and, contrary to Power Integrations' argument, the latter was raised by Fairchild in its opening brief. Accordingly, the motion to file additional briefing is hereby DENIED.

**BACKGROUND**

On November 4, 2009, Power Integrations filed the above-titled action against Fairchild and System General Corporation ("SG"),[2] asserting claims for infringement of U.S. Patent Nos. 6,212,079 ("'079 Patent") and 6,538,908 ("'908 Patent"), and, on May 5, 2010, Fairchild and SG counterclaimed for infringement of U.S. Patent No. 5,747,977 ("'977 Patent").[3] In February and March 2014, the Court presided over a trial, in which the jury found Fairchild had willfully infringed the '079 and '908 patents; the jury found no infringement of the '977 patent. On September 9, 2014, the Court granted Fairchild's motion for judgment as a matter of law ("JMOL") on the jury's finding of willful infringement.

By the instant motion, first brought after the 2014 trial and renewed after a retrial on damages in December 2015, Power Integrations asks the Court to award it enhanced damages, pursuant to 35 U.S.C. § 284, and attorneys' fees, pursuant to 35 U.S.C. § 285.

**ENHANCED DAMAGES**

**A. Legal Standard**

Upon a finding of patent infringement, a district court "may increase the damages up to three times the amount found or assessed." 35 U.S.C. § 284. Although district courts have "discretion in deciding whether to award enhanced damages and in what amount," such damages "are not to be meted out in a typical infringement case," see Halo, 136 S. Ct. at 1932, but, rather, are "designed as a punitive or vindictive sanction," for "egregious cases typified by willful misconduct," id. at 1934.

---

[2] In the Complaint, Power Integrations alleges SG committed the initial acts of infringement. In 2007, SG was acquired by Fairchild, and, in 2014, the caption of the Complaint was amended to remove SG as a defendant.

[3] Initially, Power Integrations asserted a claim for infringement of U.S. Patent No. 6,351,398 ("'398 Patent"), and Fairchild counterclaimed for infringement of U.S. Patent Nos. 7,257,008 ("'008 Patent") and 8,179,700 ("'700 Patent"). Prior to trial, the parties withdrew their respective claims as to the '398 and '008 Patents, and the Court granted summary judgment in favor of Power Integrations on Fairchild's claim for infringement of the '700 Patent.

2

1     "An award of enhanced damages requires a showing of willful infringement." In re Seagate Technology, LLC, 497 F.3d 1360, 168 (Fed. Cir. 2007). To establish willful infringement, a patentee, at the time of trial of the instant case, was required to show, "by clear and convincing evidence," (1) "that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent"; and (2) "that this objectively-defined risk . . . was either known or so obvious that it should have been known to the accused infringer." Id. at 1371. Recently, however, the Supreme Court unanimously rejected Seagate's "threshold requirement" of objective recklessness and heightened standard of proof, holding instead that "the subjective willfulness of a patent infringer, intentional or knowing, may warrant enhanced damages, without regard to whether his infringement was objectively reckless," and that only a "preponderance of the evidence" was required. See Halo, 136 S. Ct. at 1932-33 (holding Seagate standard "impermissibly encumbers the statutory grant of discretion to district courts") (internal quotation and citation omitted).

**B. Discussion**

    Power Integrations asks the Court to reinstate the jury's finding of willful infringement, as determined under Seagate's subjective prong, and award enhanced damages. Fairchild, in opposition, argues (1) that the jury's finding of subjective willfulness is not supported by substantial evidence and, at a minimum, a new trial is required on the issue given Fairchild's reliance on the then applicable Seagate standard, and (2) that, in any event, this is not the type of case in which enhanced damages are warranted.

**1. Reinstatement of Jury's Finding of Subjective Willfulness**

    At the outset, before considering Fairchild's arguments, the Court addresses the procedural posture of the case. Here, the jury found, under the then applicable Seagate standard, that Fairchild had willfully infringed the '079 and '908 patents, and the Court thereafter granted JMOL in favor of Fairchild, on the theory that the record lacked substantial evidence to support the jury's finding as to the first prong of the Seagate

standard, objective recklessness.[4]  Under such circumstances, as the Federal Circuit recently has held, the Court "must vacate [its] determination of no willful infringement."  See WesternGeco L.L.C. v. ION Geophysical Corp., 837 F.3d 1358, 1363 (Fed. Cir. 2016).  The Court next turns to the sufficiency of the evidence to support the jury's finding as to subjective willfulness.

