IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POWER INTEGRATIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., et al., <br><br> Defendants. | Case No. 09-cv-05235-MMC <br><br> **ORDER GRANTING IN PART AND DENYING IN PART FAIRCHILD'S MOTION TO FILE UNDER SEAL CERTAIN EXHIBITS IN SUPPORT OF ITS MOTION TO STAY; DIRECTIONS TO FAIRCHILD** <br><br> Re: Dkt. No. 1007 |

Before the Court is an administrative motion to file under seal, filed November 11, 2016, by defendants Fairchild Semiconductor International, Inc., Fairchild Semiconductor Corporation, and Fairchild Corporation (collectively, "Fairchild"), pursuant to Civil Local Rule 79-5, by which Fairchild seeks permission to file under seal portions of Exhibits F and G to the Declaration of Christina A. Ondrick filed in support of "Fairchild's Motion to Stay."

According to Fairchild, "all or part of these documents contains information designated by both parties as 'Confidential' or 'Highly Confidential – Attorneys' Eyes Only' pursuant to the Protective Order in this case (Dkt. 122) or reference such confidential material." (See Mot. at 1:14-15.) As required by the Local Rules of this district, Fairchild and plaintiff Power Integrations, Inc. ("Power Integrations") have submitted declarations in support of Fairchild's administrative motion. See Civil L. R. 79-5(d) (providing motion to file document under seal must be "accompanied by . . . [a] declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable"); Civil L.R. 79-5(d)-(e) (providing, where party seeks to file under seal material designated confidential by another party, designating party must file, within

four days, "a declaration . . . establishing that all of the designated information is sealable").

Having read and considered the administrative motion and the parties' respective declarations, the Court rules as follows.

Although the exhibits contain redacted lines or portions thereof, neither party has identified which of the two parties has designated such material confidential.  As to Exhibit F, however, Power Integrations, in its supporting declaration, specifies the redacted lines it asserts contain its business information, specifically, the lines redacted on pages 58 and 61, and explains the confidential nature of such material.  (<u>See</u> Headley Decl., filed Nov. 15, 2016, ¶ 3).[1]  By contrast, Fairchild states only: "Exhibits F and G reference confidential business information of both parties."  (<u>See</u> Ondrick Decl., filed Nov. 11, 2016, ¶ 4.)  Given the lack of further elaboration, such statement is insufficient to either identify or substantiate the need for redaction of the portions of either exhibit that Fairchild claims contain its confidential information.

Accordingly, to the extent the motion seeks to file under seal the redacted lines on pages 58 and 61 of Exhibit F, the motion is hereby GRANTED.  In all other respects, the motion is hereby DENIED and Fairchild is hereby DIRECTED to file in the public record, no later than February 20, 2017, a redacted version of Exhibit F, in which only the above-referenced lines are redacted, and an unredacted version of Exhibit G.

**IT IS SO ORDERED.**

Dated: February 13, 2017

MAXINE M. CHESNEY
United States District Judge

---

[1] Power Integrations does not assert in its declaration that any portion of Exhibit G contains its confidential business information and requests the administrative motion be granted "with respect to the redacted portions of Exhibit F." (<u>See</u> Headley Decl. at 2:20-21).

2