IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POWER INTEGRATIONS, INC.,<br><br>   Plaintiff,<br><br>   v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., et al.,<br><br>   Defendants. | Case No. 09-cv-05235-MMC<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR RELIEF AND TO VACATE JUDGMENT**<br><br>Re: Dkt. No. 1019 |

Before the Court is defendants Fairchild Semiconductor International, Inc., Fairchild Semiconductor Corporation, and Fairchild (Taiwan) Corporation's (collectively "Fairchild") Motion for Relief and to Vacate Judgment, filed January 6, 2017. Plaintiff Power Integrations, Inc. ("Power Integrations") has filed opposition, to which Fairchild has replied. Having considered the parties' respective written submissions, the Court rules as follows.[1]

**BACKGROUND**

The parties are familiar with the procedural background of the case. As relevant to the instant motion, suffice it to say that two jury trials were conducted, the first on the issues of liability and damages, after which the Court granted Fairchild's motion for a new trial on the issue of damages, and the second on the issue of damages alone, after which the Clerk of Court entered judgment.

On December 12, 2016, Fairchild filed a Statement of Recent Decision, requesting a status conference as to the effect of the Federal Circuit's opinion in a case brought by

---

[1] By order filed February 7, 2016, the Court took the matter under submission.

Power Integrations against Fairchild in the District of Delaware. See Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc., 843 F.3d 1315 (2016) (hereinafter "Fairchild II"). The Court conducted a telephonic status conference and granted Fairchild leave to file the instant motion, which Fairchild brings under Rule 54(b) of the Federal Rules of Civil Procedure and, alternatively, under Rule 60(b)(6).

## DISCUSSION

In support of the instant motion, Fairchild makes several arguments, which the Court addresses in turn and, as discussed below, finds unpersuasive.

First, as to the Seventh Amendment, the Court, contrary to Fairchild's argument, finds there has been no violation. In particular, the "second (damages) jury" was not "asked to find damages based on additional acts of liability beyond those determined by the first (liability) jury." (See Mot. at 8:11-13). At whatever point one may draw the dividing line between liability and damages in a case where a plaintiff seeks damages in the form of lost profits, where, as here, a plaintiff seeks damages in the form of a reasonable royalty, that line is drawn immediately after the jury finds "at least one" instance of induced infringement. See Lucent Technologies, Inc. v. Gateway, Inc., 580 F.3d 1301, 1323 (Fed. Cir. 2009). Thereafter, the jury, in considering how the parties to the hypothetical negotiation would have arrived at the amount of a royalty, may look, for example, to a defendant's infringing sales; even at that stage, however, there is no "requirement" that such damages be "limited to specific instances of infringement." See id. at 1334 (noting, while jury may find it "helpful" to consider "evidence of usage," companies "in the high-tech computer industry often strike licensing deals in which the amount paid . . . is not necessarily limited to the number of times a patented feature is used by a consumer").

Next, contrary to Fairchild's argument, the Court finds Power Integrations submitted "sufficient evidence showing successful inducing communication between Fairchild and the identified third party direct infringers." (See Mot. at 14:10-14.) Indeed, in Fairchild II, the Federal Circuit held "it was sufficient to allow the jury to find," as the

2

Court did here, "that Fairchild had induced its customers . . . to infringe as a class," see Fairchild II, 843 F.3d at 1334, and that, based on essentially the same type of evidence as submitted in the instant case, Power Integrations had "provided the jury substantial evidence upon which to find inducement," see Fairchild II, 843 F.3d at 1334 (listing evidence on which Power Integrations relied).

Lastly, contrary to Fairchild's argument, the Court's jury instructions did not "misstate[] the law of inducement." (See Mot. at 17:24-25.)   In contrast to the instruction in Fairchild II, which improperly told the jury it could find liability based on what was, in essence, attempted inducement, the instruction given in the instant case correctly informed the jury that Fairchild's acts must in fact have resulted in direct infringement. Compare Fairchild II, 843 F.3d at 1330-32 (finding reversible error where district court instructed jury: "[I]n order to find inducement . . . , infringement need not have been actually caused by the party's actions; [a]ll that is required is that the party took steps to encourage or assist that infringement, regardless of whether that encouragement succeeded, or was even received."), with Power Integrations v. Fairchild Semiconductor Int'l, Inc., No. 09-5235-MMC, Doc. No. 552 (Trial I Jury Instructions), at 26 (instructing jury: "In order to be liable for inducement of infringement, the party accused of the infringement must . . . have intentionally taken action that actually induced infringement by another.").

## CONCLUSION

For the reasons stated above, Fairchild's motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: February 22, 2017

MAXINE M. CHESNEY
United States District Judge