IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POWER INTEGRATIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., et al.,<br><br>Defendants. | Case No. 09-cv-05235-MMC<br><br>**ORDER DENYING FAIRCHILD'S MOTION FOR WAIVER OF SUPERSEDEAS BOND; SETTING BOND AMOUNT; EXTENDING TEMPORARY STAY**<br><br>Re: Dkt. No. 1041 |

Before the Court is defendants Fairchild Semiconductor International, Inc., Fairchild Semiconductor Corporation, and Fairchild (Taiwan) Corporation's (collectively "Fairchild") "Motion for Order Staying Execution of Judgment and Waiver of Requirement to Post Supersedeas Bond." The matter came on regularly for hearing on May 5, 2017. Frank E. Scherkenbach, Howard G. Pollack, and Michael R. Headley of Fish & Richardson P.C. appeared on behalf of plaintiff Power Integrations, Inc. ("Power Integrations"). Blair M. Jacobs and Christina A. Ondrick of Paul Hastings LLP appeared on behalf of Fairchild. The Court, having considered the papers filed by the parties, as well as the arguments of counsel at the hearing, rules as follows.

**BACKGROUND**

The parties are familiar with the procedural background of the above-titled action. As relevant to the instant motion, the Court, on March 10, 2017, entered final judgment in favor of Power Integrations and against Fairchild in the total amount of $146,480,598. On March 27, 2017, Fairchild filed a notice of appeal.

By the instant motion, Fairchild asks the Court to stay enforcement of the judgment pending appeal, pursuant to Rule 62(d) of the Federal Rules of Civil Procedure, and further asks the Court to waive Rule 62(d)'s typical requirement of a supersedeas bond. By order filed March 29, 2017, the Court temporarily stayed execution of the judgment pending its ruling on the instant motion

**LEGAL STANDARD**

Rule 62 provides for the circumstances under which a court may "stay the execution of a judgment." Fed. R. Civ. P. 62(b). Under Rule 62(d), "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond."[1] Fed. R. Civ. P. 62(d). "The stay takes effect when the court approves the bond." Id. Such bond "protects the prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for delay in entry of the final judgment." See N.L.R.B. v. Westphal, 859 F.2d 818, 819 (9th Cir. 1988).

"District courts have inherent discretionary authority in setting supersedeas bonds." Rachel v. Banana Republic, Inc., 831 F.3d 1503, 1505. n.1 (9th Cir. 1987). "This includes the discretion to allow other forms of judgment guarantee, and broad discretionary power to waive the bond requirement if it sees fit." Cotton ex rel. McClure v. City of Eureka, Cal., 860 F. Supp. 2d 999, 1027 (N.D. Cal. 2012) (internal quotation and citation omitted).

In determining whether to waive the bond requirement, courts have considered the following factors: "(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a

---

[1] The availability of a stay is subject to two exceptions, where the appeal is taken from "an interlocutory or final judgment in an action for an injunction or a receivership," or from "a judgment or order that directs an accounting in an action for patent infringement," neither of which is applicable here. See Fed. R. Civ. P. 62(a)(1)-(2), (d).

1 waste of money; and (5) whether the defendant is in such a precarious financial condition
2 that the requirement to post a bond would place other creditors of the defendant in an
3 insecure position." See Dillon v. City of Chicago, 866 F.2d 902, 904-05 (7th Cir. 1988)
4 (internal quotation and citation omitted); see also Kranson v. Fed. Express Corp., 11-cv-
5 05826-YGR, 2013 WL 6872495, at *1 (N.D. Cal. Dec. 31, 2013) (noting "[c]ourts in the
6 Ninth Circuit regularly use the Dillon factors in determining whether to waive the bond
7 requirement"). The appellant "has the burden to objectively demonstrate the reasons for
8 departing from the usual requirement of a full supersedeas bond." Cotton, 860 F. Supp.
9 2d at 1028 (internal quotation and citation omitted).

**DISCUSSION**

As noted, Fairchild asks the Court to stay enforcement of the instant judgment pending Fairchild's appeal and without requiring it to post a supersedeas bond. Should the Court find such bond is required, Fairchild asks the Court to set the amount of the bond at 25% of the full judgment amount and to extend the temporary stay currently in place.

**A. Waiver of Supersedeas Bond**

In support of its request that the Court waive the bond requirement, Fairchild has submitted evidence as to the financial condition of its parent corporation, ON Semiconductor Corporation ("ON"),[2] and argues Fairchild and ON "are fully able to satisfy the judgment amount and are in no danger of default or bankruptcy." (Mot. at 1:18-20.) As Power Integrations points out, however, ON itself has not made an express commitment to satisfy the judgment on behalf of Fairchild. Without such commitment, and given the absence of information as to Fairchild's own financial status, waiver of the supersedeas bond would not be appropriate. See Cotton, 860 F. Supp. 2d at 1028 ("Until there is absolute certainty that the entity has agreed unconditionally to pay the judgment

---

[2] ON's acquisition of Fairchild was completed on September 19, 2016. (See Colpitts Decl., filed Mar. 27, 2017, Ex. A at 7.)

3

in [the] case, the mere existence of such possibility is an unacceptable substitute for the guarantees provided by a supersedeas bond.") (internal quotation, citation, and alteration omitted).

At the hearing, Fairchild represented that it could provide to the Court and to Power Integrations a commitment from ON that ON will satisfy the judgment within 30 days of the resolution of the appeal of the instant action. Although, to date, that commitment is not reflected in the docket, the Court, for purposes of the following analysis, assumes such documentation would, if requested by the Court, be filed.

