Frank E. Scherkenbach (SBN 142549)
scherkenbach@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02110-2804
Tel: (617) 542-5070
Fax: (617) 542-8906

Howard G. Pollack (SBN 162897)
pollack@fr.com
Michael R. Headley (SBN 220834)
headley@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Tel: (650) 839-5070
Fax: (650) 839-5071

Attorneys for Plaintiff
POWER INTEGRATIONS, INC.

Colette Reiner Mayer (SBN 263630)
CRMayer@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304-1018
Tel: (650) 813-5600
Fax: (650) 494-0792

Attorneys for Defendants
FAIRCHILD SEMICONDUCTOR
INTERNATIONAL, INC., FAIRCHILD
SEMICONDUCTOR CORPORATION, and
FAIRCHILD (TAIWAN) CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| POWER INTEGRATIONS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., a Delaware corporation, FAIRCHILD SEMICONDUCTOR CORPORATION, a Delaware corporation, and FAIRCHILD (TAIWAN) CORPORATION, a Taiwanese corporation,<br><br>Defendants. | Case No. 09-cv-05235- MMC<br><br>**JOINT NOTICE OF FEDERAL CIRCUIT DECISION ON THE VALIDITY OF THE ASSERTED CLAIMS OF THE '079 PATENT** |

The parties jointly submit this notice of the Federal Circuit's recent decision in the IPR relating to the asserted claims of the '079 patent, pursuant to this Court's instructions during the June 4 teleconference and the accompanying Order (Dkt. No. 1084).

On June 13, 2019 the Federal Circuit ruled in PI's favor on the privity issue – holding that 35 U.S.C. § 315(b) requires the PTAB to consider evidence of privity through the time of IPR

1  institution.  (Case No. 18-1607, Doc. 88, attached as Ex. A.)  The Court vacated the Board's final
2  written decision invalidating the asserted claims of the '079, and remanded with instructions to
3  dismiss IPR2016-00809, because petitioner ON Semiconductor's merger with barred-party
4  Fairchild closed on September 19, 2016, before IPR2016-00809 was instituted on September 23,
5  2016.  (Ex. A at 4.)
6        The parties each express their views below regarding how this decision affects the present
7  case.
8        ***Power Integrations' Statement:***  The Federal Circuit's decision in PI's favor confirms the
9  validity of the '079 patent, leaving nothing left to resolve but damages in this case in accordance
10  with the Federal Circuit's mandate of October 2018.  PI therefore reiterates its request for a short
11  damages-only trial in May or June of 2020.  PI requests a telephone conference at the Court's early
12  convenience so that the Court and the parties can discuss how to proceed.  PI does not believe the
13  parties should wait until the presently scheduled in-person status conference scheduled for August
14  16, 2019 to discuss these matters, as there is no reason to waste another two months and the
15  scheduling can be resolved by phone.  If the Court sets trial and pretrial conference dates in a
16  telephonic conference, the parties can work out interim dates among themselves and submit a
17  stipulated schedule for the Court's approval, without the need to appear in mid-August.
18        Fairchild's primary reason for delay – a putative *en banc* petition – is weak.  Six Federal
19  Circuit judges (five of them active) already have agreed Fairchild/ON is wrong, the IPR is barred,
20  and the '079 patent remains in force.  Since it takes a majority vote of the 12 active judges of the
21  court to even grant *en banc* review, *see* CAFC Internal Operating Procedures, IOP #13 ¶ 2,[1] which
22  is merely an indication the full Court will look at the issue and not an indication of how the full
23  court would decide the issue, ON would have to secure a "yes" vote from every one of the 7
24  remaining Federal Circuit judges who has not yet directly considered the issue.  This is the longest
25  of long shots, especially since the present, dispositive opinion was authored by Chief Judge Prost
26  and is precedential – meaning it was circulated to the full court for comment before being issued.

---

[1] The Federal Circuit's Internal Operating Procedures are posted online at http://www.cafc.uscourts.gov/sites/default/files/rules-of-practice/IOPs/IOPsMaster2.pdf.

*See* CAFC Internal Operating Procedures, IOP #10 ¶ 5.

