1    COLETTE REINER MAYER (SBN 263630)
      CRMayer@mofo.com
2    MORRISON & FOERSTER LLP
      755 Page Mill Road
3    Palo Alto, California  94304-1018
      Tel: (650) 813-5600
4    Fax: (650) 494-0792

5    Attorneys for Defendants
      FAIRCHILD SEMICONDUCTOR
6    INTERNATIONAL, INC., FAIRCHILD
      SEMICONDUCTOR CORPORATION, and
7    FAIRCHILD (TAIWAN) CORPORATION

8

9                  UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                SAN FRANCISCO DIVISION

12    POWER INTEGRATIONS, INC.,            Case No. 09-cv-05235- MMC
      a Delaware corporation,
13                              **FAIRCHILD'S NOTICE OF MOTION**
             *Plaintiff*,                **AND MOTION TO STAY PENDING U.S.**
14                              **SUPREME COURT DECISION IN** *DEX*
            v.                        *MEDIA, INC. v. CLICK-TO-CALL*
15                              **(No. 18-916)**
      FAIRCHILD SEMICONDUCTOR
16    INTERNATIONAL, INC., a Delaware         Date: September 6, 2019
      corporation, FAIRCHILD SEMICONDUCTOR   Time: 9:00 a.m.
17    CORPORATION, a Delaware corporation, and  Courtroom: 7, 19th Floor
      FAIRCHILD (TAIWAN) CORPORATION, a
18    Taiwanese corporation,                Honorable Maxine Chesney

19             *Defendants*.

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................... 2

II.   BACKGROUND ............................................................................................ 3

III.  ARGUMENT ................................................................................................. 5

    A.    Governing Law.................................................................................... 5

    B.    A Stay Will Not Damage Power Integrations ........................................ 6

    C.    Denying A Stay Is Likely To Impose Hardship And Inequity On Fairchild .......... 7

    D.    A Stay Is Likely To Simplify Issues, Proof, And Questions Of Law .................... 7

IV.   CONCLUSION............................................................................................... 8

<h1 style="text-align:center"><u>TABLE OF AUTHORITIES (cont'd)</u></h1>

**Page(s)**

**Cases**

*CMAX, Inc. v. Hall,*
   300 F.2d 265 (9th Cir. 1962).................................................................5, 6

*Dependable Highway Exp., Inc. v. Navigators Ins. Co.*
   498 F.3d 1059 (9th Cir. 2007)..................................................................6

*Dex Media, Inc. v. Click-to-Call*
   (No. 18-916)............................................................................... *passim*

*Gustavson v. Mars, Inc.,*
   Case No. 13-cv-04537-LHK, 2014 WL 6986421 (N.D. Cal. Dec. 10, 2014) ............5

*Landis v. N. Am. Co.,*
   299 U.S. 248 (1936) (Cardozo, J.) ..........................................................2, 5, 8

*Leyva v. Certified Grocers of Cal., Ltd.,*
   593 F.2d 857 (9th Cir. 1979)....................................................................5, 6

*Lockyer v. Mirant Corp.,*
   398 F.3d 1098 (9th Cir. 2005)..................................................................5, 6, 8

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.,*
   No. 1:04-cv-01371-LPS (D. Del. Jan.19, 2018), D.I. 966 .........................................7

*Power Integrations, Inc. v. Semiconductor Components Indus., LLC,*
   926 F.3d 1306 (Fed. Cir. 2019)...............................................................3, 4

*United States v. Cortez-Ruiz,*
   225 F. Supp. 3d 1093 (N.D. Cal. 2016) ..........................................................8

*Wi-Fi One, Inc. LLC v. Broadcom Corp.,*
   878 F.3d 1364 (Fed. Cir. 2018) (en banc)....................................................2, 4, 7

*Yong v. INS,*
   208 F.3d 1116 (9th Cir. 2000)....................................................................8

**Statutes**

35 U.S.C. § 314(d) .............................................................................2, 4

35 U.S.C. § 315(b) ...........................................................................1, 2, 3, 4

35 U.S.C. § 315(d) .............................................................................1, 2

1

## <u>TABLE OF AUTHORITIES (cont'd)</u>

**Page(s)**

2

3 **Other Authorities**

4

*Changes to Implement Inter Partes Review Proceedings, Post-Grant Review Proceedings, and Transitional Program for Covered Business Method Patents*, 77 Fed. Reg. 157 at 48680-82 (Aug. 14, 2012) (to be codified at 37 C.F.R. § 42.100 *et seq*) ...........................................................................................................4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on September 6, 2019 at 9:00 a.m. or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Maxine Chesney at the United States District Court for the Northern District of California, San Francisco Division, located at San Francisco Courthouse, Courtroom 7 - 19th floor, 450 Golden Gate Avenue, San Francisco, CA 94102, defendants Fairchild Semiconductor International, Inc., Fairchild Semiconductor Corporation, and Fairchild (Taiwan) Corporation, Inc. (collectively "Fairchild"), will and hereby do move the Court for an order staying this action pending the decision by the United States Supreme Court in *Dex Media, Inc. v. Click-to-Call* (No. 18-916), which is expected in early 2020.