Previously, the Court, in ruling on the issue of willfulness, did not reach Fairchild's challenge to the jury's finding as to the subjective prong, given the Court's ruling in Fairchild's favor on the objective prong.  Now, given the above-referenced recent case authority, the Court returns to the question of subjective willfulness, in accordance with the Federal Circuit's instruction that district courts, engaging in such analysis post-Halo, are to "review the sufficiency of [the] evidence as a predicate to any award of enhanced damages, mindful of Halo's replacement of Seagate's clear and convincing evidence standard with the preponderance of the evidence standard." WesternGeco, 837 F.3d at 1363-64.

In so doing, the Court first notes that "[k]nowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages."  WBIP v. Kohler, 829 F.3d 1317, 1341 (Fed. Cir. 2016).  Additionally, as under prior case authority, a party seeking a finding of willfulness is required to prove to the jury that "the risk of infringement was either known or so obvious that it should have been known" to the alleged infringer.  See Halo, 136 S. Ct. at 1930 (internal quotation and citation omitted).

Here, Power Integrations presented evidence that (1) SG was aware of the '079 and '908 patents by 2004 at the latest, when Power Integrations first sued SG and SG sought reexamination of said patents; (2) the validity of said patents was confirmed upon

---

[4] Prior to trial, the Court had proposed a procedure by which the Court would rule on the issue of objective willfulness at the close of evidence and submit the issue of subjective willfulness to the jury only if the Court were satisfied objective willfulness had been proved.  The parties, however, agreed to submit both prongs to the jury in the first instance and, if willfulness were found, to seek thereafter a ruling by the Court on objective willfulness.

4

reexamination in 2009, prior to the filing of the instant action; and (3) although SG and Fairchild viewed Power Integrations as a competitor and regularly consulted their competitors' patents to ensure they did not infringe, Dr. Gary Lin, cofounder of SG and head of Fairchild's power conversion unit from 2007 to 2013, did not review the '079 and '908 patents until 2013, was not aware of any internal analysis of their validity, and, despite his knowledge that SG initiated reexamination of said patents, did not inquire into the reexamination results. Such evidence, construed "in the light most favorable to the non-moving party," is "adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion." See Pavao v. Pagay, 307 F.3d 915, 918 (9th Cir. 2002) (setting forth standard applicable to motion for JMOL).

As to Fairchild's argument that a new trial on willfulness is required because Fairchild based its defenses on the Seagate standard rather than the Halo standard, the Court is not persuaded. Although, as Fairchild points out, it focused its efforts on the objective prong of the Seagate standard, it did so knowing full well the jury would be instructed to make findings as to both prongs of the willfulness test. Further, as noted by Power Integrations, the Federal Circuit has found "there is no basis for a new trial on willful misconduct" where a jury has found an infringer "was subjectively willful under the second part of the Seagate standard," and the evidence before the jury on that issue was sufficient to support such a finding. See Innovention Toys, LLC v. Mega Entertainment, Inc., -- Fed. Appx. --, 2016 WL 4151240, at *2 (Fed. Cir. Aug. 5, 2016). Accordingly, the Court turns to Fairchild's remaining argument.

**2. Exercise of Discretion as to Enhanced Damages**

Willful infringement having been established, the Court next considers whether it should exercise its discretion to award enhanced damages, recognizing such damages ordinarily are reserved for conduct that has been variously described by the Supreme Court as "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or [even] characteristic of a pirate." See Halo, 136 S. Ct. at 1932.