Turning to the above-listed <u>Dillon</u> factors, the Court, at the outset, finds three factors weigh in favor of the requested waiver. The first two factors, which pertain to the ease of collection, are resolved by ON's commitment, assuming one is made, to pay the full amount of the judgment within 30 days of an affirmance, and the parties agree the fifth factor, potential prejudice to other creditors, is not implicated here. Accordingly, the below discussion focuses on the third and fourth <u>Dillon</u> factors, both of which concern the availability of funds to pay the judgment.

In that regard, Fairchild has submitted evidence that ON, at the end of 2016, had "total assets of $6,924.4 million," including "$1,028.1 million in cash and cash equivalents" (see Colpitts Decl., filed Mar. 27, 2017, ¶ 8), and was rated by Moody's Investor Service as "possess[ing] good liquidity" (see Colpitts Decl., filed Apr. 17, 2017, ¶ 12).[3] In response, however, Power Integrations has submitted evidence that ON incurred over $2 billion in debt to acquire Fairchild (see Colpitts Decl., filed Mar. 27, 2017, Ex. A at 65), had, at the end of 2016, "total liabilities" of $5,046.5 million (see id. Ex. A at 93), and has received ratings that have not been as favorable as the Moody's rating. In particular, in a January 2017 report issued by Standard and Poors ("S&P"), ON's financial risk was rated "███████" due, in part, to S&P's expectation that ON "█████████

---

[3] The report itself has not been submitted, nor has the date of the rating otherwise been provided.

4

1  ███████████████████████████" (See id. Ex. B at 5.)  Additionally, although

2  receiving from S&P a liquidity rating of "████████" ON, in S&P's assessment, has not

3  ██████████████████████████████████████" (see id. Ex. B at 6), one

4  example being ON's anticipated use of "████████████████████████████

5  ██████████████████████████" (see id.).[4]  Further, Power Integrations

6  has submitted evidence that ON's "Altman Z-Score," a "standard method by which to

7  predict future bankruptcies" (see Putnam Decl. ¶ 39), was, as of April 2017, 1.60, which

8  places ON "in Distress Zones" and "implies bankruptcy possibility in the next two years"

9  (see id. ¶ 42, fig. 3).[5]

The Court, having considered the evidence submitted by both parties, is not sufficiently confident that ON, irrespective of a commitment as described above, will have the sums available to pay an exceptionally large judgment of $146,480,598, if such award is affirmed on appeal,[6] or that the cost of a bond, which, in this case, Fairchild has obtained at what appears to be a favorable rate, would be a waste of money.  The third and fourth factors thus weigh against the requested waiver.

Under such circumstances, the Court finds Fairchild, in order to stay enforcement of the instant judgment pending appeal, has not "objectively demonstrate[d]," see Cotton, 860 F. Supp. 2d at 1028 (internal quotation and citation omitted), sufficient reasons to depart from Rule 62(d)'s typical requirement of a supersedeas bond.

//

---

[4] The Court, having granted Power Integrations' motion to file the S&P report under seal based on the confidential nature of its contents, has redacted in the publicly filed version of this order all references to that material and has filed an unredacted version under seal.

[5] According to Power Integrations' financial expert, of the ten analog integrated circuit companies for which he obtained Altman Z-Scores, ON's score was the lowest. (See Putnam Decl. fig. 4.)

[6] The cases on which Fairchild relies are distinguishable.  See Dillon, 866 F.2d at 904-05 (waiving bond for total judgment of $167,242.12 where City of Chicago had set aside $484 million to fund judgments of the type therein at issue); Kranson, 2013 WL 6872495, at *1-2 (waiving bond for judgment against FedEx in amount of $382,197).

5

**B. Amount of Supersedeas Bond**

In its briefing, in response to Fairchild's request that any bond ordered not exceed 25% of the judgment, Power Integrations asked the Court to set such amount at 125% and, at the hearing, revised its request to $150 million, i.e., approximately 102% of the judgment.

In some cases, as Power Integrations points out, courts have set the amount of the bond at an amount equal to 125% to 150% of the amount of the judgment in order to cover additional costs, primarily attorneys' fees and post-judgment interest. Here, however, the Court did not award attorneys' fees, and the amount of post-judgment interest likely to accrue during the pendency of the appeal is relatively small, approximately "$3 to 4 million" (see Hearing Tr. at 60:6-8), a sum for which, in all likelihood, sufficient funds will available.

Accordingly, the bond will be set in an amount equal to the amount of the judgment.

**C. Temporary Stay**

At the time the Court issued its order temporarily staying execution of the judgment, it did so based on Fairchild's statement that, in the absence of such a stay, ON, in order to avoid being considered in default of an agreement with its lenders, would have to post the very bond for which it seeks a waiver. At the hearing, Fairchild, for the same reasons, asked the Court to extend the temporary stay for a limited period, in order to afford sufficient time for it to obtain and post the bond it has negotiated. The Court finds it appropriate to grant such request and will extend the temporary stay for another thirty days.

**CONCLUSION**

For the reasons set forth above, Fairchild's motion to stay enforcement of the judgment without posting a supersedeas bond is hereby DENIED, the temporary stay previously ordered by the Court is hereby EXTENDED for an additional thirty days to June 26, 2017, and Fairchild, should it wish to maintain the stay pending appeal of the

6

instant action, is hereby DIRECTED to post, no later than June 26, 2017, a supersedeas bond in the amount of $146,480,598.

**IT IS SO ORDERED.**

Dated: May 26, 2017

MAXINE M. CHESNEY
United States District Judge