Fairchild's back-up hope – that the Federal Circuit's decision in this case will somehow be reversed by a possible future Supreme Court decision in another case (*Dex Media*) – is even more speculative, and not a legally permissible basis for a stay. In *Dex Media*, the appellant argues that 35 U.S.C. § 314(d) prevents appeal of the PTO's decisions instituting an IPR. However, in *Wi-Fi One, LLC v. Broadcom Corp.*, 878 F.3d 1364, 1367 (Fed. Cir. 2018), the Federal Circuit held *en banc* that it has the authority to enforce the time bar of Section 315(b). Moreover, in *SAS Institute, Inc. v. Iancu*, 138 S. Ct. 1348 (2018), the Supreme Court rejected the argument that Section 314(d) prevents courts from reviewing institution decisions entirely, even if the PTO acted outside its statutory authority. *Id.* at 1359 ("[T]his reading overreads both the statute and our precedent. As *Cuozzo* recognized, we begin with the strong presumption in favor of judicial review. To overcome that presumption, *Cuozzo* explained, this Court's precedents require clear and convincing indications that Congress meant to foreclose review.") (internal citations and quotations omitted).

Under these circumstances, the Ninth Circuit and this District have held that it is not proper to enter a stay pending possible change of the law by the Supreme Court: "The Ninth Circuit has held that 'once a federal circuit court issues a decision, the district courts within that circuit are bound to follow it and have no authority to await a ruling by the Supreme Court before applying the circuit court's decision as binding authority.'" *United States v. Cortez-Ruiz*, 225 F. Supp. 3d 1093, 1105-1106 (N.D. Cal. 2016) (denying stay and citing *Yong v. INS*, 208 F.3d 1116, 1119 n.2 (9th Cir. 2000)). This Court now has both the binding mandate of the Federal Circuit in this case, and the binding decision of the Federal Circuit in the only other case that could impact the asserted claims of the '079 patent. It simply is not appropriate (or fair to PI) to continue to wait.

In addition, Fairchild's parent ON *waived* the issue of whether the PTAB's decision to institute was appealable. In this case, ON nowhere challenged PI's right to appeal and in fact cited the Federal Circuit's *en banc* decision in *Wi-Fi One* with approval. Under Federal Circuit procedure, issues not raised a party's brief are waived. *SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1319 (Fed. Cir. 2006). Thus, contrary to Fairchild's assertion, ON's posture is *not* "identical to that of the petitioner in *Dex Media*," who actually preserved this issue.

Further delay only advantages ON at PI's expense. The '079 patent has survived everything that two now-merged multi-billion dollar companies have thrown at it. Damages are enormous, and still accruing (the patent runs through June 30, 2020). PI is entitled to collect those damages as soon as reasonably practical.

*Fairchild's Statement:* There is no reason to accelerate the in-person status conference now scheduled for August 16, 2019, much less forego necessary meet-and-confer discussions and the parties' joint submission on scheduling.

The Federal Circuit addressed an issue of first impression and created new law that, Fairchild believes, will very likely require the attention of the full *en banc* court. Importantly, the Federal Circuit did not reverse the PTAB on the technical underpinnings of the PTAB's final written decision, which invalidated all asserted claims of the '079 patent. Rather, the Federal Circuit addressed an issue of statutory interpretation regarding how and when privity is evaluated when the PTAB decides whether to institute an IPR of an issued patent.

Because the panel's decision turns on a novel issue of statutory interpretation involving an issue of broad importance across multiple industries, ON Semiconductor, Fairchild's parent company, will seek *en banc* review of the decision. And because the decision has all the hallmarks common to prior cases that have been reviewed *en banc*, ON Semiconductor and Fairchild believe *en banc* review is likely. This has material impact on how the present matter should proceed. If *en banc* review is granted, the Federal Circuit's June 13, 2019, ruling will be vacated, a new appellate schedule will be put in place, and the PTAB's final written decision invalidating all asserted claims of the '079 patent will remain in force.

The ultimate schedule for any trial in this case should take this into account. It would be a significant waste of the parties' resources to litigate damages owed, if any, on the '079 patent while the *en banc* review process is ongoing. PI's premature proposal does not account for this.

Fairchild is not attempting to stymie PI's recovery of damages, if any are warranted, after the appellate process is over. To the contrary, in the 2015 case pending in this Court (15-cv-04854), Fairchild has agreed that the '079 patent should be immediately included in the case going forward, and the parties are working to submit a joint status statement to that effect. But in that case,

discovery is still in its nascent stage and there is significant overlap between the products accused of infringing the '876 patent and those accused of infringing the '079 patent. Because the addition of the '079 patent adds only minimal further discovery, it is more efficient to conduct discovery on both patents at the same time. In addition, trial in that case is set for the end of 2020, by which time the *en banc* review process is very likely to be complete. This timing mitigates the risk of duplicate proceedings or trial on a patent that may ultimately be held to be invalid.

This case, however, is not similarly situated to the 2015 case. All that is left to be tried in this case on remand is damages because PI did not appeal this Court's previous denial of an injunction against Fairchild. And because PI is only seeking money damages, there is no prejudice to PI in delaying this action until the *en banc* process is complete.