## STATEMENT OF RELIEF REQUESTED

Fairchild requests an order staying this patent infringement action until the United States Supreme Court issues a decision next year in *Dex Media, Inc. v. Click-to-Call*.  On June 24, 2019, the United States Supreme Court granted petitioner Dex Media's petition for a writ of certiorari on an issue that could dispose of this case: "Whether 35 U.S.C. § 315(d) permits appeal of the PTAB's decision to institute an *inter partes* review upon finding that § 315(b)'s time bar did not apply."  (*See* Liu Decl. Ex.[1]A.)  If the Supreme Court finds for Dex Media, the decisions by the USPTO's Patent Trial and Appeal Board (PTAB) cancelling all the asserted claims of U.S. Patent Nos. 6,212,079 (the '079 patent) and 6,538,908 (the '908 patent) will likely be reinstated, which has a high probability of eliminating these patents from the case.  The benefit to the parties and the Court in time and money saved outweigh the risk of moving forward with a *third* damages retrial only to have the Supreme Court undo everything less than twelve months from now.  This is especially true because Power Integrations will not be prejudiced by the hiatus: this is a damages-only trial and Power Integration is not seeking an injunction.  Harm to Power Integrations, if any, is fully compensable in money.

---

[1] All references to "Ex." are to the Declaration of Jenny Liu in Support of Fairchild's Motion to Stay Pending U.S. Supreme Court Decision in *Dex Media, Inc. v. Click-to-Call* (No. 18-916) ("Liu Decl.") filed herewith.

## I.    INTRODUCTION

On September 22, 2017 and January 25, 2018 the PTAB cancelled all asserted claims of the '079 patent and the '098 patent—the two patents at issue in this case. (Liu Decl. Exs. C and D.)  Power Integrations appealed the PTAB's decision to institute the IPR, arguing that is was not timely, despite plain statutory language that the PTAB's determination to "institute an inter partes review under this section shall be *final and nonappealable*." 35 U.S.C. § 314(d) (emphasis added).  Power Integrations' appeal was possible only because the Federal Circuit held that the bar on judicial review of institution decisions does not apply to timeliness determinations.  *Wi-Fi One, Inc. LLC v. Broadcom Corp.*, 878 F.3d 1364 (Fed. Cir. 2018) (en banc).

On June 24, 2019, the United States Supreme Court granted certiorari in *Dex Media, Inc. v. Click-to-Call* (No. 18-916), which directly addresses the continued viability of the *Wi-Fi One* holding.  (Liu Exs. A and B.)  The issue in *Dex Media* is "[w]hether 35 U.S.C. § 315(d) permits appeal of the PTAB's decision to institute an inter partes review upon finding that § 315(b)'s time bar did not apply."  (Liu Ex. B at i.)  If the Supreme Court determines that section 314(d) means what it says, it will reverse *Wi-Fi One* and the PTAB's cancellation of the '079 and '908 patent claims will be reinstated.

Because the Supreme Court will, less than one year from now, issue a decision that promises to simplify (and likely entirely dispose of) this case, a stay is appropriate.  A stay does not harm Power Integrations, since this is a damages-only retrial and Power Integrations seeks no injunctive or declaratory relief.  Harm, if any, caused by the delay is fully compensable.  Denying a stay, on the other hand, is likely to impose hardship, inequity, and needless expense on Fairchild and the Court.  Fairchild has expended significant time and money defending against Power Integrations' unreasonable damages claims *twice* in this Court as well as on appeal.  Forcing Fairchild to undertake—and this Court to hear—yet another damages retrial that could soon be undone by the stroke of the Supreme Court's pen does not serve the interest of "economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (Cardozo, J.).

## II.    BACKGROUND

On November 4, 2009, Power Integrations sued Fairchild for infringement of certain claims of the '079 patent.  On November 18, 2015, ON Semiconductor entered into an agreement to merge with Fairchild.  On March 29, 2016, before the merger was consummated, ON Semiconductor filed an IPR challenging the asserted claims of the '079 patent.  The Fairchild-ON Semiconductor merger closed several months later on September 19, 2016.  The PTAB instituted ON Semiconductor's IPR several days after that on September 23, 2016.  ON Semiconductor also filed an IPR challenging the asserted claims of the '908 patent, which was instituted on October 31, 2016.