The "paramount determination" bearing on a court's decision as to whether to

grant an enhancement is "the egregiousness of the defendant's conduct based on all the facts and circumstances." See Read Corp. v. Portec Inc., 970 F.2d 816, 826 (Fed. Cir. 1992). In Read, the Federal Circuit, in an effort to assist district courts in exercising their discretion, identified nine non-exclusive factors, which district courts continue to consult post-Halo as "useful guideposts." See Finjan v. Blue Coat Systems, Inc., No. 13-CV-0399-BLF, 2016 WL 3880774, at *16 (N.D. Cal. July 18, 2016). The nine Read factors are as follows: (1) "whether the infringer deliberately copied the ideas or design of another"; (2) "whether the infringer, when he knew of the other's patent protection, investigated the scope of the patent and formed a good faith belief that it was invalid or that it was not infringed"; (3) "the infringer's behavior as a party to the litigation"; (4) "[d]efendant's size and financial condition"; (5) "[c]loseness of the case"; (6) "[d]uration of defendant's misconduct"; (7) "[r]emedial action taken by the defendant"; (8) "[d]efendant's motivation for harm"; and (9) "[w]hether defendant attempted to conceal its misconduct." Read, 970 F.2d. at 827-28.

    Here, each party argues the factors weigh in its favor.

    First, relying exclusively on customer demand for the patented feature and the similarity of the two parties' products, Power Integrations argues such circumstantial evidence suffices to support a finding that Fairchild deliberately copied Power Integrations' technology. The Court is not persuaded and finds the first factor weighs against enhancement.

    Next, although Fairchild argues it investigated the scope of each of the subject patents and formed a good faith belief in its defenses, it provides no evidence to support a finding to such effect, and, as Power Integrations points out, testimony from Fairchild's witnesses at the trial is inconsistent with Fairchild's present assertion. The second factor thus weighs in favor of enhancement.

    As to Fairchild's behavior as a party, Power Integrations argues that Fairchild, as set forth in the following section, prolonged the litigation by asserting meritless legal positions, withholding and destroying discovery, and submitting false testimony. The

Court, having reviewed the asserted misconduct on which Power Integrations relies, finds "this was a hard fought case[,] but did not cross the line into improper conduct," see Finjan, 2016 WL 3880774, at *16, and, accordingly, the third factor weighs against enhancement.

As to the fourth factor, the Court agrees with Power Integrations that the relevant financial condition here is not that of SG, but that of Fairchild, which has adequate resources to pay enhanced damages if awarded. Consequently, should the Court award enhanced damages, this factor weighs in favor of a higher amount.

The parties next disagree as to the relative strength of their respective positions at the time of trial. In that regard, Fairchild points out that the Court, in ruling on the objective prong of Seagate, found Fairchild's defenses were reasonable. Although, as Power Integrations notes, such determination does not necessarily reflect a finding that said defenses made the case close, the Court is not persuaded by Power Integrations' argument that the Patent and Trademark Office's reaffirmance of validity on reexamination suggests the jury's finding as to that issue was "no surprise" (see Pl.'s Resp. Brief, filed Sept. 28, 2016, at 8:2), and, having reviewed the record, finds both parties took reasonable positions on the various issues raised as to both validity and infringement. Consequently, the fifth factor weighs against enhancement.

With respect to the duration of infringement, Fairchild offers no substantive response to Power Integrations' assertion that the infringing conduct continued for a period of more than ten years. The Court finds the sixth factor weighs in favor of enhancement.

By contrast, with respect to remedial action, Fairchild represents that, shortly after the jury's verdict, and even though no injunction has been entered, it voluntarily ceased infringement in the United States and instructed its foreign customers that the infringing products are not to be sold in or imported into the United States. Although Power Integrations argues Fairchild has not redesigned its products and continues to sell them abroad, no showing has been made that those extraterritorial sales are in violation of

7

patent law.  Under such circumstances, the Court finds the seventh factor weighs against enhancement.

Turning to the eighth factor, the Court notes, as one district court has observed, "[t]he line between legitimate competitive behavior in the marketplace and a 'motivation for harm' is elusive." See Power Integrations, Inc. v. Fairchild Semicondutor Intern., Inc., 762 F.Supp.2d 710, 724 (D. Del. 2011), vacated on other grounds, 711 F.3d 1348 (Fed. Cir. 2013).  Here, Power Integrations argues that Fairchild could not compete without infringing.  "Simply because a company seeks to gain a business advantage," however, "does not mean that the company has a 'motivation to harm,'" id., and the Court finds this factor weighs against enhancement.