There is, however, yet another, independent reason to resist acceleration. On June 24, 2019, the U.S. Supreme Court granted certiorari in *Dex Media, Inc. v. Click-to-Call* on the following question: "Whether 35 U.S.C. § 314(d) permits appeal of the PTAB's decision to institute an *inter partes* review upon finding that § 315(b)'s time bar did not apply." (*See* Ex. B at 3.) The U.S. Supreme Court did so in light of Section 314(d), which states that "[t]he determination by the Director whether to institute an inter partes review under this section shall be *final and nonappealable*." (Emphasis added.) The question the U.S. Supreme Court will be addressing this term in *Dex Media* may be outcome dispositive in this case.

Here, the Director determined—over PI's objections—that the inter partes review petition on the '079 patent was *not* time barred and instituted *inter partes* review. The PTAB later issued a final written decision that all of the challenged claims of the '079 patent were unpatentable. PI appealed the PTAB's adverse ruling on the ground that the petition was time barred. Despite the Director's decision, and despite the statutory directive that the Director's determination is "final and nonappealable," the Federal Circuit held that the petition was time-barred. Fairchild's parent, ON Semiconductor, will file a petition for *en banc* rehearing that addresses both the merits of the June 13 panel decision and the underlying appealability of the PTAB's time bar determination. If the Supreme Court determines in *Dex Media* that Section 314(d) means what it says and does not permit review of institution decisions on the basis of time bar determinations, the Federal Circuit's

1  panel decision of June 13 (Ex. A) will be vacated and the final written decision of unpatentability
2  will come back into force.  ON Semiconductor's posture is identical to that of the petitioner in *Dex*
3  *Media*, and the Supreme Court's decision in *Dex Media* will affect the outcome in this case.  For
4  this reason, it would be a waste of judicial resources to proceed—and certainly to accelerate—only
5  to have the U.S. Supreme Court issue a decision that undoes the current Federal Circuit decision
6  and revives the PTAB's invalidation of the '079 patent.

7  PI's claim (at 3) that ON Semiconductor waived the issue is wrong.  It is precisely because,
8  as PI concedes, the Federal Circuit had already issued the *en banc* decision in *Wi-Fi One v.*
9  *Broadcom*, 878 F.3d 1364 (Fed. Cir. 2018), that ON Semiconductor's claim is not waived.  ON
10 Semiconductor could not meaningfully have raised this issue sooner and thus was not required to do
11 so.  *See, e.g.*, *Joseph v. United States*, 135 S. Ct. 705, 706–07 (2014) (collecting cases and
12 explaining that parties need not raise issues foreclosed by binding precedent to preserve them).
13 Moreover, and separately, the Supreme Court's grant of certiorari in *Dex Media* calls into question
14 the Federal Circuit's *en banc Wi-Fi One* decision.  Because the Federal Circuit's mandate in this
15 case has not issued, and the *Dex Media* grant is likely to result in a significant change of law, ON
16 Semiconductor has not waived the issue.  *See, e.g.*, *BioDelivery Sciences Int'l, Inc. v. Aquestive*
17 *Therapeutics, Inc.*, 898 F.3d 1205, 1208–09 (Fed. Cir. 2018) ("'[A] party does not waive an
18 argument that arises from a significant change in law during the pendency of an appeal.'" (citation
19 omitted)).

20 In any event, keeping the August 16 conference in place will allow the parties to meet and
21 confer, attempt to resolve or narrow their differences, and submit a complete schedule for review at
22 the conference.  There is no reason to accelerate decisions that are appropriate for and best
23 addressed at the August 16 conference.

24 / / /
25 / / /
26 / / /
27
28

1 | Dated: June 28, 2019          FISH & RICHARDSON P.C.

By: */s/ Michael R. Headley*
    Michael R. Headley

Attorneys for Plaintiff
POWER INTEGRATIONS, INC.

Dated: June 28, 2019          MORRISON & FOERSTER LLP

By: */s/ Collette R. Mayer*
    Colette R. Mayer

Attorneys for Defendants FAIRCHILD SEMICONDUCTOR INTERNATIONAL, INC., FAIRCHILD SEMICONDUCTOR CORPORATION, and FAIRCHILD (TAIWAN) CORPORATION

I hereby attest under penalty of perjury that concurrence in the filing of this document has been obtained from counsel for Defendants.

Dated: June 28, 2019          FISH & RICHARDSON P.C.

By: */s/ Michael R. Headley*
    Michael R. Headley

Attorneys for Plaintiff
POWER INTEGRATIONS, INC.