Power Integrations challenged the PTAB's decisions to institute based on 35 U.S.C. § 315(b), which provides that "[a]n inter partes review may not be *instituted* if the petition requesting the proceeding is *filed* more than 1 year after the date on which the petitioner . . . is served with a complaint alleging infringement of the patent."  (Emphases added.)  Because Fairchild had been served with a complaint on the '079 and '908 patents several years prior, and because Fairchild and ON Semiconductor were in privity when the IPR was *instituted*, Power Integrations argued that Fairchild's petition was not timely filed.

The PTAB disagreed.  It determined—as the statute makes clear—that the relevant time for assessing whether a third party is in privity with a petitioner is when "the petition requesting the proceeding was *filed*."  35 U.S.C. § 315(b).  (*See* Liu Ex. C at 14.)  Because ON Semiconductor was not in privity with Fairchild when ON Semiconductor *filed* the IPR, the IPR petition was timely, and the IPR could proceed.  The PTAB then cancelled all asserted claims of the '079 patent, and also cancelled all asserted claims of the '908 patent in a parallel IPR proceeding.

Power Integrations appealed to the Federal Circuit, which reversed both PTAB decisions concerning the '079 and '908 patents, and held that that the relevant time for assessing whether a third party is in privity with an IPR petitioner is when the PTAB institutes the IPR.  *Power Integrations, Inc. v. Semiconductor Components Indus., LLC*, 926 F.3d 1306 (Fed. Cir. 2019).  As a consequence, the PTAB's cancellation of the '079 and '908 patent claims was reversed on

1    procedural, but not substantive, grounds.  As Fairchild noted in the June 28, 2019, Joint Notice of

2    Federal Circuit Decision, Fairchild believes that the Federal Circuit erred.  (D.I. 1085 at 4–5.)

3    ON Semiconductor, Fairchild's parent, intends to seek *en banc* review. (*Id.*)

4        Fairchild's motion to stay rests on different but related grounds.[2]  After the Federal

5    Circuit's decision, the United States Supreme Court granted a petition for certiorari in *Dex Media,*

6    *Inc. v. Click-to-Call* on a question that could, in fairly short order, lead to the disposition of the

7    asserted '079 patent claims entirely.

8        Power Integrations appealed the PTAB's decision that ON Semiconductor's petition was

9    timely despite plain statutory language that the PTAB's determination "whether to institute an

10   inter partes review under this section shall be *final and nonappealable*."  35 U.S.C. § 314(d)

11   (emphasis added).  Power Integrations' appeal was possible only because the Federal Circuit had

12   previously held, in a fractured opinion, that the bar on judicial review of institution decisions in §

13   314(d) does not apply to timeliness determinations made under § 315(b).  *Wi-Fi One, Inc. LLC v.*

14   *Broadcom Corp.*, 878 F.3d 1364 (Fed. Cir. 2018) (en banc).  The Federal Circuit did so despite

15   clear statutory language otherwise and despite Congressional intent to "establish a more efficient

16   and streamlined patent system that will improve patent quality and limit unnecessary and

17   counterproductive litigation costs" and "to create a timely, cost-effective alternative to litigation."

18   *Changes to Implement Inter Partes Review Proceedings, Post-Grant Review Proceedings, and*

19   *Transitional Program for Covered Business Method Patents*, 77 Fed. Reg. 157 at 48680-82 (Aug.

20   14, 2012) (to be codified at 37 C.F.R. § 42.100 *et seq*).

21       The *Dex Media* case, which the Supreme Court will hear and decide this term, squarely

22   addresses the continued validity of *Wi-Fi One*'s holding.  The Supreme Court granted review on

23   "[w]hether 35 U.S.C. § 314(d) permits appeal of the PTAB's decision to institute an inter partes

24   review upon finding that § 315(b)'s time bar did not apply."  *See* Liu Decl. Exs. A and B (cert.

25

26   [2] As previewed in the Joint Notice, ON Semiconductor has now petitioned for *en banc* review in
     *Power Integrations, Inc. v. Semiconductor Components Indus., LLC*, 926 F.3d 1306 (Fed. Cir.
27   2019) by July 29, 2019.  (D.I. 1085 at 4–5.)  That, however, is not the basis for this motion.  If the
     Federal Circuit does grant rehearing *en banc*, Fairchild reserves the right to add the *en banc*
28   rehearing as an additional, independent ground for a stay.