Lastly, the Court, contrary to Power Integrations' contention, finds Fairchild did not attempt to conceal its infringing conduct.  As Fairchild points out, Fairchild's published datasheets describe the features Power Integrations challenges.  Further, to the extent Power Integrations contends Fairchild, in the course of the instant litigation, withheld and destroyed material evidence, and submitted false testimony, the Court, as discussed in detail in the following section, disagrees with Power Integrations' characterization of the events on which it relies for such contention.  The ninth factor thus weighs against enhancement.

In sum, of the nine Read factors, only two, the second and sixth, weigh in favor of an award of enhanced damages,[5] and the Court, having reviewed the "particular circumstances of [this] case," see Halo, 139 S. Ct. at 1923, finds Power Integrations, either by reference to those factors or otherwise, has not shown Fairchild engaged in "egregious misconduct," see id. at 1934.

Accordingly, the Court finds Power Integrations is not entitled to an award of

---

[5] The fourth factor, as noted above, bears on a later question, the amount to be awarded where a court finds enhancement is warranted.  See Read, at 970 F.2d at 827 (collecting cases analyzing defendant's size and financial condition in connection with determination as to amount of enhanced damages).

enhanced damages.

## ATTORNEYS' FEES

### A. Legal Standard

In patent actions, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. In determining whether a case is exceptional, district courts are to use their discretion and consider the "totality of the circumstances" under a preponderance of the evidence standard. See Octane Fitness, LLC v. Icon Health & Fitness, 134 S. Ct. 1749, 1756, 1758 (2014). An exceptional case is "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Id. at 1756. To be considered exceptional, conduct need not be "independently sanctionable." See id. Nor is a finding of bad faith required; "a case presenting either subjective bad faith or exceptionally meritless claims" may warrant an award of fees. Id. at 1757.

### B. Discussion

Power Integrations asks the Court to find the instant case is "exceptional" under 35 U.S.C. § 285 and award Power Integrations its attorneys' fees. In particular, Power Integrations contends, Fairchild has (1) disregarded Power Integrations' patent rights in prior and parallel litigation, (2) advanced frivolous legal arguments in this case, and (3) prolonged the litigation in this case in bad faith. Fairchild objects to Power Integrations' reliance on events occurring in other cases and disputes Power Integrations' characterization of its conduct in this case.

#### 1. Prior and Parallel Litigation

In support of its argument that the instant case is exceptional, Power Integrations relies in part on Fairchild's conduct and judicial findings in prior and parallel litigation. In particular, citing Applied Medical Resources Corp. v. U.S. Surgical Corp., 435 F.3d 1356 (Fed. Cir. 2006), Power Integrations submits evidence of Fairchild's conduct in lawsuits litigated before the federal district courts in Delaware and Texas, and before the

9

International Trade Commission, as well as findings made by those other tribunals. Power Integrations' reliance on Applied Medical is, however, misplaced. First, the decision therein, which was not made in the context of a motion for attorneys' fees, was not concerned in any manner with either party's litigation conduct, see id. at 1365-66 (holding trial court properly admitted evidence of prior litigation between parties as relevant to jury's determination on questions of reasonable royalty rate and willfulness); as discussed above, for purposes of an award of attorneys' fees, courts look to the "manner in which the case was litigated," see Octane Fitness, 1345 S. Ct. at 1756 (emphasis added). Second, as to the "substantive strength of a party's litigating position," see id., which likewise was not a question addressed in Applied Medical, to the extent the opinion may be read as embodying the general proposition that relevance is not necessarily confined to the immediate facts of a claim, Power Integrations' citation thereto is, again, unavailing. In particular, the Court is not persuaded that the findings made in the prior and parallel proceedings have any significant bearing on the Court's determination here, given the differences between the issues raised in those proceedings and the issues raised in the instant case.

**2. Frivolous Legal Arguments**

As noted, Power Integrations also argues Fairchild asserted meritless defenses and counterclaims in the instant action. A case presenting "exceptionally meritless claims" may warrant an award of attorneys' fees. See Octane Fitness, 134 S. Ct. at 1757. In determining whether a claim is exceptionally meritless, courts analyze the "substantive strength of the party's litigating position . . . not the correctness or eventual success of that position." See SFA Sys v. Newegg, Inc., 793 F.3d 1344, 1348 (Fed. Cir. 2015) (holding party's "position on issues of law ultimately need not be correct" for such position to "be found reasonable"). "[W]here a party has set forth some good faith argument in favor of its positions it will generally not be found to have advanced exceptionally meritless claims." Otsuka Pharm. v. Sandoz, Inc., No. 07-1000 (MLC), 2015 WL 5921035, at *2 (D. N.J. Oct. 9, 2015) (internal quotation and citation omitted)

(collecting cases).