1    granted June 24, 2019).  If the Supreme Court finds that the PTAB's section 315(b)'s

2    determination is "final and nonappealable," the Federal Circuit's vacatur of the IPR proceedings

3    concerning the '079 and '908 patents will be set aside, which will very likely lead to the

4    reinstatement of the PTAB's cancellation of the asserted claims of the '079 and '908 patents.

5    **III.    ARGUMENT**

6    **A.    Governing Law**

7    "[T]he power to stay proceedings is incidental to the power inherent in every court to

8    control the disposition of the causes on its docket with economy of time and effort for itself, for

9    counsel, and for litigants."  *Landis*, 299 U.S. at 254.  This power includes the discretion to grant

10   stays "pending resolution of independent proceedings which bear upon the case."  *Leyva v.*

11   *Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979); *see also Gustavson v. Mars,*

12   *Inc.*, Case No. 13-cv-04537-LHK, 2014 WL 6986421, at *2 n.2 (N.D. Cal. Dec. 10, 2014) (where

13   "a party seeks to stay a civil proceeding pending resolution of another civil proceeding,

14   the *Landis* factors apply.")  Moreover, "[t]his rule applies whether the separate proceedings are

15   judicial, administrative, or arbitral in character, and does not require that the issues in such

16   proceedings are necessarily controlling of the action before the court."  *Leyva*, 593 F.2d at 863–

17   64 (citations omitted).

18   The inherent power of district courts to grant stays "calls for the exercise of sound

19   discretion," by which a court must weigh the competing interests of the parties that would be

20   affected by a grant or denial of a stay.  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962);

21   *accord Landis*, 299 U.S. at 254–55.  The Ninth Circuit has identified three competing interests for

22   the district court to consider: (1) "the possible damage which may result from the granting of

23   a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward,"

24   and (3) "the orderly course of justice measured in terms of the simplifying or complicating of

25   issues, proof, and questions of law which could be expected to result from a stay."  *Lockyer v.*

26   *Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citation omitted).  Every one of these

27   interests weighs in favor of a stay.

28

## B.    A Stay Will Not Damage Power Integrations

This is a damages-only retrial and Power Integrations seeks no injunctive or declaratory relief. (S*ee, e.g.*, D.I. 1085 at 2 (there is "nothing left to resolve but damages in this case").) Thus, granting a stay imposes no damage on Power Integrations since any delay is compensable. *See, e.g.*, *Lockyer*, 398 F.3d at 1110 (non-movant seeking no injunctive or declaratory relief suffers no harm because stay "would result, at worst, in a delay in monetary recovery") (referencing *CMAX*, 300 F.2d at 268–69).  Compare this, for instance, to *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, which found a "'fair possibility' of damage" where a stay would force the non-movant to arbitrate in England "when it remains unclear whether [the non-movant] even agreed to arbitrate and where [the English court] has already levied legal and equitable penalties against it."  498 F.3d 1059, 1066 (9th Cir. 2007).  Power Integrations' position is not comparable.  If the '079 patent ultimately survives, Power Integrations will again get its day in court to try its damages case.

While Power Integrations will undoubtedly complain about the time it has taken to collect damages, the blame for that falls squarely on its own shoulders.  Power Integrations has *twice* presented overly aggressive damages positions.  (*See* D.I. 666 (2014 order granting Fairchild's motion for reconsideration on damages), D.I. 1075, 1078 (Federal Circuit award vacating damages award).)  If this case were to proceed to retrial it would be the *third* time this Court has addressed damages.  Had Power Integrations (and its experts) followed black-letter apportionment and damages law instead of attempting to improperly inflate damages, it could have saved the parties, this Court, and the court of appeals a great deal of time, expense, and effort.

In any event, the stay that Fairchild seeks will conclude within a reasonable time.  The Supreme Court will issue its opinion in less than a year and could act much faster.  *See Leyva*, 593 F.2d at 864 ("stay should not be granted unless it appears likely the other proceedings will be concluded with a reasonable time in relation to the urgency of the claims presented to the court").  Given the history of this case—including Power Integrations' prior damages positions—there is

1   no downside but plenty of upside to waiting less than a year for the Supreme Court's decision

2   before redoing damages for a third time.[3]

### C.   Denying A Stay Is Likely To Impose Hardship And Inequity On Fairchild

Fairchild has expended significant time and money defending against Power Integrations' unsustainable damages claims *twice* in this Court and also on appeal.  Forcing Fairchild to undertake yet another damages retrial that could be undone by the stroke of the Supreme Court's pen will impose hardship, inequity, and needless expense on Fairchild.  This is especially true because Power Integrations has done nothing to assure Fairchild or this Court that it will take a more reasonable position this time round: "Damages," it recently told the Court, "are enormous." (D.I. 1085 at 4.)