Here, the Court, prior to the filing of the instant motion, has found Fairchild's defenses were objectively reasonable. As to Fairchild's counterclaims, the Court finds such causes of action, although ultimately unsuccessful, were not without merit, Fairchild having "set forth [a] good faith argument" in support of each, see id., and, indeed, as to one, having survived a motion for summary judgment. See Beckman Instruments, Inc. v. LKB Produkter AB, 892 F.2d 1547, 1551 (Fed. Cir. 1989) (finding "it difficult to agree that [the claim] was 'baseless' when it survived a motion for summary judgment"); Chiron Corp. v. Sourcecf Inc., No. 05-1938 WHA, 2006 WL 2034625, at *3 (N.D. Cal. June 16, 2006) (holding "[s]imply losing after trial . . . does not make a case exceptional . . . particularly where a party's claims have survived attack prior to trial").

### 3. Bad Faith

Lastly, Power Integrations argues that Fairchild prolonged the litigation in bad faith by asserting and withdrawing baseless counterclaims and motions, withholding and destroying discovery, and submitting false testimony and declarations. A case presenting "subjective bad faith . . . may sufficiently set itself apart from mine-run cases to warrant a fee award." See Octane Fitness, 134 S. Ct. at 1757. Courts have awarded attorneys' fees for "egregious behavior," such as "false declarations" and "frivolous" post-dismissal or post-trial motions, but have refused to award attorneys' fees where parties merely employ an "aggressive litigation strategy." See Gametek LLC v. Zynga, Inc., No. CV 13-2546 RS, 2014 WL 4351414, at *3-5 (N.D. Cal. Sept. 2, 2014) (collecting cases).

Having reviewed the events to which Power Integrations refers, the Court disagrees with Power Integrations' characterization of Fairchild's conduct. At the outset, the Court finds Fairchild, contrary to Power Integrations' argument, did not, as discussed above, pursue meritless counterclaims, and further finds Fairchild was "well within reason to assert a broader range of [counter]claims and then narrow them." See Chiron Corp., 2006 WL 2034625, at *3. As to Power Integrations' contention that Fairchild took "untenable positions" (see Pl.'s Mot., filed Jan. 4, 2016, at 22:18) with respect to personal

jurisdiction, the scope of a protective order, and bifurcation, the Court finds the arguments Fairchild made in support thereof, although unsuccessful as to the first issue and ultimately withdrawn as to the second and third, are not indicative of bad faith, but rather, characteristic of a "garden-variety hard-fought patent infringement action between two competitors."  See Presidio Components, Inc. v. Am. Tech. Ceramics Corp., No. 14-cv-02061-H-BGS, 2016 WL 4377096, at *22 (S.D. Cal. Aug. 17, 2016).

As to Power Integrations' assertion that Fairchild withheld discovery concerning the testing of Fairchild's infringing products, the Courts finds Fairchild provided a good faith explanation for its failure to timely produce such information and that any potential prejudice Power Integrations otherwise may have incurred was alleviated by the Court's orders on motions in limine.  Similarly, the Court finds the asserted inaccuracies in any Fairchild witness's declaration or testimony were not intentional and, further, were explained by such witness on the record at trial.  Lastly, to the extent Power Integrations argues Fairchild's technical expert should have retained rather than destroyed his rough working notes, the Court finds neither said expert nor Fairchild acted in bad faith.

In sum, the Court, having presided over the instant action for over four years, does not find Power Integrations has made a sufficient showing of an "exceptional case . . . that stands out from the others" with respect to either the strength of Fairchild's litigating position or the manner in which the case was litigated.  See Octane Fitness, 134 S. Ct. at 1756.

Accordingly, the Court finds Power Integrations is not entitled to an award of attorneys' fees.

## CONCLUSION

For the reasons stated above, the motion for enhanced damages and attorneys' fees is hereby DENIED.

**IT IS SO ORDERED.**

Dated: January 13, 2017

MAXINE M. CHESNEY
United States District Judge