### D.   A Stay Is Likely To Simplify Issues, Proof, And Questions Of Law

There can be no dispute that the Supreme Court's *Dex Media* decision is likely to simplify the issues, proof, and questions of law.  If the Supreme Court finds for Dex Media—as it should—the Federal Circuit's *WiFi-One* decision will be vacated in relevant part, likely reinstating the PTAB's cancellation of the '079 and '908 patent claims.

Power Integrations' position that this Court should blindly charge ahead is curious.  (*See* D.I. 1085 at 2–4.)  Just last year, Power Integrations asked Judge Leonard Stark to stay C.A. No. 04-1371-LPS (D. Del.) "to minimize the burden on the Court and the parties and to take account of the Supreme Court's opinion this term in the case *WesternGeco LLC v. ION Geophysical Corp.*, which is likely to have a significant impact on this case. . . . This past Friday, the Supreme Court granted cert."  (Jt. Status Report at 1, *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, No. 1:04-cv-01371-LPS (D. Del. Jan.19, 2018), D.I. 966)  In that case, Power Integrations argued that "Fairchild's argument is premised fundamentally on the assumption that the Federal Circuit's analysis and decision is correct.  If the Supreme Court decides in *WesternGeco* that it was not, the Federal Circuit decision will be vacated and the issues will have

---

[3] While it is certain that the Supreme Court will issue its opinion by June 2020, it is also possible that it will do so much sooner given that briefing will be complete by year's end.

1  be to reconsidered anew." (*Id.* at 1–2.)  So too here—but more: cancellation of the '079 and '908

2  patent claims will  eliminate this case entirely.

3        In any event, the cases that Power Integrations cites in the Joint Notice of Federal Circuit

4  Decision do not, as Power Integrations implies, divest this Court of the power to enter a stay

5  when a court of appeals has spoken.  (D.I. 1085 at 3 (citing *Yong v. INS*, 208 F.3d 1116, 1119 n.2

6  (9th Cir. 2000) and *United States v. Cortez-Ruiz*, 225 F. Supp. 3d 1093, 1105–06 (N.D. Cal.

7  2016).)  Rather, those cases stand for the proposition that a district court may not refrain from

8  applying a court of appeal's ruling in the hope that the Supreme Court will issue a different

9  ruling—to wit: "[O]nce a federal circuit court issues a decision, the district courts within that

10  circuit are bound to follow it and have no authority to await a ruling by the Supreme Court before

11  applying the circuit court's decision as binding authority."  *Yong*, 208 F.3d at 1119 n.2.  Those

12  cases do not overturn or even disagree with *Landis*, which holds that a district court has

13  discretionary power to stay its own proceedings.  *Landis*, 299 U.S. at 254; *accord Lockyer*,

14  398 F.3d at 1109 ("district court has discretionary power to stay proceedings in its own court").

15  Indeed, the *Yong* decision that Power Integration relies on itself applies the *Landis* framework to

16  determine whether a stay was warranted.  *Yong*, 208 F.3d at 1119–20.

17        To the extent Power Integrations intends to rely on the dispositions in *Yong* and *Cortez-*

18  *Ruiz*, it is significant that *Yong* is a habeas corpus case and *Cortez-Ruiz* a motion to dismiss a

19  felony indictment.  The possible harm of a stay to the non-movants in those cases—

20  imprisonment—is not even remotely comparable to damages, if any, for patent infringement.

21  Indeed, the *Yong* court specifically noted that "habeas proceedings implicate special

22  considerations that place unique limits on a district court's authority to stay a case in the interests

23  of judicial economy."  *Yong*, 208 F.3d at 1120.  Those limits, or anything comparable, do not

24  apply here.

25      **IV.**    **CONCLUSION**

26        For the foregoing reasons, the Court should stay this case pending the Supreme Court's

27  *Dex Media* decision.

28

1   Dated:  August 2, 2019                          MORRISON & FOERSTER LLP

2

3                                                   By:   /s/ Colette Reiner Mayer
                                                          COLETTE REINER MAYER
4
                                                    Attorneys for Defendants
5                                                   FAIRCHILD SEMICONDUCTOR
                                                    INTERNATIONAL, INC., FAIRCHILD
6                                                   SEMICONDUCTOR CORPORATION, and
                                                    FAIRCHILD (TAIWAN) CORPORATION
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28